FILED - USDC -NH
2026 MAR 25 AM9:43

**NOTICE OF FILING OF NOTICE OF REMOVAL**

**Randall Collier**

26 Joslin Rd

Surry, NH 03431

603-803-2648

Pro Se, Sui Juris

# NEW HAMPSHIRE DISTRICT COURT

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1443 — Civil Rights Cases

Filed: March 25, 2026

## I. CASES SUBJECT TO REMOVAL

1. Randall Collier, pro se and sui juris, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1443, removing the following cases from the New Hampshire state courts to the United States District Court for the District of New Hampshire:

*A. 8th Circuit Court Cases*

    **i.** Case Number 649-2025-DM-00255

    **ii.** Case Number 449-2025-CR-00776

    **iii.** Case Number 449-2025-CR-01147

*B. 4th Circuit Court Cases*

    **i.** Case Number 650-2013-DM-10

    **ii.** Case Number 650-2013-DV-16

## NOTICE OF FILING OF NOTICE OF REMOVAL

### C. Cheshire Superior Court Cases

    **i.** Case Number 213-2025-CR-00431

    **ii.** Case Number 213-2026-CR-00021

### D. NH Supreme Court Denials (March 24, 2026)

    **i.** NH Supreme Court Case Number 2025-0423

    **ii.** NH Supreme Court Case Number 2026-0122

**NOTICE OF FILING OF NOTICE OF REMOVAL**

# TABLE OF CONTENTS

P.1,2 NH State Cases

P3 Table of Contents

P4 Statutory Basis

P5 Gounds, Denials

P6 Denials

P7,8,9 Structural Deficiencies

P10,11,12, Title 4 Scheme

P13 Violations

P14 Prosecutorial Misconduct

P15,16,17 foundation case law

P18 Administration can't overrule Constitutional Rights

NOTICE OF FILING OF NOTICE OF REMOVAL

## II. STATUTORY BASIS FOR REMOVAL

**2.** This removal is filed pursuant to 28 U.S.C. § 1443, which provides:

> *"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."* — 28 U.S.C. § 1443

**3.** Removal is necessitated by the following systemic failures within the New Hampshire state court system: conflicted judicial testimonies; conflicting state statutes; criminal statutes deployed in civil litigation without supporting evidence; evidentiary rules that are selectively ignored; and the demonstrated ability of state judicial officers to waive any procedural rule at any time, rendering constitutional protections illusory.

<u>28 U.S.C. § 1443</u>

NOTICE OF FILING OF NOTICE OF REMOVAL

## III. GROUNDS FOR REMOVAL — CRISIS OF CONFIDENCE IN THE NH JUDICIARY

### A. Legislative Investigation of NH Supreme Court Maladministration

**4.** On February 11, 2026, the NH House Judiciary Committee heard testimony on HR38 — a resolution directing the committee to investigate whether maladministration has occurred at the highest levels of the New Hampshire Supreme Court.

**5.** Rep. Katelyn Kuttab, for the Minority of the House Judiciary Committee, stated:

> *"This resolution authorizes and directs the House Judiciary Committee to investigate whether there are grounds for impeaching Chief Justice Gordon J. MacDonald and/or any other justice of the New Hampshire Supreme Court. The investigation would be based on the testimony and evidence that was presented to the committee, and any new information arising from the committee's investigation. A minority of the committee believes there is a sufficient probability that the burden of probable cause for maladministration would be met in an investigation, warranting an investigation into Chief Justice MacDonald and/or any other justice of the New Hampshire Supreme Court. Documented contradictions from justices in testimony, unresolved ethical questions regarding a substantial court employee payout, and governance failures have eroded public confidence in the Supreme Court, necessitating a legislative investigation."* — Rep. Katelyn Kuttab, House Judiciary Committee Minority, HR38 Hearing (Feb. 11, 2026)

### B. NH Supreme Court Denial of Appeals

**6.** On March 24, 2026, the NH Supreme Court denied both of Petitioner's appeals — Case Numbers 2025-0423 and 2025-0122 — despite documented constitutional violations including:

**a.** Unconstitutional child support orders issued without a signed and agreed-upon contract by all parties, in violation of the Statute of Frauds;

**b.** Procedural and substantive due process violations under the Fifth and Fourteenth Amendments;

**c.** Criminal statute protective orders issued without supporting evidence through civil litigation;

**d.** Child custody interference amounting to kidnapping;

**e.** Extortion, peonage, and oppression under color of law.

Page 5

## NOTICE OF FILING OF NOTICE OF REMOVAL

7. NH Supreme Court Case 2026-0122 contains the NH State Plan, the Judicial and Executive Branch Memorandum of Understanding, and The Families Act — each of which violates the Separation of Powers doctrine.

Separation of Powers — Congressional Research

NOTICE OF FILING OF NOTICE OF REMOVAL

## IV. NH CIRCUIT COURT STRUCTURAL DEFICIENCIES

### A. Administrative Referees Are Not Constitutional Judges

**8.** The NH Supreme Court permits circuit courts to utilize lawyers to hear cases and style them as "judges." These individuals are in fact administrative referees appointed under NH RSA 490-F:15. By state statute, they have no power to enforce orders. See NH RSA 493-A:1-a.

**9.** NH RSA 493-A:1-a requires that all recommendations from judicial referees be approved by a justice in regular or senior active service of the assigned court. The approving judge must certify that they have reviewed the recommendations and that the referee applied the correct legal standard.

**10.** NH RSA 490-D:9 provides: All recommendations of marital masters shall be signed by a judge. The judge signing such recommendations shall certify that he or she has read the recommendations and agrees that the marital master has applied the correct legal standard to the facts determined by the marital master.

**11.** In a 2007 Opinion, the NH Supreme Court confirmed that marital masters have no power to enforce. See also SB 112.

**12.** The administrative nature of these tribunals is further confirmed by the NH Courts' own website, which states that child support cases may be heard by a Child Support Hearings Officer, sometimes called a Child Support Referee, who is a lawyer appointed by the Family Division Administrative Judge, pursuant to RSA 490-F:15.

NH Courts — Child Support Hearings Officer

**13.** On January 17, 2024, during a House Judiciary Committee meeting, NH State Rep. Smith, Co-chair of the Judiciary Committee, asked General Counsel Erin Kregan: "Is the Supreme Court the only Constitutional Court in NH?" The General Counsel responded: "Superior Court is also a constitutionally created court." Rep. Smith then asked: "What about Circuit Court?" The General Counsel's response: "Circuit Courts were made by statute."

**14.** A court created by statute is not a constitutional court. It is an administrative body operating under legislative authorization. The distinction is dispositive: statutory courts do not possess inherent judicial power and cannot adjudicate fundamental constitutional rights without constitutional safeguards.

House Judiciary (01/17/2024)

### B. Rules of Evidence Do Not Apply

**15.** NH Circuit Court Family Division Rule 2.2 provides that "Rules of Evidence do not apply in Domestic Violence or Parenting Cases."

NOTICE OF FILING OF NOTICE OF REMOVAL

16. Michael Garner's testimony to the NH Legislature on March 28, 2023, confirmed this practice. Garner stated that the rules of evidence do not apply in DV or Family Cases due to no trial by jury in these circuit courts, and that "What we hope to be is the gatekeeper for reliable information."

17. In a written Order dated April 2024, Case Number 650-2013-DV-16, page 6, Michael Garner stated: "Rules of evidence do not apply and did not apply to the orders Mr. Collier seeks to vacate. The standard of proof is a preponderance of evidence rather than proof beyond a reasonable doubt. The Hearings complied with Due Process."

18. This directly contradicts the statement of the Chairman of the House Judiciary Committee and retired NH Supreme Court Justice Robert Lynn, who stated on March 12, 2025: "Preponderance of Evidence can only come from a legal proceeding and not through civil litigation." This was in response to a bill on NH RSA 173-B referencing sexual abuse.

19. Chairman Lynn's statement directly contradicts Michael Garner's written Order and testimony. Petitioner is being charged under the very statute at issue.

20. The American Bar Association defines Rules of Evidence as: "Standards governing whether evidence in a civil or criminal case is admissible." Ignoring these rules makes evidence inadmissible. Evidence must be admissible, reliable, complete, authentic, and believable.

21. On April 2, 2024, during the House Special Committee on the Family Division of the Circuit Court, NH General Counsel Erin Kregan stated: "Civil court is for the plaintiff to vindicate their rights, and in criminal court the burden of proof is much higher, the rights of the defendant are protected. Civil sanctions are not meant to be punitive; they are intended for the plaintiff to vindicate their rights."

22. Rights cannot be vindicated in a court that refuses to apply the rules of evidence. This is axiomatic.

House Special Committee (05/02/23)

House Special Committee (05/16/23)

House Special Committee (04/02/2024)

NH HB499 — Rules of Evidence in Family Cases

## C. Orders Lack Required Judicial Signatures

23. Orders issued by the NH Circuit Court Family Division are routinely issued without the required judicial signatures mandated by NH RSA 490-D:9 and NH RSA 493-A:1-a. Administrative referees rubber-stamp orders and issue them as enforceable judicial orders without a constitutionally empowered judge ever reviewing, certifying, or signing them.

24. An order without proper judicial signature is void ab initio. It is not a judicial act; it is an administrative recommendation masquerading as judicial authority.

Case 1:26-cv-00226-SM-TSM    Document 1    Filed 03/26/26    Page 9 of 19

**NOTICE OF FILING OF NOTICE OF REMOVAL**

NOTICE OF FILING OF NOTICE OF REMOVAL

# V. THE UNCONSTITUTIONALITY OF THE TITLE IV-D SCHEME

## A. Title IV-D Creates an Unconstitutional Administrative Tribunal

25. The federal Office of Child Support Services/Enforcement is an administrative tribunal and process that pays the judicial branch to ignore civil rights in violation of the Separation of Powers. 42 U.S.C. § 666(b) authorizes enforcement of arrearages WITHOUT THE NEED FOR A JUDICIAL OR ADMINISTRATIVE HEARING — a direct violation of the Separation of Powers doctrine and the Due Process Clauses of the Fifth and Fourteenth Amendments.

26. The Minnesota Supreme Court confirmed this constitutional violation in Holmberg v. Holmberg, 588 N.W.2d 720 (Minn. 1999), holding that the statutory administrative child support process violated the Separation of Powers provision by unconstitutionally impinging on the powers of the judiciary, permitting executive branch members to practice law, and allowing administrative law judges to modify district court support orders. The statute was declared UNCONSTITUTIONAL. The decision was upheld. See also State v. Schwartz (2000), holding the administrative child support process violates separation of powers and is unconstitutional.

27. The agencies in charge of Title IV-D are all administrative — which is in the executive branch. 31 U.S.C. § 103 defines "Executive agency" as executive branch. Judges are not supposed to participate in these cases. It is a violation of the Separation of Powers for an executive agency to operate in a judicial capacity or for a judge to hear an administrative hearing.

28. Title IV-D is subject to the Statute of Frauds, which requires a SIGNED WRITING in the following circumstances: Contracts in consideration of marriage (including prenuptial agreements), and contracts that cannot be performed within one year (such as 45 C.F.R. § 302.34 Cooperative Arrangements).

29. The legislature cannot confer upon ministerial boards like Title IV-D the power to punish contempts. Langenberg v. Decker, 131 Ind. 471, 31 N.E. 190 (Ind. 1892). A judge ceases to sit as a judicial officer when administering statutes, because the governing principles of administrative law provide that courts are prohibited from substituting their evidence, testimony, record, arguments, and rationale for that of the agency. American Iron and Steel v. United States, 568 F.2d 284.

## B. Jarkesy, Axon, and Loper Bright — The Constitutional Framework

### i. SEC v. Jarkesy, 603 U.S. 109 (2024) — Private Rights Demand Article III

30. The Supreme Court held that administrative tribunals may not adjudicate claims resembling common law actions where civil penalties are sought. The Seventh Amendment right to a

jury trial cannot be eliminated merely by relabeling the cause of action and placing jurisdiction in an administrative agency.

31. Justice Gorsuch stated during oral arguments: "We don't usually say the government can avoid a constitutional mandate merely by relabeling or moving things around. It's as much a violation to do something indirectly as it is directly."

32. This principle applies directly to the Title IV-D scheme, which "relabels" property seizure proceedings as administrative "support enforcement" while adjudicating core private property rights without a jury.

33. Justice Gorsuch referenced Noah Webster's definition of a "suit" as "any action or process for the recovery of a right or a claim before any tribunal," establishing that child support proceedings constitute "suits at common law" requiring jury trials under the Seventh Amendment.

34. Justice Gorsuch further warned: "There are arguments to be made that there are attempts to create processes that are deeply unfair and obviously so in order to retain the property for the coffers of the state." Culley v. Marshall, 601 U.S. 377 (2024) (Gorsuch, J., concurring).

35. Justice Gorsuch stated: "In this Nation, the right to a jury trial before the government may take life, liberty, or property has always been the rule." Culley v. Marshall, 601 U.S. 377 (2024).

SEC v. Jarkesy

### ii. Axon Enterprise v. FTC, 598 U.S. 175 (2023) — Citizens Need Not Exhaust Remedies

36. The Supreme Court held that structural constitutional challenges — those attacking the authority or composition of an administrative body — fall outside the scope of agency-administered statutes and may proceed directly in federal district court without exhausting administrative remedies.

37. Petitioner's challenge to the NH Circuit Court Family Division as an unconstitutional administrative tribunal adjudicating private rights is precisely the type of structural challenge Axon permits.

### iii. Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024) — Chevron Is Dead

38. Loper Bright overruled Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). Courts must now exercise independent judgment in determining whether an agency has acted within its statutory authority, applying de novo review to questions of statutory interpretation.

39. This eliminates the ability of the NH family court system or the federal Title IV-D apparatus to claim deference for its interpretation of statutory requirements. All agency actions are now subject to full judicial scrutiny.

## NOTICE OF FILING OF NOTICE OF REMOVAL

<u>Loper Bright — Analysis</u>

<u>Chevron Deference — Cornell Law</u>

NOTICE OF FILING OF NOTICE OF REMOVAL

# VI. DUE PROCESS AND CONSTITUTIONAL VIOLATIONS

## A. NH Constitutional Protections

40. NH Constitution, Article 15 provides: No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse or furnish evidence against himself. Every subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and to be fully heard in his defense, by himself, and counsel.

41. Article 15 further provides: No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land.

## B. Federal Constitutional Protections

42. The Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to direct the care, upbringing, and education of their children. Washington v. Glucksberg, 521 U.S. 702 (1997).

43. The liberty interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by the Court. Troxel v. Granville, 530 U.S. 57, 65–66 (2000).

44. A constitutional right cannot be converted into a crime. Miranda v. Arizona, 384 U.S. 436 (1966). No state can convert a right into a privilege and issue a fee for it. Murdock v. Pennsylvania, 319 U.S. 105 (1943).

## C. Separation of Powers — Judicial Immunity Does Not Override the Constitution

45. Article III and the Separation of Powers doctrine: Nothing in the Constitution places judges above the law. Judges were designed to interpret laws, not to escape them.

46. The Due Process Clause (5th and 14th Amendments): If a judge can violate rights without consequence, it undermines due process.

47. The Equal Protection Clause: Judicial immunity shields discriminatory acts and leaves victims without a remedy.

48. The Founders designed three co-equal branches. When judges shield themselves from accountability, they break the balance of checks and balances that the Constitution demands.

NOTICE OF FILING OF NOTICE OF REMOVAL

## VII. PROSECUTORIAL MISCONDUCT

**49.** Prosecutorial misconduct is documented across both NH Supreme Court Cases 2025-0423 and 2026-0122, including but not limited to:

**a.** Criminal statutes used as weapons in civil litigation without the evidentiary standard required for criminal proceedings;

**b.** Protective orders issued under criminal statutes (NH RSA 173-B) without supporting evidence, through civil litigation proceedings where rules of evidence do not apply;

**c.** Conflicted testimonies between judicial officers and legislative testimony, as documented in the contradictions between Michael Garner's orders and Chairman Robert Lynn's floor statements;

**d.** Orders issued without required judicial signatures in violation of NH RSA 490-D:9 and NH RSA 493-A:1-a;

**e.** Child support orders enforced without signed contracts by all parties, in violation of the Statute of Frauds;

**f.** Selective application of evidentiary rules designed to prejudice the outcome against the defendant.

NOTICE OF FILING OF NOTICE OF REMOVAL

## VIII. FOUNDATIONAL CONSTITUTIONAL AND CASE LAW AUTHORITY

### A. Supremacy Clause and Void Acts

50. U.S. Constitution, Article VI: This Constitution, and the laws of the United States which shall be made in pursuance thereof, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

51. Marbury v. Madison, 5 U.S. (2 Cranch) 137, 180 (1803): A law repugnant to the Constitution is void. All laws, rules, and practices which are repugnant to the Constitution are null and void.

52. Norton v. Shelby County, 118 U.S. 425, 442 (1886): An unconstitutional act is not law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is in legal contemplation as inoperative as though it had never been passed.

53. Cooper v. Aaron, 358 U.S. 1 (1958): States must obey the decisions of the Supreme Court and cannot refuse to follow them.

### B. Article III Judicial Power

54. Marbury v. Madison, 5 U.S. 137 (1803): Chief Justice Marshall: "It is emphatically the province and duty of the judicial department to say what the law is."

55. Murray's Lessee v. Hoboken Land, 59 U.S. 272 (1856): Justice Curtis: "Congress cannot withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty."

56. Northern Pipeline v. Marathon Pipe Line Co., 458 U.S. 50 (1982): Justice Brennan: "Article III courts retain the essential attributes of judicial power and Congress may not withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law."

57. Stern v. Marshall, 564 U.S. 462 (2011): Chief Justice Roberts: "The Framers crafted this provision to bar Congress from transferring judicial power to the other branches of the government."

58. Kilbourn v. Thompson, 103 U.S. 168 (1880): Justice Miller: "Legislative power does not extend to judicial functions. The branches of government must remain separate."

### C. Fundamental Parental Rights

59. Troxel v. Granville, 530 U.S. 57 (2000): The Supreme Court struck down the state statute as unconstitutional, finding it interfered with parents' rights to raise their children as they pleased. Justice O'Connor wrote for the majority that the liberty interest of parents in the

Page 15

NOTICE OF FILING OF NOTICE OF REMOVAL

care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests.

60. Santosky v. Kramer, 455 U.S. 745 (1982): New York's standard of fair preponderance of the evidence for the termination of parental rights violates the Due Process Clause of the Fourteenth Amendment. Before revoking parental rights, the State must satisfy a burden of at least clear and convincing evidence.

61. Social Security Act of 1935, § 1101(d): Nothing in this Act shall be construed as authorizing any Federal official, agent, or representative, in carrying out any of the provisions of this Act, to take charge of any child over the objection of either of the parents of such child, or of the person standing in loco parentis to such child.

62. The Adoption and Safe Families Act (ASFA), § 401: Nothing in this Act is intended to disrupt the family unnecessarily or to intrude inappropriately into family life, to prohibit the use of reasonable methods of parental discipline, or to prescribe a particular method of parenting.

## D. Rights Cannot Be Waived Without Knowing Consent

63. Poindexter v. Greenhow, 114 U.S. 270, 303 (1885); Brady v. U.S., 397 U.S. 742, 748 (1970): Waivers of Constitutional Rights must not only be voluntary; they must be knowingly intelligent acts done with sufficient awareness.

64. The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice. Davis v. Wechsler, 263 U.S. 22, 24; Stromberg v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449.

65. The State cannot diminish rights of the people. Hurtado v. California, 110 U.S. 516.

## E. Administrative Courts Cannot Override Constitutional Rights

66. Rodriques v. Ray Donavan (U.S. Department of Labor), 769 F.2d 1344, 1348 (1985): All codes, rules, and regulations are for government authorities only, not human/creators in accordance with God's laws. All codes, rules, and regulations are unconstitutional and lacking due process.

67. Thompson v. Smith, 154 S.E. 579, 583; Keller v. P.E., 261 U.S. 428; F.R.C. v. G.E., 281 U.S. 464: When acting to enforce a statute, the judge of the municipal court is acting as an administrative officer and not in a judicial capacity. Courts administering or enforcing statutes do not act judicially, but merely ministerially, as an extension and agent for the involved agency — in a ministerial and not a discretionary capacity.

68. 18 U.S.C. § 242 — Deprivation of Rights Under Color of Law: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of

**NOTICE OF FILING OF NOTICE OF REMOVAL**

the United States shall be fined or imprisoned. If bodily injury results, imprisonment of not more than ten years. If death results, or if acts include kidnapping or attempt to kidnap, imprisonment for any term of years or for life, or sentence of death.

## F. The Declaration of Independence — The Original Directive

69. Declaration of Independence (1776): Among the charges against King George III: "depriving us in many cases, of the benefits of Trial by Jury." The refusal to provide jury trial for adjudication of private rights was an enumerated justification for revolution. Those who continue this practice do so in defiance of the founding principle of the Republic.

70. U.S. Supreme Court: Self v. Rhay, 61 Wn.2d 261 — "Statutes are not the Law." A Court of Law proceeds according to the course of the common law, distinguished from a court of equity operating under statutes. Black's Law Dictionary, 4th Ed.

NOTICE OF FILING OF NOTICE OF REMOVAL

## IX. CONCLUSION AND DEMAND FOR RELIEF

71. The convergence of SEC v. Jarkesy, 603 U.S. 109 (2024), Axon Enterprise v. FTC, 598 U.S. 175 (2023), and Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), renders the Title IV-D administrative scheme unconstitutional as applied to the adjudication of private rights.

72. The NH Circuit Court Family Division, a court created by statute and not by the Constitution, operates as an unconstitutional administrative tribunal. Its officers are not constitutional judges. Its rules do not require admissible evidence. Its orders lack required judicial signatures. Its proceedings violate every protection afforded by the Fifth, Seventh, and Fourteenth Amendments.

73. The crisis of confidence in the NH judiciary — as documented by the HR38 investigation, the conflicted testimony of judicial officers, and the NH Supreme Court's refusal to address documented constitutional violations — establishes that Petitioner cannot enforce his civil rights in the courts of this State.

74. WHEREFORE, Petitioner demands:

   a. Removal of all cases identified in Section I to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1443;

   b. A declaration that the NH Circuit Court Family Division's Title IV-D proceedings are void ab initio for violation of the Seventh Amendment and Article III;

   c. A declaration that all orders issued without proper judicial signature under NH RSA 490-D:9 and NH RSA 493-A:1-a are void;

   d. Restoration of all property, rights, and liberties unlawfully taken through unconstitutional administrative proceedings;

   e. Such other and further relief as this Court deems just and proper.

---

## VERIFICATION

I, Randall Collier, verify that the statements made in this Notice of Removal are true and correct to the best of my knowledge, information, and belief. This verification is made subject to the penalties of 28 U.S.C. § 1746.


Date: _____

## NOTICE OF FILING OF NOTICE OF REMOVAL

_____

Randall Collier, Pro Se, Sui Juris

26 Joslin Rd

Surry, NH 03431

603-803-2648

_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _25_ day of _March_ , 2026, a true and correct copy of this Notice of Filing of Notice of Removal was served upon the following parties and courts by [certified mail / hand delivery / electronic filing]:

_[LIST ALL PARTIES, COURTS, AND ADDRESSES HERE]_

4th Circuit Family Court 26 Academy St Laconia, NH 03246

8th Circuit Family and District 33 Winter St. Keene, NH 03431

Cheshire Superior Court 33 Winter St Keene, NH 03431

NH Supreme Court 1 Charles Doe Drive, Concord, NH 03301

_____

Randall Collier

_____

### END OF DOCUMENT

_____