**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER

        v.                                 Case No. 26-cv-226-SM-TSM

STATE OF NEW HAMPSHIRE[1]

**REPORT AND RECOMMENDATION**

Before the court is pro se litigant Randall Collier's initial filing and an addendum to that filing (Doc. Nos. 1, 1-1), both entitled, "Notice of Removal." Appearing here in forma pauperis, Collier seeks to remove his state court cases and to obtain injunctive relief relating to those matters. Collier's "Notice of Removal" is before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). Also before this court is Collier's motion "to issue an immediate injunction and protective order against all State of New Hampshire actors, agents, law enforcement, circuit court referees, [and] executive administrators" (Doc. No. 4). The district judge referred that motion to the magistrate judge for a Report and Recommendation. Apr. 20, 2026 Order.

For the foregoing reasons, removal jurisdiction is absent, and a summary remand of each state case is warranted. The Rooker-Feldman doctrine and Younger abstention doctrine provide additional grounds for the district judge to deny Collier's motion for a preliminary injunction (Doc. No. 4). The Order issued on this date grants Collier thirty days to file an "Amended Complaint"

---

[1] The last page of Collier's "Notice of Removal" lists entities and people who appear to be participants in his state cases including the courts themselves. Those listed are: the N.H. Circuit Court, 4th Circuit, Family Division-Laconia; N.H. Circuit Court, 8th Circuit, Family Division-Keene and District Division-Keene; N.H. Superior Court, Cheshire County; New Hampshire Supreme Court ("NHSC"); Hillary May; Tarbell and Brodich P.A.; Attorney Duncan A. Edgar, N.H. Attorney General's Office; Attorney Dennis J. Thiverge, N.H. State Police; Attorney Kimberly A. Kossick, Cheshire County Attorney's Office; and Attorney Thomas M. Rogers. It is unclear whether Collier intends to name any of those people and entities as defendants here.

(not a removal notice), naming each party he intends to sue as a defendant in a federal civil rights action, if any, and stating the facts upon which he asserts federal claims for relief as well as the nature of the relief sought. This court may subject that Amended Complaint to further preliminary review, as appropriate, and for that reason, this R&R, if approved, will not end this case.

## BACKGROUND

Collier's state cases relate to child custody, child support, domestic violence, and protective orders. He is the defendant in state criminal cases involving charges that he violated a protective order. The Notice of Removal (Doc. No. 1) lists Collier's state proceedings, in which he is the defendant or respondent, as well as cases in which he is the petitioner or plaintiff.[2]

---

[2] The following is Collier's list of proceedings to be removed or enjoined, sorted by case type:

**New Hampshire Supreme Court Cases:**

- Collier v. 4th Cir. Ct. Fam. Div., No. 2025-0423 (N.H.) (Collier's appeal of Collier v. 4th Cir. Ct. Fam. Div., No. 213-2025-cv-00077 (N.H. Super., Cheshire Cty.));

- Petition of Collier, No. 2026-0122 (N.H.) (Collier's Rule 11 Petition for original jurisdiction seeking review of matters in State v. Collier, No. 213-2025-cr-00431 (N.H. Super., Cheshire Cty.); State v. Collier, No. 213-2026-cr-00021 (N.H. Super., Cheshire Cty.); State v. Collier, No. 449-2025-cr-00776 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene); State v. Collier, No. 449-2025-cr-01147 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene); In re State, May & Collier, No. 649-2025-dm-00255 (N.H. Cir. Ct., 8th Cir., Family Div.-Keene)).

**Proceedings in N.H. Circuit Courts, District and Family Divisions:**

- In the Matter of State, May & Collier, No. 649-2025-dm-00255 (N.H. Cir. Ct., 8th Cir., Family Div.-Keene);

- In the Matter of May & Collier, No. 650-2013-dm-00010 (N.H. Cir. Ct., 4th Cir., Family Div.- Laconia);

- In the Matter of May & Collier, No. 650-2013-dv-00016 (N.H. Cir. Ct., 4th Cir., Dist. Div.-Laconia).

Collier has been an active litigant in federal court relating to the same matters.  He filed three prior federal court cases in the District of New Hampshire seeking to enjoin or challenge state court orders issued in related state family court proceedings.  Those cases were dismissed for lack of jurisdiction and the immunity of the state judges, courts, and other defendants.  See Collier v. N.H. Cir. Ct., Fam. Div., No. 25-cv-036-SE-TSM, 2025 U.S. Dist. LEXIS 73260 (D.N.H. Mar. 24, 2025) (ECF No. 5), R&R approved, 2025 U.S. Dist. LEXIS 72762 (D.N.H. Apr. 16, 2025) (ECF No. 8) (dismissed for lack of jurisdiction); Collier v. Carrol, No. 24-cv-015-JL-AJ, 2024 WL 3239637, 2024 U.S. Dist. LEXIS 117733 (D.N.H. May 15, 2024) (ECF No. 13), R&R approved, 2024 WL 3226483, 2024 U.S. Dist. LEXIS 114028 (D.N.H., June 24, 2024) (ECF No. 16) (dismissed for lack of jurisdiction), aff'd, No. 24-1657 (1st Cir. Dec. 30, 2024) (affirmed on basis of Eleventh Amendment and judicial immunity); Jan. 31, 2023 Order, Collier v. Carrol, No. 22-cv-00162-LM (D.N.H.) (ECF No. 22) (dismissed based on Rooker-Feldman doctrine).

Collier presents similar claims here in a different way.  He seeks to remove his state cases to this court for further proceedings or equitable relief.  His Notice of Removal summarizes his reasons for seeking removal, as follows:

> Removal is necessitated by the following systemic failures within the New Hampshire state court system: conflicted judicial testimonies; conflicting state statutes; criminal statutes deployed in civil litigation without supporting evidence; evidentiary rules that are selectively ignored; and the demonstrated ability of state

---

**Criminal Matters in N.H. Superior Court or District Division Courts:**

- State v. Collier, No. 213-2025-cr-00431 (N.H. Super., Cheshire Cty.)  (appeal of State v. Collier, No. 449-2025-cr-00776 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene);

- State v. Collier, No. 213-2026-cr-00021 (N.H. Super., Cheshire Cty.) (appeal of State v. Collier, No. 449-2025-cr-01147 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene).

judicial officers to waive any procedural rule at any time, rendering constitutional protections illusory.

Notice of Removal (Doc. No. 1) at pg. 4.

## LEGAL STANDARD

### I.    Preliminary Review

This court screens the initial filings of plaintiffs and removal defendants who appear in federal court without prepaying the filing fee under LR 4.3(d) and 28 U.S.C. § 1915(e)(2).  The court may dismiss claims or cases sua sponte if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  This court construes Collier's pleadings liberally as they appear to have been prepared without a lawyer's assistance.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### II.    Screening of Removal Notices

Civil state cases removed to federal court may be summarily remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  Plazzi v. FedEx Ground Package Sys., Inc., 52 F.4th 1, 7–8 (1st Cir. 2022).

> In any case removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Id. (citing 28 U.S.C. § 1447(c)).

State criminal defendants may remove pending state prosecutions to federal court in very limited circumstances, as defined by federal statutes.  Whenever a state criminal defendant files a notice of removal, 28 U.S.C. § 1455(b)(4) specifically requires the federal court to examine the notice promptly and to remand summarily where the removal documents show that removal is not

4

proper:

> If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Id.  "The filing of a notice of removal of a criminal prosecution shall not prevent the State Court . . . from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded."  Id. § 1455(b)(3).

In general, the party "seeking to remove a case to the federal court has the burden of demonstrating the existence of federal jurisdiction," and "removal jurisdiction is strictly construed against" the removing party.  Massachusetts v. Azubuko, 616 F. Supp. 2d 174, 175 (D. Mass. 2009) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109 (1941)); BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., 132 F.3d 824, 831 (1st Cir.1997)).

### III.    Preliminary Injunction Standard

A party seeking preliminary injunctive relief must establish that "'he is likely to succeed on the .merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted).  The likelihood of success and irreparable harm are factors that weigh most heavily in the analysis.  See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

## DISCUSSION

### I.    Screening of Collier's Removal Notices for Jurisdictional Issues

#### A.  Removal under 28 U.S.C. § 1443

Collier cites  28 U.S.C. § 1443  as the statute authorizing the removal of his state

proceedings.  That statute provides, as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(1), (2).

"[R]emoval statute[s] should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action."  Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v. AstraZeneca PLC (In re Pharm. Indus. Average Wholesale Price Litig.), 431 F. Supp. 2d 109, 116 (D. Mass. 2006).  To remove a criminal prosecution under § 1443(1), the Supreme Court has held that the state court defendant must demonstrate both of the following: (1) "that the right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality," and (2) that the "specified federal rights" are denied or cannot be enforced "in the courts of [the] State."  Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks and citations omitted).

Collier's claims do not bring his state proceedings within the scope of removal jurisdiction under § 1443(1), which is limited to cases involving alleged violations of federal rights stated in terms of racial equality.  Collier seeks removal because of what he considers to be systemic failures in the New Hampshire state courts.  He does not allege, however, that such systemic failures subject him to racial discrimination; his claims are based on rights that are generally applicable, which do not provide grounds for removing a case to federal court under § 1443(1).  Johnson, 421

U.S. at 219 (citing City of Greenwood v. Peacock, 384 U.S. 808, 825 (1966)); see also Peltier v. Peltier, 548 F.2d 1083, 1083-84 & n.2 (1st Cir. 1977) (per curiam) (alleged sex discrimination in divorce proceedings did not authorize removal under § 1443(1)).  Collier's reliance on federal laws or rights of general applicability and his failure to allege any unlawful race discrimination in his state proceedings are patent deficiencies in his removal notices that warrant a summary remand, to the extent removal is based on § 1443(1).[3]

Section 1443(2) also fails to provide removal jurisdiction over Collier's cases.  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized

---

[3] The federal rights stated in Collier's Notice of Removal include the Seventh Amendment and the Fifth Amendment and Fourteenth Amendment rights to due process, which are not proper bases for removal under § 1443(1).  See Johnson, 421 U.S. at 219 (due process violations do not provide grounds for removal under § 1443(1)); State Farm Mut. Auto. Ins. Co. v. Baasch, 644 F.2d 94, 97 (2d Cir. 1981) (alleged violation of Seventh Amendment does not meet "limited criteria for invoking the civil rights removal statute").  His reference to the Equal Protection Clause in his Notice of Removal, in the absence of allegations of racial discrimination, also fails to provide grounds for removal under § 1443(1).  See Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001) ("broad assertions of violations of rights" under Equal Protection Clause or 42 U.S.C. § 1983 are insufficient to support removal).  Collier's citations to the Declaration of Independence; the separation of powers; the system of checks and balances, Article III, and the Supremacy Clause in Article IV of the U.S. Constitution are similarly unavailing.  See Cent. Mortg. Co. v. Laskos, 561 F. App'x 827, 829 (11th Cir. 2014) (Supremacy Clause); Coleman v. Mississippi, No. 3:25-cv-663-KHJ-MTP, 2025 WL 3899503, 2025 U.S. Dist. LEXIS 269516, at *4 (S.D. Miss. Dec. 17, 2025), R&R approved, 2026 WL 39303, at *1, 2026 U.S. Dist. LEXIS 1405, at *1 (S.D. Miss. Jan. 6, 2026) ("neither Article III, Section 2 of the United States Constitution, nor any of the federal statutes Coleman cites support this Court's [removal] jurisdiction over Coleman's [state criminal] case"); United States v. Leggett, No. 8:25-cv-2456-KKM-AEP, 2025 U.S. Dist. LEXIS 211815, at *2-3 (M.D. Fla. Oct. 28, 2025) (separation of powers); Socal Fund 1, LLC v. Jimenez-Ortiz, No. CV 12-4678 PSG (JCx), 2012 U.S. Dist. LEXIS 77418, at *2-3 (C.D. Cal. Jun. 1, 2012) (Declaration of Independence).  Collier's passing reference to 18 U.S.C. § 242, in the context of arguing why there should be no absolute immunity for judges, also fails to satisfy the first prong of § 1443(1); that federal criminal law does not create a private right of action, see Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989), and fails to support removal under § 1443(1) in the absence of any allegations of race discrimination.  See Port Austin v. Stapleton, 628 F. Supp. 3d 702, 705 (E.D. Mich. 2022); Florida v. Cave, No. 19-61830-CIV, 2019 WL 3302571, at *1, 2019 U.S. Dist. LEXIS 122645, at *2-3 (S.D. Fla. July 23, 2019).

to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Peacock, 384 U.S. at 824. Collier's Notice of Removal does not allege that he is a federal agent, state official, or other authorized person prosecuted for executing such duties. Id. & n.22. A summary remand of Collier's state prosecutions and civil cases is warranted, as removal jurisdiction is lacking under the federal removal statutes he cites.

B.  Removal under 28 U.S.C. § 1441(a)

Collier's citation to federal laws in his Notice of Removal further suggests an intent to remove his state civil cases under 28 U.S.C. § 1441(a), which allows a state court defendant to remove a pending state civil proceeding to federal court if the federal court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the removing defendant's burden to show that removal is proper. See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); see also Acosta–Ramírez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013).

Collier's filings, construed liberally, seek to invoke federal question jurisdiction under 28 U.S.C. § 1331 as grounds for removal. Under § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Id.

> To determine whether the claim [in a state case] arises under federal law, [federal courts] examine the "well pleaded" allegations of the [state court] complaint and ignore potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the [state court] plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.

Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003). In general, defendants cannot remove a plaintiff's state law claims to federal court based on any federal counterclaim or federal defense, including defenses anticipated in the state court plaintiff's pleadings. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 54 (2009); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

Turning to each of the state civil cases and NHSC matters Collier seeks to remove, this

court notes that Collier is the state court plaintiff in Collier v. 4th Cir. Ct. Fam. Div., No. 2025-0423 (N.H.). As Collier is not the defendant in that case, he plainly cannot establish any grounds for removal under § 1441(a). Cf. Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 442 (2019) ("the phrase 'the defendant or the defendants' in § 1441(a)" does not include third-party counterclaim defendants). Accordingly, a summary remand of that case is warranted.

Collier lists another NHSC case by docket number, Petition of Collier, No. 2026-0122 (N.H.), which is his Rule 11 petition seeking to invoke the NHSC's original jurisdiction under N.H. Sup. Ct. R. 11. The NHSC denied that Rule 11 petition on March 24, 2026. Even if Collier were not barred from removing that case simply by virtue of his identity as the NHSC petitioner, he could not remove that proceeding here for reasons stated elsewhere in this Report and Recommendation; the same criminal matters, family court proceedings, and state district court cases underlying that unsuccessful Rule 11 Petition are separately listed in his "Notice of Removal" here (Doc. No. 1). For reasons stated in this Report and Recommendation with respect to the absence of removal jurisdiction as to any of those underlying matters, Collier's attempt to remove his Rule 11 Petition is also unauthorized by any federal law. Accordingly, a summary remand of Case No. 2026-0122 is warranted for lack of removal jurisdiction.

The remaining state cases listed in Collier's Notice of Removal are family court matters involving child support, child custody, and a 2013 domestic violence/protective order proceeding. The claims in those cases appear to be based on state laws. See, e.g., RSA 173-B (domestic violence protective orders), 457 to 461-A (domestic relations, including child custody, child support, and enforcement). Collier has the burden of showing the existence of removal jurisdiction, and he has not filed any copies of any pleadings in those matters or otherwise demonstrated that the complaints initiating those proceedings assert federal claims. See Peltier,

9

548 F.2d at 1083 n.2 (no federal statutes appear to provide for removal jurisdiction over state law

divorce proceeding). As this court lacks grounds for concluding that the state court plaintiff's

claims in those cases involve federal issues that could provide grounds for removal, a summary

remand is warranted.

### II. <u>Preliminary Injunction</u>

#### A. <u>Injunctive Relief to Effect Removal</u>

Collier moves for injunctive relief (Doc. No. 4) to give effect to his notices of removal and

to prevent the state courts from taking further action in the cases listed in his notice of removal.

Because this court lacks removal jurisdiction over his claims, Collier has failed to make the

requisite showing of a likelihood of success on the merits of any of his claims. Accordingly, the

district judge should deny Collier's motion for preliminary injunctive relief (Doc. No. 4).

#### B. <u>Younger Abstention</u>

To the extent Collier seeks other forms of equitable relief in this case, including a request

that this court: declare that state court orders are void or voidable, enjoin the criminal prosecutions

currently pending in Cheshire County Superior Court and his child support enforcement

proceedings, and prevent the enforcement of any other state court orders to which he alludes in

Document Nos. 1, 1-1, and 4, his requests are unavailing. Under Younger v. Harris, 401 U.S. 37

(1971), federal courts must abstain from enjoining certain types of proceedings in state court,

absent extraordinary circumstances. <u>Younger</u> abstention applies in three types of state

proceedings: ongoing "(i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal

prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and

judgments of its courts.'" Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015).

(quoting Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)).  "Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."  Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).  When Younger applies, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive relief.  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976).

The Younger abstention doctrine squarely applies to Collier's criminal cases pending in Cheshire County Superior Court, to the ongoing child support enforcement proceedings where he is the target, and to any contempt proceedings or similar actions taken by the state judges to ensure compliance with court orders.   See Sobel v. Prudenti, 25 F. Supp. 3d 340, 355 (E.D.N.Y. 2014) (court abstained under Younger in case where parent claimed that rulings in state child support case violated rights to due process); Rogers v. N.H. Circuit Court, No. 16-cv-107-JL, 2016 WL 3919414, at *2, 2016 U.S. Dist. LEXIS 93961, at *4-7 (D.N.H. Jun. 3, 2016) (court abstained under Younger where parent claimed violations of due process rights in New Hampshire family court proceedings), R&R adopted, 2016 WL 3920169, 2016 U.S. Dist. LEXIS 93957 (D.N.H. July 18, 2016); see also Tahai v. Stanfill, No. 2:26-cv-00057-LEW, 2026 WL 1020634, at *1-2, 2026 U.S. Dist. LEXIS 82154, at *2 (D. Me. Apr. 15, 2026) (R&R) (Younger abstention applied where parent claimed that delays in state child custody proceedings deprived him of parental rights, and parent sought declaratory judgment stating that the delay violated due process as well as injunctions forcing state court to implement procedural safeguards).

The few extraordinary circumstances involving such cases where abstention is not required include state prosecutions brought in bad faith for purposes of harassment, cases in which the state

forum provides inadequate protection of federal rights, and cases where the statute at issue is "'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, 794 F.3d at 192 (citations omitted).  Nothing in the record here suggests any bad faith or harassment, or inadequacy of the state forums (including the New Hampshire Supreme Court) for assertion of Collier's federal claims, or any other extraordinary circumstances here, which could exempt his requests for equitable relief from abstention under Younger.  See generally Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern," and Court in that case was "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation.").  Plaintiff here has an adequate opportunity in the state courts to raise his federal claims, including his claims of due process violations and violations of other federal constitutional provisions, and he can seek further review of adverse orders in the NHSC and through a petition for certiorari review as appropriate.  See Rogers, 2016 WL 3919414, at *2, 2016 U.S. Dist. LEXIS 93961, at *7 ("family court has inherent power to control its proceedings and to issue orders for the purpose of ensuring that all parties have a full and fair opportunity to advance claims and defenses" (citing In re O'Neil, 159 N.H. 615, 622, 992 A.2d 672, 677 (2010))).  Evidence that the state courts have dismissed Collier's claims or denied his motions is not proof that the state proceedings are inadequate to protect his federal rights.  "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for Younger purposes."  Hansel v. Town Court, 56 F.3d 391, 394 (2d Cir. 1995).

> The fact that state . . . courts may reject (or have rejected) arguments on the merits
> . . . does not mean those courts have deprived a plaintiff of the opportunity to make
> the argument.  And, it is only where, for procedural or other reasons, the state courts

deprive the plaintiff of such an <u>opportunity</u> that <u>Younger</u> does not apply.  A party . . . may appeal its claim through the state system, eventually asking the United States Supreme Court to review the federal question that it believes the state erroneously decided; or, such a party, seeking a federal forum, may file its federal action before the state proceeding begins.  But, that party, already engaged in a state proceeding, cannot ordinarily obtain a hearing in federal court on its federal claim simply because it believes the state will reject the claim on the merits.

<u>Duty Free Shop, Inc. v. Admin. de Terrenos,</u> 889 F.2d 1181, 1183 (1st Cir. 1989) (citations omitted and emphasis in original).  Collier has failed to make the necessary showing of extraordinary circumstances that could allow this court to retain jurisdiction over his injunctive and declaratory relief claims at issue, rendering those claims the proper subject of <u>Younger</u> abstention.

### C.  *Rooker-Feldman* and 4th Circuit Family Court Claims

Not all the state proceedings Collier seeks to enjoin were pending before he filed this case. Collier filed this case after the NHSC affirmed the dismissal of Collier's Superior Court case against the 4th Circuit family court in Laconia, <u>see</u> <u>Collier v. 4th Cir. Ct. Fam. Div.</u>, No. 2025-0423 (N.H. Mar. 24, 2026) (affirming dismissal of <u>Collier v. 4th Cir. Ct., Fam. Div.</u>, No. 213-2025-cv-00077 (N.H. Super. Ct., Cheshire Cty.)).  In addition, Collier's domestic relations case litigated in family court in Laconia, underlying those proceedings, is also a closed case, <u>see</u> <u>In the Matter of May & Collier</u>, No. 650-2013-dm-00010 (N.H. Cir. Ct., 4th Cir., Family Div.- Laconia). That those cases were closed and the subject of state court judgments at the time he filed this case suggests an independent jurisdictional ground for denying relief, arising from the statutory authority of the U.S. Supreme Court, not this court, to review federal issues implicated by final judgments of the NHSC.

The <u>Rooker-Feldman</u> doctrine "prohibits federal [district] courts from adjudicating cases brought by state-court losing parties challenging state-court judgments" seeking federal district

court review and reversal of the state court judgment, Reed v. Goertz, 598 U.S. 230, 235 (2023). Rooker-Feldman does not preclude parties from reviewing independent federal claims, such as a challenge to the constitutionality of the state law that provides the rule of decision in the state cases. See Skinner v. Switzer, 562 U.S. 521, 532 (2011). Collier, however, does not appear to be asserting any independent claim that he did not already raise in the state court cases, and he plainly seeks to challenge collaterally and enjoin orders issued by the state courts. To the extent Collier seeks this court's review and reversal of the orders dismissing his claims in the Laconia family court cases, Collier's claims for relief here are barred by the Rooker-Feldman doctrine, and, accordingly, Collier may not obtain injunctive relief on those claims.

### III. **Preliminary Review of Claims Asserted by Collier**

Collier filed this case by filing a removal notice. He did not name defendants to his federal claims; rather, he listed all of the state courts, attorneys, and other participants in his state court cases as parties or entities who would receive notice of his removal documents. His decision not to structure his claims here in the form of a civil complaint naming specific defendants complicates this court's ability to subject his pleadings to preliminary review under LR 4.3(d) and 28 U.S.C. § 1915(e)(2). Accordingly, in the Order issued on this date, the court grants Collier thirty days to file an "Amended Complaint" (not a removal notice), naming each party he intends to sue as a defendant, if any, and stating the facts upon which he claims relief as well as the nature of the relief sought. This court may subject that Amended Complaint to preliminary review, as appropriate.

### CONCLUSION

For the foregoing reasons, the magistrate judge recommends as follows:

    (1)    The district judge should issue an Order of Remand, remanding

14

Collier's state cases listed in his Notice of Removal (Doc. Nos. 1, 1-1) to the State courts, pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1455(b)(4), and then the Clerk's Office of this Court must mail a certified copy of that Order of Remand to the Clerks of: the N.H. Supreme Court; the Cheshire County Superior Court; the N.H. Circuit Court, 8th Circuit, District Division-Keene and Family Division-Keene; and the N.H. Circuit Court, 4th Circuit, Family Division-Laconia; and

(2)     The district judge should deny Collier's motion for a preliminary injunction (Doc. No. 4).

(3)     Because the Order issued on the date of this Report and Recommendation provides Collier an opportunity to file an Amended Complaint, approval of this Report and Recommendation will not terminate this case, unless otherwise ordered by this court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 23, 2026

cc:     Randall Collier, pro se

15