FILED – USDC –NH
2026 APR 27 PM 1:27

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

## RANDALL COLLIER,

Sui Juris, Pro Se, All Rights Reserved

Plaintiff,

**v.**

Case No. 1:26-cv-00226-SM-TSM

## STATE OF NEW HAMPSHIRE, ET AL.,

Defendants.

---

# EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

---

## AND TEMPORARY RESTRAINING ORDER
## DIRECTED TO ARTICLE III DISTRICT JUDGE
### 28 U.S.C. § 636(b)(1)(A) | FED. R. CIV. P. 65

## THRESHOLD JURISDICTIONAL NOTICE

*"The agency is free to pursue all of its charges...*
*In a court, before a judge, and with a jury."*
— *Justice Gorsuch, Concurrence, SEC v. Jarkesy, 603 U.S. 109 (2024)*

**1.** This Motion for Preliminary Injunction is directed to the Article III District Judge pursuant to 28 U.S.C. § 636(b)(1)(A), which expressly excludes "a motion for injunctive relief" from the matters a magistrate judge may hear and determine. A Magistrate Judge may only issue a Report and Recommendation regarding injunctive relief. The Article III District Judge must decide.

**2.** Plaintiff has filed formal non-consent to magistrate jurisdiction over any dispositive matter in this case (see companion filing: Objections to R&R and Motion for Article III Adjudication). This Motion must be decided by the Article III District Judge.

## I. INTRODUCTION

**3.** Plaintiff Randall Collier moves this Court for a preliminary injunction and temporary restraining order pursuant to Fed. R. Civ. P. 65, enjoining all Defendants from further adjudication of Plaintiff's parental rights, custody, support obligations, and protective order matters through the New Hampshire Title IV-D administrative adjudication scheme pending resolution of this federal civil rights action on the merits.

**4.** Plaintiff's life, liberty, and property are at stake. When life, liberty, and property are at stake, strict scrutiny is the applicable standard. These are private rights that cannot be adjudicated by an administrative tribunal without Article III protections and trial by jury. *SEC v. Jarkesy*, 603 U.S. 109 (2024). The Chief Justice has spoken. Give it back. Those who continue to seize private rights through unconstitutional administrative proceedings after Jarkesy do so knowingly, willingly, and with malice.

## II. PRELIMINARY INJUNCTION STANDARD

**5.** Under *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008), a plaintiff seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent injunctive relief; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. All four factors are overwhelmingly satisfied here.

## III. LIKELIHOOD OF SUCCESS ON THE MERITS

**6.** Plaintiff's likelihood of success on the merits is established by three binding Supreme Court decisions that directly invalidate the Title IV-D administrative adjudication scheme:

### A. Jarkesy Destroys the Foundation

**7.** *SEC v. Jarkesy*, 603 U.S. 109 (2024), holds that the Seventh Amendment right to a jury trial attaches when the government seeks civil penalties for conduct traditionally adjudicated at common law. Private rights cannot be adjudicated without Article III protections. Child custody determinations are private parental rights protected by the Due Process Clause. *Troxel v. Granville*, 530 U.S. 57 (2000). Child support obligations are private property rights rooted in common law. The New Hampshire Family Division adjudicates both without jury trial, without rules of evidence (Judge Garner's admission, April 16, 2024 Order, p. 6), and through administrative referees operating under a Title IV-D federal revenue contract.

### B. Loper Bright Eliminates Deference

**8.** *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), overturned Chevron deference. Courts must exercise independent judgment on questions of law. No deference to

agency interpretations. The Family Division's rubber-stamping of BCSS administrative findings is constitutionally impermissible under Loper Bright.

## C. Axon Opens the Door to Federal Court

**9.** *Axon Enterprise, Inc. v. FTC,* 598 U.S. 175 (2023), holds that structural constitutional challenges to administrative adjudication schemes proceed directly in federal court without exhaustion of administrative remedies. This Court has jurisdiction to enjoin the Title IV-D scheme's continued operation against Plaintiff.

## D. The Doctrine of Two Contracts

**10.** The New Hampshire Title IV-D State Plan (cooperative agreement, dated March 15, 2023) contains the same internal contradiction documented in the Pennsylvania Title IV-D Cooperative Agreement (Franklin County, 2020-2025, Grant No. 4100053448): Section 1.2 claims "Independence of the Judiciary Guaranteed" while Section 9 mandates "Affirmation of Federal Supremacy." Attachment E, Section 2 declares the parties "INDEPENDENT PARTIES" while simultaneously defining them as "Contractors" bound by federal performance metrics, audit requirements, and compensation structures. These provisions cannot coexist. A judiciary bound to federal supremacy and federal performance incentives is not independent. The contract itself proves the structural fraud.

## E. The Financially Conflicted Tribunal

**11.** The Title IV-D scheme pays New Hampshire 66% federal reimbursement on administrative costs plus performance incentive payments under 42 U.S.C. § 658a tied to support collection rates and enforcement actions. *Tumey v. Ohio,* 273 U.S. 510 (1927), held nearly a century ago that a judge with any financial interest in the outcome is disqualified by due process. *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009), confirmed that structural probability of bias requires disqualification. The Title IV-D incentive structure creates exactly the structural bias Tumey and Caperton prohibit.

## F. Sister-State Courts Agree

**12.** *Holmberg v. Holmberg,* 588 N.W.2d 720 (Minn. 1999); *State v. Schwartz* (2000); *Brayton v. Pawlenty*: Other state supreme courts have already ruled that Title IV-D administrative child support processes violate separation of powers and are unconstitutional. These rulings provide direct persuasive authority supporting Plaintiff's likelihood of success.

## IV. IRREPARABLE HARM

*"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."*
— Elrod v. Burns, 427 U.S. 347, 373 (1976)

**13. LIFE:** Plaintiff faces ongoing criminal prosecution for alleged violation of a protective order that was issued without probable cause, without criminal prosecution, and in direct contradiction of three police reports finding no threat, no violence, and no danger. The

protective order—the fruit of the poisonous tree—converts constitutionally protected conduct (sending a gift to one's own child) into criminal activity. Incarceration threatens Plaintiff's life.

**14. LIBERTY:** Plaintiff has been separated from his child for over thirteen years. The constitutional right to the care, custody, and companionship of one's child is a fundamental liberty interest protected by the Due Process Clause. *Troxel v. Granville*, 530 U.S. 57 (2000); *Santosky v. Kramer*, 455 U.S. 745 (1982). Each day that passes without Article III adjudication of Plaintiff's parental rights is a day of irreparable constitutional injury that no monetary award can remedy.

**15. PROPERTY:** Plaintiff faces ongoing support obligations, attorney fee awards, and contempt sanctions imposed by a tribunal that operates without rules of evidence, without jury trial, and under a federal revenue incentive that biases the tribunal toward collection maximization. Arrest warrants have been issued for failure to pay attorney fees ($2,808.13, Belknap County, 2/28/2020; Wake County NC, 3/2/2022)—constituting imprisonment for debt.

**16.** The deprivation of constitutional rights—due process, jury trial, parent-child relationship—constitutes irreparable harm as a matter of law. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). No amount of money can restore thirteen years of a father-child relationship destroyed by an unconstitutional administrative scheme.

## V. BALANCE OF EQUITIES

**17.** The balance of equities overwhelmingly favors Plaintiff. On one side: a father's fundamental constitutional rights to due process, jury trial, and the relationship with his child. On the other side: the state's interest in continuing to operate an administrative revenue scheme that three Supreme Court decisions have condemned, that sister-state courts have declared unconstitutional, and that the state's own legislature has recognized as deficient (HB 185, HB 499, HB 652, Special Committee investigations).

**18.** An injunction does not deprive the State of the ability to adjudicate custody, support, or protective orders. It requires only that the State do so through constitutionally adequate proceedings—in an Article III court, with rules of evidence, before a jury of Plaintiff's peers, and before a judge who is not financially incentivized by federal performance payments. As Justice Gorsuch stated: "The agency is free to pursue all of its charges... In a court, before a judge, and with a jury."

## VI. PUBLIC INTEREST

**19.** The public interest is served by enforcing constitutional rights. *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002) ("upholding constitutional rights surely serves the public interest"). The public has no interest in the continuation of an unconstitutional administrative scheme that strips citizens of their fundamental rights while generating federal revenue for the state apparatus.

**20.** This case is not unique to Plaintiff. The Title IV-D scheme affects every non-custodial parent in New Hampshire. The Family Division handles over 18,000 cases annually (HB 652

committee report). Every one of those litigants is subjected to the same constitutional defects: no rules of evidence, no jury trial, and a financially-incentivized tribunal. The public interest demands that this Court address the structural violation.

## VII. PRAYER FOR INJUNCTIVE RELIEF

**21.** WHEREFORE, Plaintiff respectfully requests that the Article III District Judge:

**(a)** ISSUE a Temporary Restraining Order and Preliminary Injunction ENJOINING all Defendants from further adjudication of Plaintiff's parental rights, custody, support obligations, and protective order matters through the Title IV-D administrative scheme pending resolution of this action on the merits;

**(b)** ENJOIN Defendants from enforcing any arrest warrants, contempt orders, or other punitive measures arising from the Title IV-D administrative proceedings pending resolution on the merits;

**(c)** ENJOIN Defendants from further criminal prosecution of Plaintiff for alleged violation of the protective order, which is the fruit of the poisonous tree of the unconstitutional DV proceeding;

**(d)** ORDER that any further adjudication of Plaintiff's parental rights, custody, support, and protective order matters shall take place in an Article III court, with full rules of evidence, before a jury of Plaintiff's peers, and before a judge who holds no Title IV-D contractual relationship and has no financial interest in the outcome;

**(e)** VACATE all outstanding arrest warrants for failure to pay attorney fees as unconstitutional imprisonment for debt;

**(f)** GRANT such other and further relief as this Court deems just and proper.

# FEDERAL VERIFICATION

## 28 U.S.C. § 1746

I, Randall Collier, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. This declaration is made in accordance with 28 U.S.C. § 1746.

Executed on: _April 27_____, 2026

Randall Collier

Sui Juris, Pro Se, All Rights Reserved

[ADDRESS]

[CITY, STATE ZIP]

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing EMERGENCY MOTION FOR PRELIMINARY INJUNCTION was served upon all Defendants at their last known addresses by first-class United States Mail, postage prepaid, and/or by electronic filing through the Court's CM/ECF system. See Certificate of Service in Amended Complaint for complete defendant listing.

Date: _April 27_____, 2026

_____

Randall Collier

Sui Juris, Pro Se, All Rights Reserved