FILED - USDC -NH
2026 APR 27 PM 1:26

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

### RANDALL COLLIER,

Sui Juris, Pro Se, All Rights Reserved

Plaintiff,

**v.**

### Case No. 1:26-cv-00226-SM-TSM

### STATE OF NEW HAMPSHIRE, ET AL.,

Defendants.

---

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

---

### AND

## MOTION FOR ARTICLE III ADJUDICATION

---

### NON-CONSENT TO MAGISTRATE JURISDICTION
### DEMAND FOR TRIAL BY JURY
### 28 U.S.C. § 636 | FED. R. CIV. P. 72(b)

## I. PRELIMINARY STATEMENT

**1.** Plaintiff Randall Collier, appearing Sui Juris, Pro Se, hereby files timely objections to the Report and Recommendation issued by United States Magistrate Judge Talesha L. Saint-Marc on April 23, 2026 (Doc. No. 5), pursuant to Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C).

**2.** Simultaneously, Plaintiff formally notifies this Court that he does NOT consent to the exercise of jurisdiction by a United States Magistrate Judge over any dispositive matter in this case. Plaintiff demands that all dispositive matters—including but not limited to motions for

injunctive relief, motions to dismiss, motions for summary judgment, and trial—be heard and determined by an Article III District Judge of the United States, with a jury of Plaintiff's peers deciding all questions of fact.

**3.** Plaintiff's entire case challenges the unconstitutional adjudication of his private rights by administrative officers lacking Article III authority. It would be the height of irony—and a continuation of the very constitutional violation complained of—for this federal civil rights case to be disposed of by a Magistrate Judge (an Article I officer) rather than an Article III District Judge with a jury. Plaintiff demands that which the Constitution guarantees: an Article III court and trial by jury.

## II. THE STATUTORY FRAMEWORK — 28 U.S.C. § 636

*"The right of trial by jury shall be preserved."*
— *U.S. Const. Amend. VII*

**4.** 28 U.S.C. § 636(b)(1)(A) provides that a district judge may designate a magistrate judge to hear and determine pretrial matters, **EXCEPT** the following dispositive matters:

**(a)** A motion for injunctive relief;

**(b)** Judgment on the pleadings;

**(c)** Summary judgment;

**(d)** Dismissal for failure to state a claim upon which relief can be granted;

**(e)** Involuntary dismissal of an action.

**5.** This case presents **every single one** of these excepted categories. Plaintiff has moved for injunctive relief (Doc. No. 4). The Magistrate Judge's R&R recommends denial of that injunction and remand of state cases—both dispositive determinations that § 636(b)(1)(A) expressly reserves to Article III judges. The Magistrate Judge may only issue a Report and Recommendation on these matters. The Article III District Judge must make a de novo determination.

**6.** 28 U.S.C. § 636(b)(1)(C) provides: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Article III judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions."

**7.** Plaintiff objects to the entirety of the R&R and demands de novo review by the presiding Article III District Judge.

## III. SPECIFIC OBJECTIONS TO THE REPORT AND RECOMMENDATION

**Objection 1: The Magistrate Conflated Structural Challenge with State Court Appeal**

**8.** The R&R treats Plaintiff's claims as an attempt to reverse state court judgments and applies Rooker-Feldman accordingly. This is error. Plaintiff's Amended Complaint (filed simultaneously herewith) presents an *independent structural constitutional challenge* to the Title IV-D administrative adjudication scheme—not an appeal of any state court order. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011), expressly holds that Rooker-Feldman does not bar independent federal claims challenging the constitutionality of the state law providing the rule of decision. The Magistrate's own R&R acknowledges this principle at page 14 but fails to apply it.

**Objection 2: Younger Abstention Cannot Apply to Structural Challenges Under Axon**

**9.** *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), holds that structural constitutional challenges to administrative adjudication schemes may proceed directly in federal court without exhaustion. The R&R applies Younger abstention as if Plaintiff were seeking to interfere with ongoing state judicial proceedings. Plaintiff is not. Plaintiff challenges the *structure* of the Title IV-D scheme—not any particular proceeding within it. Younger does not require abstention when the federal plaintiff challenges the constitutionality of the system itself.

**Objection 3: The R&R Ignored the Title IV-D Federal Contract Framework**

**10.** The R&R does not address the Title IV-D cooperative agreement or its constitutional implications at any point in its 15-page analysis. The New Hampshire State Plan (Title IV-D cooperative agreement, dated March 15, 2023) is a federal contract that binds the state's family court apparatus to federal revenue incentives and performance metrics. This contract transforms what appears to be a state judicial proceeding into a federal administrative enforcement action. The R&R's failure to address this federal contract framework is a fundamental analytical error requiring de novo review.

**Objection 4: The Magistrate Recommended Denial of Injunctive Relief Without Jurisdiction to Do So**

**11.** 28 U.S.C. § 636(b)(1)(A) expressly excludes "a motion for injunctive relief" from the matters a magistrate judge may "hear and determine." The Magistrate may only issue a Report and Recommendation regarding injunctive relief. Plaintiff objects to the recommendation of denial and demands that the Article III District Judge conduct de novo review of Plaintiff's motion for injunctive relief (Doc. No. 4), taking into account the structural constitutional challenge presented in the simultaneously-filed Amended Complaint.

**Objection 5: The Sternberg Decision Provides New Authority on Rooker-Feldman**

**12.** On April 20, 2026—three days before the R&R issued—United States District Judge Andrew P. Gordon in the District of Nevada granted reconsideration of Rooker-Feldman dismissal in *Sternberg v. Warneck*, Case No. 2:23-cv-01466-APG-EJY, holding that fraud claims against adverse parties are independent claims not barred by Rooker-Feldman, citing *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025). This authority was not available to the Magistrate when the R&R was prepared. It supports Plaintiff's position that structural fraud in the Title IV-D scheme constitutes an independent federal claim.

## IV. DEMAND FOR ARTICLE III ADJUDICATION AND TRIAL BY JURY

*"Congress cannot eliminate a party's Seventh Amendment right to a jury trial
merely by relabeling the cause of action and placing jurisdiction
in an administrative agency."*
— *Justice Gorsuch, quoting Justice Brennan in Granfinanciera*
*Oral Argument, SEC v. Jarkesy, No. 22-859 (Nov. 29, 2023)*

**13.** Plaintiff's entire case is built on the principle that private rights cannot be adjudicated by administrative officers without Article III protections and trial by jury. *SEC v. Jarkesy*, 603 U.S. 109 (2024). Plaintiff was denied Article III adjudication and jury trial in the state family court system for thirteen years. Plaintiff now comes to federal court seeking precisely what the Constitution guarantees—and demands that this federal court provide what the state system denied.

**14.** A Magistrate Judge is an Article I judicial officer, not an Article III judge. Article III judges are appointed by the President, confirmed by the Senate, serve during good behavior, and enjoy salary protection under Article III, § 1 of the Constitution. Magistrate judges are appointed by Article III judges under 28 U.S.C. § 631 and serve fixed terms. The distinction matters constitutionally: the independence guarantees of Article III exist precisely to protect litigants from the kind of government overreach Plaintiff alleges in this case.

**15.** Plaintiff does NOT consent to magistrate jurisdiction under 28 U.S.C. § 636(c). The right to withhold consent is absolute and may not be penalized. *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 543 (9th Cir. 1984) (en banc). Plaintiff exercises that right.

**16.** Plaintiff demands:

**(a)** That the Article III District Judge conduct de novo review of the Magistrate's Report and Recommendation (Doc. No. 5);

**(b)** That all further dispositive proceedings in this case be conducted by the Article III District Judge, not the Magistrate Judge;

**(c)** That Plaintiff's Amended Complaint be subjected to preliminary review by the Article III District Judge, not the Magistrate Judge;

**(d)** That trial by jury be granted on all claims, as demanded in the Amended Complaint;

**(e)** That Plaintiff's motion for injunctive relief (Doc. No. 4) be reconsidered de novo by the Article III District Judge in light of the structural constitutional challenge presented in the Amended Complaint.

## V. FREE ACCESS TO JUDICIAL TRIBUNALS — MANDATORY JUDICIAL NOTICE

### Federal Rules of Evidence 201(d)

**17.** Plaintiff demands that this Court take mandatory judicial notice under Fed. R. Evid. 201(d) that Plaintiff, as a natural individual entitled to relief, has a lawful right to proceed

without cost. The Supreme Court has held that a natural individual entitled to relief is "entitled to free access to its judicial tribunals and public offices in every State of the Union." *Ward v. Maryland*, 79 U.S. (12 Wall.) 418 (1870); *Crandall v. Nevada*, 73 U.S. (6 Wall.) 35 (1867).

18. No charge can be placed upon a citizen as a condition precedent to exercise of constitutional rights. *NAACP v. Button*, 371 U.S. 415 (1963); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Johnson v. Avery*, 393 U.S. 483 (1969). Members of groups who are competent non-lawyers can assist other members of the group in achieving the goals of the group in court without being charged with unauthorized practice of law. *Hale v. Henkel*, 201 U.S. 43 (1906).

19. Part I, Article 14 of the New Hampshire Constitution guarantees every citizen the right to "obtain right and justice freely, without being obliged to purchase it." A fee is a charge "fixed by law for services of public officers or for use of a privilege under control of government." *Fort Smith Gas Co. v. Wiseman*, 189 Ark. 675 (1934). The right to petition a court for redress of constitutional grievances is not a "privilege under control of government." It is a right secured by the First and Fourteenth Amendments. Courts are free. The IFP screening process under § 1915(e)(2) cannot be used as a gatekeeping mechanism to dismiss constitutional claims before any defendant has been required to answer.

## VI. CONCLUSION AND PRAYER

20. WHEREFORE, Plaintiff respectfully requests that the Article III District Judge:

**(a)** SUSTAIN Plaintiff's objections to the Report and Recommendation (Doc. No. 5);

**(b)** CONDUCT de novo review of the R&R in its entirety;

**(c)** ACCEPT Plaintiff's simultaneously-filed Amended Complaint for preliminary review by the Article III District Judge;

**(d)** ORDER that all further dispositive proceedings be conducted by the Article III District Judge, not the Magistrate Judge;

**(e)** GRANT trial by jury on all claims;

**(f)** RECONSIDER de novo Plaintiff's motion for injunctive relief (Doc. No. 4) in light of the Amended Complaint;

**(g)** TAKE judicial notice under Fed. R. Evid. 201(d) of Plaintiff's right to free access to judicial tribunals;

**(h)** GRANT such other and further relief as this Court deems just and proper.

# FEDERAL VERIFICATION

28 U.S.C. § 1746

I, Randall Collier, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. This declaration is made in accordance with 28 U.S.C. § 1746.

Executed on: _Apr. / 27_____, 2026

Randall Collier

Sui Juris, Pro Se, All Rights Reserved

[ADDRESS]

[CITY, STATE ZIP]

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing OBJECTIONS TO REPORT AND RECOMMENDATION AND MOTION FOR ARTICLE III ADJUDICATION was served upon all parties by first-class United States Mail, postage prepaid, and/or by electronic filing through the Court's CM/ECF system.

**United States District Court**

District of New Hampshire

55 Pleasant Street, Room 110

Concord, NH 03301

**All Defendants as listed in Amended Complaint**

(See Certificate of Service in Amended Complaint for complete list)

Date: _April 27_ , 2026

Randall Collier

Sui Juris, Pro Se, All Rights Reserved