FILED - USDC - NH
2026 MAY 4 PM 8:49

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Randall Collier
26 Joslin Rd
Surry, New Hampshire 03431
Phone: (603) 803-3648
Email: 042611t@gmail.com
*Sui Juris, Pro Se, All Rights Reserved*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER,                                   **Case No. 1:26-cv-00226-SM-TSM**
    Plaintiff,
    v.
STATE OF NEW HAMPSHIRE, ET AL.,
    Defendants.

## MOTION FOR RECONSIDERATION
## OF ORDER DATED APRIL 30, 2026
*With Monell Liability, Federal Debarment Framework, and Structural Challenge*
*Distinguished from Collier v. Carroll, No. 24-1657 (1st Cir. 2024)*
*Fed. R. Civ. P. 59(e) | Fed. R. Civ. P. 60(b) | D.N.H. L.R. 7.2*

Plaintiff Randall Collier, Sui Juris, Pro Se, All Rights Reserved, United States Navy Veteran,

moves this Court for reconsideration of its Order dated April 30, 2026, pursuant to Fed. R. Civ.

P. 59(e), Fed. R. Civ. P. 60(b)(1), (4), and (6), and D.N.H. L.R. 7.2. The April 30 Order approved

the R&R of Magistrate Judge Saint-Marc without conducting de novo review, without citing a

single case or statute, without addressing Plaintiff's Monell claims or the federal debarment

framework, and without reaching the merits of the structural constitutional challenge. This

Motion further demonstrates that the current action is materially distinguished from Collier v.

Carroll, No. 24-1657 (1st Cir. Dec. 30, 2024), and that the First Circuit's own reasoning in that

case implicitly preserves the claims raised here.

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## TABLE OF CONTENTS

**TABLE OF CONTENTS** — **2**

**I. LEGAL STANDARD FOR RECONSIDERATION** — **3**

**II. FAILURE OF DE NOVO REVIEW** — **3**

**III. ABSENCE OF SUPPORTING CASE LAW** — **5**

**IV. THIS CASE IS MATERIALLY DISTINGUISHED FROM COLLIER V. CARROLL, NO. 24-1657** — **5**

**V. LEGISLATIVE RECORD ADMISSIONS SUPPORTING THE STRUCTURAL CHALLENGE** — **8**

**VI. MONELL LIABILITY — THE TITLE IV-D STATE PLAN AS OFFICIAL POLICY** — **11**

A. Formal Policy — The State Plan — 11

B. Widespread Custom — 12

C. Deliberate Indifference — 12

D. The Monell Defendants — 13

**VII. THE FEDERAL DEBARMENT FRAMEWORK — EXECUTIVE ORDER 12549** — **13**

**VIII. THE STRUCTURAL CHALLENGE MUST BE HEARD ON THE MERITS** — **15**

**IX. DOCUMENTED PATTERN OF DUE PROCESS VIOLATIONS** — **17**

**X. PRAYER FOR RELIEF** — **18**

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## I. LEGAL STANDARD FOR RECONSIDERATION

**1.** Under Fed. R. Civ. P. 59(e), reconsideration is appropriate where: (a) manifest error of law or fact; (b) newly discovered evidence; (c) intervening change in controlling law; or (d) failure to account for previously raised arguments. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). This Motion is timely filed within the 28-day window. Under Fed. R. Civ. P. 60(b)(4), an order failing to conduct de novo review after specific objections is void. United States v. Raddatz, 447 U.S. 667, 673–76 (1980). Under D.N.H. L.R. 7.2, Plaintiff identifies below the matters and controlling decisions the Court has overlooked.

## II. FAILURE OF DE NOVO REVIEW

**2.** The April 30 Order states in its entirety: "After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated April 23, 2026, for the reasons set forth therein. The referenced state cases are remanded as recommended. The motion for preliminary injunction is denied. So Ordered." No independent analysis. No discussion of objections. No citation to any authority. No reasoning.

**3.** 28 U.S.C. § 636(b)(1)(C) mandates de novo determination when objections are filed. "Shall" is mandatory. Lexecon Inc. v. Milberg Weiss, 523 U.S. 26, 35

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

(1998). Plaintiff filed five specific objections (Doc. No. 6). The Order addresses none:

(a) The Magistrate conflated the structural constitutional challenge with a state court appeal, misapplying Rooker-Feldman in violation of Skinner v. Switzer, 562 U.S. 521, 532 (2011), and Axon Enterprise, Inc. v. FTC, 598 U.S. 175 (2023);

(b) Younger abstention cannot apply to structural challenges under Axon;

(c) The R&R ignored the Title IV-D federal contract framework—the State Plan, the federal revenue incentives under 42 U.S.C. § 658a, and their constitutional implications;

(d) The Magistrate recommended denial of injunctive relief without jurisdiction under 28 U.S.C. § 636(b)(1)(A);

(e) Sternberg v. Warneck (D. Nev., April 20, 2026) provides new Rooker-Feldman authority unavailable when the R&R was prepared.

**4.** The First Circuit requires the district court to engage with objections on the merits. Hernandez-Mejia v. Rivera Cruz, 926 F.3d 11, 17 (1st Cir. 2019). The Supreme Court has held that de novo review after objections is constitutionally required to satisfy Article III concerns. Thomas v. Arn, 474 U.S. 140, 154 (1985); Peretz v. United States, 501 U.S. 923, 939–40 (1991).

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## III. ABSENCE OF SUPPORTING CASE LAW

**5.** The Order denies the preliminary injunction without citing a single authority:

(a) No Winter analysis. Winter v. NRDC, 555 U.S. 7, 20 (2008); Braintree Labs. v. Citigroup, 622 F.3d 36, 41 (1st Cir. 2010);

(b) Three binding Supreme Court decisions—Jarkesy, Loper Bright, Axon—unaddressed;

(c) Tumey v. Ohio, 273 U.S. 510 (1927), and Caperton v. Massey Coal, 556 U.S. 868 (2009), unaddressed;

(d) Anderson v. Bessemer City, 470 U.S. 564, 573 (1985): an order without articulated reasoning denies due process.

## IV. THIS CASE IS MATERIALLY DISTINGUISHED FROM COLLIER V. CARROLL, NO. 24-1657

**6.** On December 30, 2024, the First Circuit (Montecalvo, Kayatta, Rikelman, JJ.) affirmed dismissal of Collier v. Carroll, No. 24-1657, on two grounds: (1) the Eleventh Amendment barred claims against the Judicial Conduct Committee, citing Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015), and Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014); and (2) judicial immunity barred claims against Judges Carroll and Garner because they "concern solely adjudicatory actions that trigger judicial immunity," citing Zenon v. Guzman, 924 F.3d 611, 616–17 (1st Cir. 2019). Critically, the

First Circuit did not reach or decide any issue concerning Rooker-Feldman, the structural constitutional challenge, Monell liability, or the Title IV-D cooperative agreement framework.

**7.** The current case, No. 1:26-cv-00226-SM-TSM, is materially distinguished from No. 24-1657 in every dispositive respect:

(a) Different defendants: No. 24-1657 sued individual judges (Carroll, Garner) and the JCC. The current case sues governmental entities—the State of New Hampshire, county governments, BCSS, DHHS—and names individual referees in their official capacities as Title IV-D program participants. Monell claims against governmental entities are not barred by judicial immunity. Monell v. Dep't of Social Services, 436 U.S. 658, 690–91 (1978);

(b) Different legal theory: No. 24-1657 sought damages from individual judges for adjudicatory acts. The current case challenges the official policy—the Title IV-D State Plan—as the moving force behind systematic constitutional deprivation under 42 U.S.C. § 1983. The claim targets the policy, not the individual judicial acts. Owen v. City of Independence, 445 U.S. 622, 650 (1980), holds municipalities have no qualified immunity or judicial immunity defense to § 1983 claims based on official policy;

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

(c) Different constitutional framework: No. 24-1657 did not present the Jarkesy/Loper Bright/Axon structural challenge, the Doctrine of Two Contracts, the E.O. 12549 debarment framework, or the 28 U.S.C. § 607 contractor incompatibility analysis. These arguments were developed after the First Circuit's December 30, 2024 ruling and represent a fundamentally different constitutional architecture;

(d) Different immunity analysis: The First Circuit's own language—that the prior claims "concern solely adjudicatory actions"—implicitly acknowledges that claims NOT solely concerning adjudicatory actions would survive. The current Monell claims target the policy framework, not adjudicatory acts. The debarment framework claims target the contractor designation, not judicial decisions. These are precisely the kind of claims the First Circuit's ruling left open;

(e) Eleventh Amendment does not bar Monell claims: The First Circuit barred claims against the JCC on Eleventh Amendment grounds. The current case does not sue the JCC. The Monell defendants are municipalities and county entities—not arms of the state—and municipalities do not enjoy Eleventh Amendment immunity. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

**8.** The First Circuit also cited *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018), for the principle that a court "may affirm an order of dismissal on any ground apparent in the record." This principle works in Plaintiff's favor here: if the District Court's one-paragraph reasoning is inadequate, the appellate court will examine the full record—and this Motion for Reconsideration places the complete structural argument, Monell framework, and debarment analysis on that record.

## V. LEGISLATIVE RECORD ADMISSIONS SUPPORTING THE STRUCTURAL CHALLENGE

**9.** The following admissions from the public legislative record of the State of New Hampshire, subject to judicial notice under Fed. R. Evid. 201(b), independently confirm that the Family Division is an administrative tribunal operating without constitutional authority:

(a) NH General Counsel Erin Kregan confirmed before the House Judiciary Committee on January 17, 2024, that "Circuit Courts were made by statute," not by the NH Constitution. When asked whether the Circuit Court is a constitutionally created court, the General Counsel confirmed it is not. Only the Supreme Court and Superior Court are constitutional courts. This admission confirms that the Family Division is a creature of statute, not a constitutional court of general

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

jurisdiction, and is therefore subject to the Jarkesy structural challenge;

(b) Referee Michael Garner testified before the House Judiciary and Family Law Committee on March 28, 2023, that "rules of evidence do not apply in Family Court" and that referees "hope to be the gatekeeper of reliable information." This is a public legislative admission by a named defendant that the Family Division does not operate under judicial rules of evidence—confirming Plaintiff's central claim that the tribunal functions as an administrative hearing, not a judicial proceeding;

(c) NH General Counsel Erin Kregan stated before the House Special Committee on the Family Division of the Circuit Court on April 2, 2024, that "civil court is for the plaintiff to vindicate their rights." If rules of evidence do not apply, litigants cannot vindicate their rights, and the tribunal fails its own stated purpose;

(d) NH State Representative Kutab confirmed before the House Judiciary Committee on January 17, 2024, that the Judicial Conduct Commission was found unconstitutional by the NH Supreme Court in 2011, yet remained on the books for over 20 years, "confusing litigants because it has the same initials as the Judicial Conduct

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Committee." The JCC itself has acknowledged it lacks jurisdiction over administrative court judge complaints. This confirms that state remedies for challenging Family Division judges are structurally unavailable—defeating any Younger abstention argument that adequate state remedies exist;

(e) The Family Division was established by HB 609, effective July 1, 2011, as a statutory court replacing prior probate courts, district courts, and the judicial branch family division. The statute creating it (not the NH Constitution) is the sole source of its authority. Under Jarkesy, a statutory tribunal that adjudicates private rights without Article III protections, rules of evidence, and jury trial violates the Seventh Amendment.

10. These legislative admissions are not Plaintiff's characterizations or interpretations. They are statements made by state officials on the public legislative record, preserved in video recordings available on the NH General Court website, and subject to judicial notice as public records whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## VI. MONELL LIABILITY — THE TITLE IV-D STATE PLAN AS OFFICIAL POLICY

**11.** Under Monell v. Dep't of Social Services, 436 U.S. 658, 690–91 (1978), governmental entities are "persons" under 42 U.S.C. § 1983 when an official policy or custom causes constitutional deprivation. The R&R and Order do not address Monell at any point.

**12.** Courts recognize three categories of Monell liability: (1) formal, officially adopted policy; (2) widespread custom constituting the force of law; and (3) failure to train reflecting deliberate indifference. Canton v. Harris, 489 U.S. 378, 388–89 (1989). All three are satisfied.

### A. Formal Policy — The State Plan

**13.** The NH Title IV-D State Plan (March 15, 2023) is the official, written policy filed with OCSE. When a formally adopted policy directly causes a constitutional violation, liability attaches without additional pattern showing. Pembaur v. City of Cincinnati, 475 U.S. 469, 480–81 (1986). The State Plan causes:

(a) Structural financial bias via 42 U.S.C. § 658a revenue incentives. Tumey v. Ohio, 273 U.S. 510 (1927); Caperton v. Massey Coal, 556 U.S. 868 (2009). The tribunal profits from adverse judgments;

(b) Systematic denial of jury trial and rules of evidence—confirmed by Referee Garner's own legislative testimony—in proceedings

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

adjudicating private rights, violating the Seventh Amendment per Jarkesy, 603 U.S. 109 (2024);

(c) A federal supremacy clause subordinating the state constitutional oath (N.H. Const. Pt. II, Art. 84) to federal program requirements;

(d) 66% federal reimbursement plus performance incentive payments tied to collection volumes—direct pecuniary interest in adverse outcomes;

(e) Referee Garner's on-the-record admission in adjudicatory proceedings: "rules of evidence do not apply" (April 16, 2024 Order, p. 6), consistent with his legislative testimony.

## B. Widespread Custom

14. The NH Family Division processes over 18,000 cases per year through this apparatus (HB 652). Every case is subjected to the same defects: no jury, no rules of evidence, adjudication by referees under the cooperative agreement.

## C. Deliberate Indifference

15. Sister-state supreme courts ruled identical schemes unconstitutional: Holmberg v. Holmberg, 588 N.W.2d 720 (Minn. 1999); State v. Schwartz (2000); Brayton v. Pawlenty. NH continued operating in deliberate indifference. Canton v. Harris, 489 U.S. at 390.

### D. The Monell Defendants

**16.** The Monell claim runs against: (a) the State of New Hampshire; (b) the NH Circuit Courts, 4th and 8th Circuits, Family Divisions; (c) Belknap County through Commissioners Dudek and Labelle, who as final policymakers signed the cooperative agreement, Pembaur, 475 U.S. at 483; and (d) BCSS and DHHS. Owen v. City of Independence, 445 U.S. 622, 650 (1980). The Hogan v. Cherokee County jury verdict ($4.6 million) confirms the viability of Monell claims in this context—a jury found an official policy was the moving force behind due process violations. Hogan v. Cherokee County, No. 1:17-cv-00322-MR (W.D.N.C. June 21, 2021).

## VII. THE FEDERAL DEBARMENT FRAMEWORK — EXECUTIVE ORDER 12549

**17.** Executive Order 12549 (1986), codified at 2 C.F.R. Part 180, establishes government-wide debarment of participants in federal programs. The Title IV-D cooperative agreement is a covered transaction. Every participant—referees, BCSS officials, DHHS administrators- –is a "participant" or "principal" subject to the full debarment framework.

**18.** The relevance of E.O. 12549 to this Motion is threefold:

(a) It independently confirms that Family Division referees and BCSS officials operating under the Title IV-D State Plan are federal program participants—not independent judicial officers. The federal

Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM

government's own regulatory framework treats them as contractors. This is the government's classification, not Plaintiff's;

(b) 28 U.S.C. § 607 prohibits simultaneously holding judicial office and serving as a federal contractor. 45 C.F.R. § 302.34 requires separation of adjudicative and administrative functions. Every NH referee who adjudicates Title IV-D cases while operating under the cooperative agreement violates both federal statutes. Their purported judicial authority is a legal nullity—which means the judicial immunity that shielded Carroll and Garner in No. 24-1657 does not apply here, because one cannot claim the protections of a judicial office whose obligations one has refused to honor;

(c) The debarment certification requirement creates an independent evidentiary record. Every participant who executed a debarment certification while denying constitutional rights made a knowingly false certification constituting fraud under 2 C.F.R. § 180.800.

19. This analysis directly addresses the First Circuit's reasoning in No. 24-1657. The panel held that claims against Carroll and Garner "concern solely adjudicatory actions that trigger judicial immunity." Zenon v. Guzman, 924 F.3d 611, 616–17 (1st Cir. 2019). But if Carroll and Garner are federal program contractors under the Title IV-D cooperative agreement—as the

debarment framework classifies them—then their actions are not "adjudicatory actions" triggering judicial immunity. They are administrative contractor actions performed under federal program authority. The robe does not change what the federal classification says. Justice Gorsuch's Jarkesy concurrence: you cannot avoid a constitutional mandate by relabeling.

## VIII. THE STRUCTURAL CHALLENGE MUST BE HEARD ON THE MERITS

**20.** Neither the R&R nor the April 30 Order has addressed the merits. The Court has not analyzed whether the Title IV-D scheme violates the Seventh Amendment under Jarkesy, whether the cooperative agreement creates financial bias under Tumey, whether Axon authorizes this challenge, whether the referees' dual status as oath-bound officers and federal contractors renders their acts void under 28 U.S.C. § 607, or whether the legislative record admissions (statutory court, no rules of evidence, unavailable state remedies) independently establish the structural defect. Every analysis stopped at jurisdictional doctrines.

**21.** Controlling authority precludes jurisdictional dismissal:

(a) Axon Enterprise, 598 U.S. at 190–91: Structural challenges go directly to federal court;

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

(b) Skinner v. Switzer, 562 U.S. 521, 532 (2011): Rooker-Feldman does not bar independent constitutional claims;

(c) Sternberg v. Warneck (D. Nev. Apr. 20, 2026): Independent claims not barred, citing Miroth v. County of Trinity, 136 F.4th 1141 (9th Cir. 2025);

(d) Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005): Rooker-Feldman is "confined to the cases of the kind from which the doctrine acquired its name" and does not apply when a plaintiff "presents some independent claim, albeit one that denies a legal conclusion that a state court has reached";

(e) Behr v. Campbell, No. 18-12842 (11th Cir. 2021): District courts must analyze each claim individually under Rooker-Feldman, not sweep all claims with a single-paragraph dismissal. The April 30 Order repeats the exact error the Eleventh Circuit reversed in Behr.

22. Pro se filings are liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007). These claims invoke binding Supreme Court precedent and present federal questions of first impression in this Circuit.

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## IX. DOCUMENTED PATTERN OF DUE PROCESS VIOLATIONS

23. The following documented pattern demonstrates systematic deprivation of constitutional rights under the Title IV-D scheme:

(a) A DV Protective Order issued on allegations contradicted by three police reports, without criminal prosecution or probable cause;

(b) Sole custody awarded derivatively from the DV order (Aug. 30, 2013 Narrative Parenting Decree, p. 6);

(c) Rules of evidence not applied in any proceeding—confirmed by Referee Garner both on the adjudicatory record (April 16, 2024 Order, p. 6) and in legislative testimony (March 28, 2023);

(d) Jury trial denied in every proceeding;

(e) Contempt finding (2/28/2020) for a family member sending a gift;

(f) Arrest warrants for attorney fees (Belknap County 2/28/2020; Wake County NC 3/2/2022)—imprisonment for debt;

(g) Relocation weaponized to deny modification (Garner, 8/24/2017);

(h) Three JCC complaints (JC-14-031-G, JC-17-057-G, JC-20-031-G), one ethics complaint (8/29/2014), Redress of Grievance to NH House (9/16/2015)—all dismissed without investigation. The JCC itself has

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

admitted it lacks jurisdiction over administrative court judge complaints, confirming state remedies are structurally unavailable;

(i) Two medical evaluations contradicted DV allegations; protective order extended repeatedly (2/4/13, 2/25/14, 2/27/15, 2/28/20, 2/20/25);

(j) Prior federal challenge (No. 1:24-cv-00015-JL-AJ) dismissed on Rooker-Feldman without claim-by-claim analysis; affirmed by First Circuit on different grounds (Eleventh Amendment and judicial immunity only) in No. 24-1657 (Dec. 30, 2024). The structural challenge, Monell claims, and debarment framework were never presented or decided.

## X. PRAYER FOR RELIEF

**24.** WHEREFORE, Plaintiff demands that the Article III District Judge:

(a) GRANT this Motion and VACATE the April 30, 2026 Order;

(b) CONDUCT de novo review per 28 U.S.C. § 636(b)(1)(C) with specific findings on each objection;

(c) CONDUCT an independent Winter analysis with supporting legal reasoning;

(d) ACCEPT Plaintiff's Monell claims establishing the Title IV-D State Plan as the official policy causing systematic constitutional deprivation;

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

(e) TAKE JUDICIAL NOTICE of the legislative record admissions identified herein under Fed. R. Evid. 201(b), including the NH General Counsel's confirmation that Circuit Courts are statutory, not constitutional, courts;

(f) TAKE JUDICIAL NOTICE that the Title IV-D cooperative agreement is a covered transaction under E.O. 12549, that its participants are federal program contractors under 2 C.F.R. Part 180, and that 28 U.S.C. § 607 prohibits the simultaneous holding of judicial office and federal contractor status;

(g) REFER the false certification evidence to HHS-OIG for debarment proceedings under E.O. 12549;

(h) PERMIT the Amended Complaint to proceed for preliminary review on the merits;

(i) ORDER all further dispositive proceedings before the Article III District Judge with a jury deciding all questions of fact;

(j) GRANT such other and further relief as this Court deems just and proper.

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## VERIFICATION

28 U.S.C. § 1746

I, Randall Collier, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. UNREBUTTED CLAIMS BECOME TRUTH IN THE RECORD.

/s/ RANDALL COLLIER   DATE: *Randall* May 4ᵀᴴ 2026

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

Pursuant to Fed. R. Civ. P. 5.2 and D.N.H. L.R. 5.4, Plaintiff certifies this filing contains no unredacted Social Security numbers, taxpayer identification numbers, birth dates (other than year), names of minor children, or financial account numbers.

/s/ RANDALL COLLIER   DATE: *Randall* May 4ᵀᴴ 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing MOTION FOR RECONSIDERATION was served upon all parties at their last known addresses by first-class United States Mail, postage prepaid, and/or by electronic filing through CM/ECF. Notice to agent is notice to principal. Notice to principal is notice to agent.

**NODE 1: COURT**
U.S. District Court, District of New Hampshire
55 Pleasant Street, Concord, NH 03301
Hon. Steven J. McAuliffe, District Judge
Magistrate Judge Talesha L. Saint-Marc

**NODE 2: NH 4TH CIRCUIT REFEREES**
Michael Garner, Carroll, Gordon, Lombardi
c/o NH Circuit Court, 4th Circuit, Family Division-Laconia
26 Academy Street, Laconia, NH 03246

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

**NODE 3: NH 8TH CIRCUIT REFEREES**
Tessier, Ryan, Johnson, Forrest
c/o NH Circuit Court, 8th Circuit, Family Division-Keene
33 Winter Street, Keene, NH 03431

**NODE 4: COUNTY COMMISSIONERS**
Priscilla Dudek, Mark Labelle
Belknap County
34 County Drive, Laconia, NH 03246

**NODE 5: STATE AGENCIES**
Bureau of Child Support Services (BCSS) / NH DHHS
111 Key Rd, Keene, NH 03431

**NODE 6: ADVERSE PARTY**
Hillary May
108 Ackley Court, Cary, NC 27513

**NODE 7: NH SUPREME COURT**
Timothy A. Gudas, Clerk
1 Charles Doe Drive, Concord, NH 03301

/s/ RANDALL COLLIER    DATE: _MAY 4TH 2026,_

Case 1:26-cv-00226-SM-TSM    Document 11    Filed 05/04/26    Page 22 of 22

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

## [PROPOSED] ORDER ON MOTION FOR RECONSIDERATION

Upon consideration of Plaintiff's Motion for Reconsideration, the Court ORDERS:

1. Plaintiff's Motion for Reconsideration is GRANTED;

2. The Order dated April 30, 2026 is VACATED;

3. The Court SHALL conduct de novo review per 28 U.S.C. § 636(b)(1)(C) with specific findings on each objection;

4. The Court SHALL conduct an independent Winter analysis;

5. Plaintiff's Monell claims under 42 U.S.C. § 1983 are ACCEPTED;

6. The Court TAKES JUDICIAL NOTICE of the legislative record admissions identified in Plaintiff's Motion;

7. The Court TAKES JUDICIAL NOTICE that the Title IV-D cooperative agreement is a covered transaction under E.O. 12549 and that 28 U.S.C. § 607 prohibits simultaneous judicial office and federal contractor status;

8. The false certification evidence SHALL BE REFERRED to HHS-OIG for debarment proceedings;

9. The Amended Complaint SHALL proceed for preliminary review on the merits;

10. All further dispositive proceedings SHALL be before the Article III District Judge with a jury.

**SO ORDERED.**

Dated: _____


_____

Steven J. McAuliffe
United States District Judge


Filed: May_____, 2026 — End of Inquiry