*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Randall Collier
26 Joslin Rd
Surry, New Hampshire 03431
Phone: (603) 803-3648
Email: 042611t@gmail.com
*Sui Juris, Pro Se, All Rights Reserved*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER,                                    **Case No. 1:26-cv-00226-SM-TSM**
    Plaintiff,
v.
STATE OF NEW HAMPSHIRE, ET AL.,
    Defendants.

## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF PENDING AMENDED COMPLAINT
*(Filed April 27, 2026 — Accepted for Filing, Not Yet Reviewed on Merits)*
*Fed. R. Civ. P. 15 | D.N.H. L.R. 7.1*

Plaintiff Randall Collier, Sui Juris, Pro Se, All Rights Reserved, United States Navy Veteran,

respectfully submits this Notice of Supplemental Authority to bring before the Court evidence

and developments that occurred after the filing of the Amended Complaint on April 27, 2026,

which are directly material to the Court's preliminary screening of the Amended Complaint and

which further substantiate the six counts therein. The Amended Complaint has been accepted for

filing but has not yet been reviewed on the merits. This Notice supplements the factual record to

ensure the Court has the complete picture when it conducts that review.

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

# TABLE OF CONTENTS

[Right-click here and select "Update Field" to generate Table of Contents]

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## I. PROCEDURAL POSTURE

**1.** Plaintiff filed his Amended Complaint on April 27, 2026, asserting six counts: (I) Deprivation of Due Process under 42 U.S.C. § 1983; (II) Deprivation of Seventh Amendment Right to Jury Trial; (III) Deprivation of First Amendment Right to Petition; (IV) Conspiracy under 42 U.S.C. § 1985(3); (V) RICO under 18 U.S.C. § 1962; and (VI) Structural Challenge to the Title IV-D Scheme. The Amended Complaint was accepted for filing by the Court but has not yet been reviewed on the merits.

**2.** On April 30, 2026, the Court issued an Order approving the Report and Recommendation of Magistrate Judge Saint-Marc dated April 23, 2026, and denying the preliminary injunction. That R&R was prepared on April 23 — four days before the Amended Complaint was filed — and therefore addressed only the original complaint, not the Amended Complaint. Plaintiff has filed a separate Motion for Reconsideration (Doc. No. 10 ) challenging the April 30 Order.

**3.** This Notice is directed to the pending Amended Complaint, not the Motion for Reconsideration. The Amended Complaint supersedes the original complaint as a matter of law. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (an amended complaint supersedes the original). The Court's preliminary screening must therefore be conducted based on the Amended

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Complaint, which contains the Doctrine of Two Contracts, the Monell framework, the RICO claims, and the full structural challenge — none of which were addressed in the R&R.

## II. SUPPLEMENTAL EVIDENCE: VOID WARRANT AND MAGISTRATE WITHOUT OATH

4. On June 16, 2025, Alejandro Smith of the New Hampshire Secretary of State's office (Alejandro.Smith@sos.nh.gov) confirmed in an official email: "Stephanie Johnson is a Magistrate. No oath for her." (Exhibit A.) Magistrate Johnson signed the arrest warrant under which Plaintiff is currently being prosecuted in NH Superior Court (Case Nos. 213-2025-CR-00431 and 213-2026-CR-00021) for four criminal charges: one breach of bail, two violations of protective orders, and one charge of propensity to commit criminal conduct.

5. N.H. Const. Pt. II, Art. 84 requires all officers to take an oath before entering upon their duties. Without the oath, Johnson was never lawfully a magistrate. The warrant she signed is void ab initio. Norton v. Shelby County, 118 U.S. 425, 442 (1886). Yet the prosecution continues.

6. Magistrate Johnson has since been terminated for misconduct. This evidence directly supports Count I (Due Process), Count IV (Conspiracy), Count V (RICO — fraud in the issuance of warrants by unauthorized persons), and

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Count VI (Structural Challenge — the system permits individuals without constitutional authority to exercise judicial power over citizens' liberty).

## III. SUPPLEMENTAL EVIDENCE: REFEREE RYAN — VOID ORDERS WITHOUT JUSTICE'S SIGNATURE

**7.** Referee Ryan of the 8th Circuit signed three orders in Case Nos. 449-2025-CR-00776 and 449-2025-CR-01147 without the justice's signature required by NH RSA 493-A:1a:

(a) August 6, 2025: Order in Case No. 00776 — no justice's signature;

(b) August 25, 2025: Order finding Plaintiff guilty of violating protective order — no justice's signature;

(c) Third order in the same proceedings — no justice's signature.

**8.** RSA 493-A:1a mandates that all recommendations of judicial referees be approved by a justice and provides that a referee "shall not enter final orders in any case." Ryan's orders are void. Yet Plaintiff was found guilty under them and is being prosecuted in Superior Court based upon them. This evidence supplements the Pattern of Due Process Violations (Amended Complaint, Section X) and supports Counts I, IV, V, and VI.

## IV. SUPPLEMENTAL EVIDENCE: REFEREE FORREST — DENIAL OF ACCESS TO EVIDENCE

**9.** In child support Case No. 649-2025-DM-00255, Referee Forrest denied Plaintiff access to evidence to defend on two separate occasions. Even after accepting

Plaintiff's Affidavit of Truth, Plaintiff was arrested twice and denied access to evidence both times. This violates N.H. Const. Art. 15 ("every subject shall have a right to produce all proofs that may be favorable to himself"), the Sixth Amendment, and the Fourteenth Amendment. This evidence supplements Counts I and VI of the Amended Complaint.

## V. SUPPLEMENTAL EVIDENCE: THIRTEEN YEARS WITHOUT A SINGLE PROPERLY SIGNED ORDER

10. Since 2013, not one of Plaintiff's orders has been properly signed by a justice of the assigned court as required by NH RSA 493-A:1a. This is thirteen years of systematic noncompliance with a mandatory statutory requirement. Every order is void. Every prosecution based on a void order is without foundation. This evidence supplements the Structural Challenge (Count VI) and the RICO pattern (Count V) by demonstrating that the scheme's constitutional defects are not occasional errors but permanent, systemic features of the Title IV-D administrative apparatus.

## VI. SUPPLEMENTAL EVIDENCE: SIXTH AMENDMENT DEPRIVATION — DISQUALIFICATION OF COUNSEL

11. NH Superior Court Judge Anne Edwards, assigned to Plaintiff's criminal cases arising from the void warrant, granted immunity to the terminated oath-less Magistrate Johnson. When Plaintiff filed NH Supreme Court Case No. 2026-0122 challenging these issues, Judge Edwards disqualified Plaintiff's

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

chosen criminal defense counsel during a pre-trial conference without offering Plaintiff the opportunity to waive the conflict. Plaintiff is now unrepresented in four active criminal charges.

**12.** This constitutes structural error under United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006). It adds a Sixth Amendment deprivation claim that supplements Count I (Due Process) and Count III (First Amendment Right to Petition — the disqualification occurred in direct response to Plaintiff's exercise of his right to appeal to the NH Supreme Court).

## VII. SUPPLEMENTAL EVIDENCE: COMPLETE EXHAUSTION OF STATE REMEDIES

**13.** Plaintiff raised every issue documented in this Notice before the New Hampshire Supreme Court in Case No. 2026-0122, filed as a Petition for Original Jurisdiction under NH Supreme Court Rule 11. The NH Supreme Court denied the petition.

**14.** This denial completes the exhaustion of all available state remedies and has the following consequences for the Court's screening of the Amended Complaint:

(a) Younger abstention is inapplicable. Every state forum has been pursued and has denied relief. The Family Division, the JCC (which admitted it lacks jurisdiction over administrative court judges), the Superior

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Court, and the NH Supreme Court have all failed to provide a remedy. The Amended Complaint's assertion that state remedies are the constitutional violation (paragraph 7) is now proven by documented exhaustion;

(b) Rooker-Feldman does not bar these claims. The Amended Complaint asserts independent federal claims (paragraphs 2–4). The NH Supreme Court's denial is not being appealed — it is evidence that the state system is incapable of self-correction;

(c) The Monell deliberate indifference standard is satisfied at every level. The State's highest court was presented with a void warrant signed by a fired magistrate with no oath and declined to act. Canton v. Harris, 489 U.S. 378, 390 (1989);

(d) Irreparable harm is ongoing and documented. Plaintiff has spent six hours with his biological son, T.C., in thirteen years. T.C. is now almost fifteen. Every day without relief is irreparable harm to a fundamental liberty interest. Troxel v. Granville, 530 U.S. 57 (2000).

## VIII. HOW THIS EVIDENCE MAPS TO THE AMENDED COMPLAINT'S SIX COUNTS

**15.** The following demonstrates how each piece of supplemental evidence strengthens the pending Amended Complaint:

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

(a) Count I (Due Process, § 1983): The void warrant, unsigned orders, denial of evidence, and disqualification of counsel each constitute independent due process violations, supplementing the pattern alleged in paragraphs 30(a)–(i) of the Amended Complaint;

(b) Count II (Seventh Amendment): The void warrant was issued by an oath-less magistrate in a system that denies jury trial. The criminal prosecution arising from it continues without jury trial protections at the Family Division level;

(c) Count III (First Amendment): Judge Edwards' disqualification of Plaintiff's counsel in direct response to Plaintiff's NH Supreme Court filing constitutes retaliation for the exercise of the right to petition, supplementing the pattern alleged in paragraph 33;

(d) Count IV (Conspiracy, § 1985): The coordinated actions — void warrant by oath-less magistrate, immunity grant by Edwards, disqualification of counsel, NH Supreme Court denial — constitute a conspiracy to deprive Plaintiff of equal protection and due process, supplementing paragraph 34;

(e) Count V (RICO): The void warrant constitutes fraud within the meaning of the RICO pattern. An unauthorized person issuing criminal warrants under color of official authority, generating enforcement

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

actions that trigger federal reimbursement, is federal program fraud (18 U.S.C. § 666). The thirteen years of unsigned orders constitute a pattern of racketeering activity, supplementing paragraph 35;

(f) Count VI (Structural Challenge): The void warrant, terminated officials, unsigned orders, denial of evidence, disqualification of counsel, and NH Supreme Court denial collectively prove that the Title IV-D scheme is structurally incapable of providing constitutional protections. The scheme permits persons without constitutional authority to exercise judicial power, systematically ignores its own statutory safeguards (RSA 493-A:1a), and punishes litigants who challenge the system. This is the structural failure that Jarkesy, Loper Bright, and Axon condemn.

## IX. REQUEST

**16.** WHEREFORE, Plaintiff respectfully requests that this Court:

(a) ACCEPT this Notice of Supplemental Authority as part of the record for purposes of the Court's preliminary screening of the pending Amended Complaint;

(b) TAKE JUDICIAL NOTICE of the NH Secretary of State's email of June 16, 2025 (Exhibit A), under Fed. R. Evid. 201(b);

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

(c) TAKE JUDICIAL NOTICE of the NH Supreme Court's denial of Case

No. 2026-0122, confirming complete exhaustion of state remedies;

(d) SCREEN the Amended Complaint on its own merits, independent of the

R&R dated April 23, 2026, which addressed only the original

complaint;

(e) PERMIT the Amended Complaint to proceed past preliminary screening

to service of process on all Defendants.

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## VERIFICATION
28 U.S.C. § 1746

I, Randall Collier, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. UNREBUTTED CLAIMS BECOME TRUTH IN THE RECORD.

/s/ RANDALL COLLIER    DATE: _Collier_ May 4th 2026

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

Pursuant to Fed. R. Civ. P. 5.2 and D.N.H. L.R. 5.4, Plaintiff certifies this filing contains no unredacted Social Security numbers, taxpayer identification numbers, birth dates (other than year), names of minor children, or financial account numbers.

/s/ RANDALL COLLIER    DATE: _Collier_ May 4th 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY, together with Exhibits, was served upon all parties at their last known addresses by first-class United States Mail, postage prepaid, and/or by electronic filing through CM/ECF. Notice to agent is notice to principal. Notice to principal is notice to agent.

**NODE 1: COURT**
U.S. District Court, District of New Hampshire
55 Pleasant Street, Concord, NH 03301
Hon. Steven J. McAuliffe, District Judge
Magistrate Judge Talesha L. Saint-Marc

**NODE 2: NH 4TH CIRCUIT REFEREES**
Michael Garner, Carroll, Gordon, Lombardi
c/o NH Circuit Court, 4th Circuit, Family Division-Laconia
26 Academy Street, Laconia, NH 03246

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## NODE 3: NH 8TH CIRCUIT REFEREES

Tessier, Ryan, Johnson, Forrest

c/o NH Circuit Court, 8th Circuit, Family Division-Keene

33 Winter Street, Keene, NH 03431

## NODE 4: COUNTY COMMISSIONERS

Priscilla Dudek, Mark Labelle

Belknap County

34 County Drive, Laconia, NH 03246

## NODE 5: STATE AGENCIES

Bureau of Child Support Services (BCSS) / NH DHHS

111 Key Rd, Keene, NH 03431

## NODE 6: ADVERSE PARTY

Hillary May

108 Ackley Court, Cary, NC 27513

## NODE 7: NH SUPREME COURT

Timothy A. Gudas, Clerk

1 Charles Doe Drive, Concord, NH 03301

## NODE 8: NH SUPERIOR COURT

Judge Anne Edwards

c/o NH Superior Court, Cheshire County

12 Court Street, Keene, NH 03431

## NODE 9: PROSECUTORS

Kimberly A. Kossick, Bar #17341

Cheshire County Attorney's Office

12 Court St, Keene, NH 03431

Dennis J. Thiverge, Bar #5611

NH State Police Troop C

15 Ashbrook Ct, Keene, NH 03431

## NODE 10: NH ATTORNEY GENERAL

Duncan A. Edgar, Esq. #266272

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Assistant Attorney General, NHDOJ
1 Granite Place, Concord, NH 03301

**NODE 11: CHESHIRE COUNTY SHERIFF**
Todd Shanks, Douglas Carroll
Cheshire County Sheriff's Department
Keene, NH 03431

/s/ RANDALL COLLIER  DATE: _____ MAY 4TH 2026

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

# EXHIBIT A

Email from Alejandro Smith, NH Secretary of State's Office
(Alejandro.Smith@sos.nh.gov)
Dated: Monday, June 16, 2025, 1:55 PM
To: Randy Collier (042611t@gmail.com)
Subject: "requesting more Oaths of judges"

**Key Statement:**
***"Stephanie Johnson is a Magistrate. No oath for her."***

*[Attach printed copy of email behind this cover page]*

6/23/25, 1:47 PM                                                    Gmail - requesting more Oaths of judges

 Gmail                                         Randy Collier <042611t@gmail.

---

## requesting more Oaths of judges

**Alejandro Smith** <Alejandro.Smith@sos.nh.gov>                    Mon, Jun 16, 2025 at 1:5
To: Randy Collier <042611t@gmail.com>

The oath for Anne Edwards is attached.

Stephanie Johnson is a Magistrate. No oath for her.

Oaths for NH State Police Officers are not filed with the Secretary of State's office.

[Quoted text hidden]

---

 **Edwards Parker, Anne M..pdf**
42K

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

**EXHIBIT B**

Petition for Original Jurisdiction
New Hampshire Supreme Court Case No. 2026-0122
Filed by Randall Collier
(Denied by the NH Supreme Court)

*[Attach printed copy of petition and denial order behind this cover page]*

## MANDATE

Certified and Issued as Mandate Under NH Sup. Ct. R. 24

_Sheui L Miss_    4/8/26
~~Clerk~~/Deputy Clerk                     Date

## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

### In Case No. 2026-0122, <u>Petition of Randall S. Collier</u>, the court on March 24, 2026, issued the following order:

Petition for original jurisdiction is denied. <u>See</u> Rule 11.

<u>Petition denied.</u>

MacDonald, C.J., and Donovan, Countway, Gould, and Will, JJ., participated.

**Timothy A. Gudas,**
**Clerk**

Distribution:
8th N.H. Circuit Court - Keene Family Division, 649-2025-DM-00255
8th N.H. Circuit Court - Keene District Division, 449-2025-CR-00776;
    449-2025-CR-01147
Cheshire County Superior Court, 213-2026-CR-00021; 213-2025-CR-00431
Honorable Anne M. Edwards
Honorable Joseph D. Tessier
Honorable David S. Forrest
Randall S. Collier
Hillary May
Attorney General
File

**New Hampshire Supreme Court**

**Case number 2026-0122**

randall collier
26 Joslin Rd
Surry, NH
03431
603 803 2648

This Petition for Original Jurisdiction in accord with NH Supreme Court Rule 11
as required by Clerk Goudas notice dated Feb 20th 2026

**Table Of Contents:**

Page 1: Questions 1 - 9
Page 2: Questions 10 - 19
Page 3: Questions 20, 21, Provisions of the Constitution, statutes, rules
Page 4: Provisions of the Constitution, statutes, rules, NH Const Art. 15
Page 5:, NH Constitution Art. 15,  RSA 490 F10, NH Supreme Court Opinion
2007, RSA 490 D9, RSA 490 F15
Page 6:  NH RSA 490 F15, NH RSA 493 A1a
Page 7: NH RSA 493 A1a, rule 1.2 impartiality, NH Family Rule 2.2, RSA 461 A1
Page 8: NH RSA 461 A1, A2, A5
Page 9: NH RSA 461 A5, A6
Page 10: NH RSA 461 A6,NH RSA 173 B,
Page 11: NH RSA 173B, NH RSA 633, NH RSA 644.4
Page 12: NH RSA 644.4
Page 13: NH RSa 644.4, NH RSA 631.4
Page 14: NH RSA 631.4, Contracts, Concise facts
Page 15: Concise facts
Page 16: Concise facts
Page 17: Specific Stages
Page 18: Pleading Questions, arguments
Page 19: Arguments, Jurisdiction
Page 20: Jurisdiction, issues preserved, Parties
Page 21: Parties, Transcripts
Appendix with Orders, and Contracts,

(a) A copy of the decision sought to be reviewed, if there is such a decision. The decision shall be annexed or appended to the petition;

Cheshire Superior Court : 213 2025 CR 00431;  213 2026 CR 00021

8th Circuit Court: 649 2025 DM 00255;  449 2025 CR 00776;  449 2025 CR 01147

Page 1:

1. If the State is a party to a case, is the NH Supreme Court authorized by US Constitution Art III, sec 2 ,Clause 2, to take Original Jurisdiction of all my combined and related cases that the state is a party to ?

2. If NH RSA 461:A is about the best interest of the child, and it says "children do best with both parents", is seventeen (17) years of criminal statute protective orders without any objective substantiated evidence of an actual crime or injured party, through civil litigation really in the best interest of the minor child ? Doesn't this go against the rulings of NH MIller v Todd (2011) and Art. 15 of NH Constitution ?

3. Is there any actual real evidence of abuse or are the orders really made on a presumption (NH RSA 461:A;5) ?

4. If The Rules of Evidence are used to enhance the predictable, orderly, fair, and reliable presentation of evidence, (and they were not applied in my original protective order case, per the 4/24 650 2013 DV 16 Order), does this mean the Family Court Orders that I am being charged under, were created with unfair, and unreliable evidence, per the legal definition ?

5. If NH RSA 490 F:10 says "circuit court judges can't practice law",  Are any of my orders enforceable under the NH or US Constitution ?

6. Why are orders missing the justice's signatures as required in NH RSA 493 A:1;a ?

7. If Rules of Evidence and Preponderance of Evidence don't apply, how would a Presumption ever be applicable ?

8. Can a referee co sign for a referee or marital master in compliance with NH RSA 493 A1a ?

9. Why does the NH's MOU between the Executive and Judicial Branch's allow for the violations of Constitutionally protected rights and guarantees ?

Page 2:

10. Can Referees and Marital Masters, under NH RSA 490 D9, NH RSA 490 F:10, and NH RSA 490 F:15 ignore the required NH RSA 493 A1a signature ?

11. Can Child Support Referee's under "NH Child Support Hearing Officer" and NH RSA 490 F:15, deny access to evidence to defend ?

12. If there are no contracts that exist that are signed by all agreeing parties, how are the Child Support Orders enforceable, without my consent ?

13. How do the Family Courts have lawful jurisdiction over custody matters if presumptions can't apply because the rules of evidence do not apply, and the people actually hearing the matter can't practice law ? Any room for error ?

14. If NH Circuit Family Court did apply the Rules of Evidence, the evidence would be presented fairly, how does this not prove a history of unfair proceedings ? Would this really be in the best interest of our biological offspring ?

15. If the Rules of Evidence, Preponderance and Presumptions do not apply to the protective orders, are these criminal charges from the Prosecutor in complete compliance with US and NH Constitutional protections, and guarantees ?

16. How can I commit serious crimes and have a propensity to commit criminal conduct, when the corporation cannot be an injured party, there is no unalived victim or injured alive party, or property submitted into a Court of Record or Law ?

17. Is it Lawful to receive 17 years of criminal statute protective orders without the rules of evidence in civil litigation ?

18. Does this really sound like serious crimes and a propensity to commit criminal conduct on behalf of the NH Family Court, and the Prosecutor, than an innocent dad looking out for the actual best interest of his child ?

19. Would the Justice of the assigned court (in Circuit Family Court) be an elected and appointed Article III Judicial Judge ?

Page 3:

20. Are these circuit family court judges ( m/m"s and referees) who can't practice law neutral and detached, or contractors through the MOU ?

21. Who is actually correct ? If the pending current criminal charges from the Prosecutor are from the statutory created court where Michael Garner's 4/24 Order, case number 650 2013 DV 16 Order noted "rules of evidence do not apply and did not apply to the orders Mr. Collier seeks to vacate, the standard of proof is a preponderance of evidence rather than proof beyond a reasonable doubt, and the hearings complied with Due Process", and Ret. NH Supreme Court Justice and NH Judiciary Chairman R. Lynn noted " you can only get a preponderance of evidence through a criminal proceeding". Can you switch the burden of proof and be in compliance with Due Process ? Without reliable, complete, believable, authentic evidence to make a presumption, has this Expedited Administrative Process ever complied with Art. 15 of NH Constitution, 4th Amendment to US Constitution, or the actual best interest of the child ?


 (c) The provisions of the constitutions, statutes, ordinances, rules, or regulations

involved in the case, setting them out verbatim, and giving their citation.

https://constitution.congress.gov/constitution/amendment-1/
First Amendment
Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

https://www.law.cornell.edu/constitution/fourth_amendment
Amendment IV
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Page 4:

Amendment V
No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Amendment VI
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

Amendment VIII
Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

Amendment XIV
Section 1.
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**https://www.nh.gov/glance/state-constitution/bill-rights**
**NH Constitution  Art 15 & Art 74-81** [Art.] 15. [Right of Accused.]back to top

Page 5:

No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse or furnish evidence against himself. Every subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and to be fully heard in his defense, by himself, and counsel. No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land; provided that, in any proceeding to commit a person acquitted of a criminal charge by reason of insanity, due process shall require that clear and convincing evidence that the person is potentially dangerous to himself or to others and that the person suffers from a mental disorder must be established. Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court. June 2, 1784.

**490-F:10 Full-Time Circuit Court Judges.** – A circuit court judge designated to be full-time under RSA 490-F:7, IV shall not be permitted to engage in the practice of law to any degree. Full-time judges shall receive the salary specified in RSA 491-A:1.

**See NH Supreme Court Opinion 2007:** Marital Masters have no power to enforce. SB 112

**490-D:9 Recommendations of Marital Masters.** – All recommendations of marital masters shall be signed by a judge. The judge signing such recommendations shall certify that he or she has read the recommendations and agrees that the marital master has applied the correct legal standard to the facts determined by the marital master.

**490-F:15 Referees.** – The circuit court, with the consent of the parties shall, and without the consent of the parties may, commit to one or more referees any

Page 6:

cause at law or in equity, or the determination of any question of fact pending in the court wherein the parties are not, as matter of right, entitled to a trial by jury; and with the consent of the parties shall in the same manner commit any other cause or the determination of any other question of fact.

**NH RSA 493 A1a :** requires that all recommendations from judicial referees be approved by a justice in regular or senior active service of the assigned court. The approving judge must certify that they have reviewed the recommendations and that the referee applied the correct legal standard.

https://law.justia.com/codes/new-hampshire/title-li/chapter-493-a/section-493-a-1-a/

493-A:1-a Judicial Referees. –

I. Any full-time justice of the supreme, superior, district, or probate court who is mandatorily retired from either regular active service or senior active service upon reaching age 70, and any part-time district or probate court justice who is mandatorily retired upon reaching age 70, shall thereafter be eligible to serve as a judicial referee on the court from which he or she retired or on any other court in which his or her service as a referee is authorized by law.

II. A judicial referee may be assigned to take testimony, receive and review evidence, and make recommendations for findings of fact and conclusions of law in any court specified in paragraph I by the chief justice of the supreme court or superior court, from which the referee retired, or the administrative justice of any other court from which the referee retired. All recommendations of judicial referees shall be approved by a justice in regular active service or senior active service of the court to which the referee is assigned. The judge approving such recommendations shall certify that he or she has read the recommendations and agrees that the judicial referee has applied the correct legal standard to the facts determined by the judicial referee. A judicial referee shall not preside over jury trials and shall not enter final orders in any case.

https://www.courts.nh.gov/rules-supreme-court-state-new-hampshire/rule-38-code-judicial-conduct/canon-2/rule-22-impartiality

Page 7:

(A) A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.
(B) A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the ability of all litigants, including self-represented litigants, to be fairly heard.

https://www.courts.nh.gov/rules-circuit-court-state-new-hampshire-family-division/rule-22-application-new-hampshire-rules
The New Hampshire Rules of Evidence do not apply to the actions listed above. However, the Court in its discretion may utilize the New Hampshire Rules of Evidence to enhance the predictable, orderly, fair, and reliable presentation of evidence.

https://www.courts.nh.gov/rules-supreme-court-state-new-hampshire/rule-38-code-judicial-conduct/canon-1/rule-12-promoting
A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

https://law.justia.com/codes/new-hampshire/title-xliii/chapter-461-a/section-461-a-1/
   **461-A:1 Definitions**. –
In this chapter:
I. "Contracted supervisor" means a mediator meeting the requirements RSA 328-C:2 and RSA 328-C:5, VI who has contracted with the court to participate in court-referred mediation under this chapter.
II. "Decision-making responsibility" means the responsibility to make decisions for the child. It may refer to decisions on all issues or on specified issues.
III. "Mediation" means a process in which a neutral third party facilitates settlement discussions between parties.
IV. "Mediator" means a family mediator, certified pursuant to RSA 328-C, who has contracted with the court to participate in court-referred mediation under this chapter.
V. "Parental rights and responsibilities" means all rights and responsibilities parents have concerning their child.

Page 8:

VI. "Parenting plan" means a written plan describing each parent's rights and responsibilities.

VII. "Parenting schedule" means the schedule agreed to by the parents, or ordered by the court, which specifies the days of the week and hours of the day when each parent has parenting time with their children.

VIII. "Qualified intern" means a person meeting the requirements of RSA 328-C:2 who participates in mediation under the direct supervision of a contracted supervisor.

IX. "Residential responsibility" means a parent's responsibility to provide a home for the child. Source. 2005, 273:1. 2009, 21:4, eff. Jan. 1, 2010. 2022, 220:11, eff. Aug. 16, 2022. 2024, 140:6, eff. Jan. 1, 2025.

https://law.justia.com/codes/new-hampshire/title-xliii/chapter-461-a/section-461-a -2/

**461-A:2 Statement of Purpose. –**

I. **Because children do best when both parents have a stable and meaningful involvement in their lives**, it is the policy of this state, unless it is shown that in a particular case it is not in the best interest of a child, to:

(a) Encourage approximately equal parenting time between each child and both parents if it is in the best interest of the child.

(b) Encourage parents to share in the rights and responsibilities of raising their children after the parents have separated or divorced.

c) Encourage parents to develop their own parenting plan with the assistance of legal and mediation professionals, unless there is evidence of domestic violence, child abuse, or neglect.

(d) Grant parents and courts the widest discretion in developing a parenting plan.

(e) Consider both the best interests of the child in light of the factors listed in RSA 461-A:6 and the safety of the parties in developing a parenting plan.

II. This chapter shall be construed so as to promote the policy stated in this section.

**461-A:5 Decision-making Responsibility. –**

Except as provided in paragraph III, in the making of any order relative to decision-making responsibility, **there shall be a presumption, affecting the**

Page 9:

**burden of proof, that joint decision-making responsibility is in the best interest of minor children:**
I. Where the parents have agreed to an award of joint decision-making responsibility or so agree in open court at a hearing for the purpose of determining parental rights and responsibilities for the minor children of the marriage. If the court declines to enter an order awarding joint decision-making responsibility, the court shall state in its decision the reasons for the denial.
II. Upon the application of either parent for joint decision-making responsibility, in which case it may be awarded at the discretion of the court. For the purpose of assisting the court in making a determination whether an award of joint decision-making responsibility is appropriate under this section, the court may appoint a guardian ad litem to represent the interests of the children according to the provisions of RSA 461-A:16. If the court declines to enter an order awarding joint decision-making responsibility, the court shall state in its decision the reasons for the denial.

III. **Where the court finds that abuse as defined in RSA 173-B:1, has occurred, the court shall consider such abuse as harmful to children and as evidence in determining whether joint decision-making responsibility is appropriate.** In such cases, the court
shall make orders for the allocation of parental rights and responsibilities that best protect the children or the abused spouse or both. **If joint decision-making responsibility is granted despite evidence of abuse, the court shall provide written findings to support the order.**

 **461-A:6 Determination of Parental Rights and Responsibilities; Best Interest. –**
I. In determining parental rights and responsibilities, the court shall be guided by the best interests of the child, and shall consider the following factors:
(a) The relationship of the child with each parent and the ability of each parent to provide the child with nurture, love, affection, and guidance.
(b) The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.
(c) The child's developmental needs and the ability of each parent to meet them, both in the present and in the future.

Page 10:

(d) The quality of the child's adjustment to the child's school and community and the potential effect of any change.

(e) The ability and disposition of each parent to foster a positive relationship and frequent and continuing physical, written, and telephonic contact with the other parent, including whether contact is likely to result in harm to the child or to a parent.

(f) The support of each parent for the child's contact with the other parent as shown by allowing and promoting such contact, including whether contact is likely to result in harm to the child or to a parent.

(g) The support of each parent for the child's relationship with the other parent, including whether contact is likely to result in harm to the child or to a parent.

(h) The relationship of the child with any other person who may significantly affect the child.

(i) The ability of the parents to communicate, cooperate with each other, and make joint decisions concerning the children, including whether contact is likely to result in harm to the child or to a parent.

(j) **Any evidence of abuse, as defined in RSA 173-B:1**, I or RSA 169-C:3, II, and the impact of the abuse on the child and on the relationship between the child and the abusing parent.

**Source.** 2005, 273:1. 2010, 273:1, 2. 2017, 156:200, eff. July 1, 2017. 2018, 202:3, 4, eff. Aug. 7, 2018. 2022, 106:1, eff. Jan. 1, 2023. 2024, 262:2, eff. Jan. 1, 2025.

https://law.justia.com/codes/new-hampshire/title-xii/chapter-173-b/section-173-b-1/
2025 New Hampshire Revised Statutes
Title XII - Public Safety and Welfare
Chapter 173-B - Protection of Persons From Domestic Violence
Section 173-B:1 - Definitions.
Universal Citation:
NH Rev Stat § 173-B:1 (2025)
Learn more
Next
    173-B:1 Definitions.

Page 11:

In this chapter:

I. **"Abuse" means the commission or attempted commission** of one or more of the acts described in subparagraphs (a) through (h) by a family or household member or by a current or former sexual or intimate partner, **where such conduct is determined to constitute a credible present threat to the petitioner's safety. The court may consider evidence of such acts,** regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the petitioner to fear for his or her safety or well-being:

(a) Assault or reckless conduct as defined in RSA 631:1 through RSA 631:3.

(b) **Criminal threatening as defined in RSA 631:4.**

(c) Sexual assault as defined in RSA 632-A:2 through RSA 632-A:5.

(d) **Interference with freedom as defined in RSA 633:1 through RSA 633:3-a.**

(e) Destruction of property as defined in RSA 634:1 and RSA 634:2.

(f) Unauthorized entry as defined in RSA 635:1 and RSA 635:2.

(g) **Harassment as defined in RSA 644:4.**

https://law.justia.com/codes/new-hampshire/title-lxii/chapter-633/
2025 New Hampshire Revised Statutes
Title LXII - Criminal Code
Chapter 633 - Interference With Freedom
Previous
Next

- Section 633:1 - Kidnapping.
- Section 633:2 - Criminal Restraint.
- Section 633:3 - False Imprisonment.
- Section 633:3-a - Stalking.

https://law.justia.com/codes/new-hampshire/title-lxii/chapter-644/section-644-4/
2025 New Hampshire Revised Statutes
Title LXII - Criminal Code
Chapter 644 - Breaches of the Peace and Related Offenses
Section 644:4 - Harassment.
Universal Citation:

Page 12:

NH Rev Stat § 644:4 (2025)
Learn more
Previous
Next
644:4 Harassment. –
I. A person is guilty of a misdemeanor, and subject to prosecution in the jurisdiction where the communication originated or was received, if such person:
(a) Makes a telephone call, whether or not a conversation ensues, with no legitimate communicative purpose or without disclosing his or her identity and with a purpose to annoy, abuse, threaten, or alarm another; or
(b) Makes repeated communications at extremely inconvenient hours or in offensively coarse language with a purpose to annoy or alarm another; or
(c) Insults, taunts, or challenges another in a manner likely to provoke a violent or disorderly response; or
(d) Knowingly communicates any matter of a character tending to incite murder, assault, or arson; or
(e) With the purpose to annoy or alarm another, communicates any matter containing any threat to kidnap any person or to commit a violation of RSA 633:4; or a threat to the life or safety of another.
(f) [Repealed.]
II. As used in paragraph I, "communicates" means to impart a message by any method of transmission, including but not limited to telephoning or personally delivering or sending or having delivered any information or material by written or printed note or letter, package, mail, courier service or electronic transmission, including electronic transmissions generated or communicated via a computer. For purposes of this section, "computer" means a programmable, electronic device capable of accepting and processing data.
III. [Repealed.]
IV. A person shall be guilty of a class B felony if the person violates RSA 644:4, I(a) under circumstances involving making telephone calls to a telephone number that he or she knows is being used, at the time of the calls, to facilitate the transportation of voters to polling places or otherwise to support voting or registering to vote.

Page 13:

Source. 1971, 518:1. 1994, 354:1. 1999, 141:1. 2005, 138:1. 2009, 320:1, eff. Aug. 7, 2009. 2016, 136:1, 2, I, II, eff. July 26, 2016.

https://law.justia.com/codes/new-hampshire/title-lxii/chapter-631/section-631-4/
2025 New Hampshire Revised Statutes
Title LXII - Criminal Code
Chapter 631 - Assault and Related Offenses
Section 631:4 - Criminal Threatening.
Universal Citation:
NH Rev Stat § 631:4 (2025)
Learn more
Previous
Next
    631:4 Criminal Threatening. –
I. A person is guilty of criminal threatening when: (a) By physical conduct, the person purposely places or attempts to place another in fear of imminent bodily injury or physical contact; or
(b) The person places any object or graffiti on the property of another with a purpose to coerce or terrorize any person; or
(c) The person threatens to commit any crime against the property of another with a purpose to coerce or terrorize any person; or
(d) The person threatens to commit any crime against the person of another with a purpose to terrorize any person; or
(e) The person threatens to commit any crime of violence, or threatens the delivery or use of a biological or chemical substance, with a purpose to cause evacuation of a building, place of assembly, facility of public transportation or otherwise to cause serious public inconvenience, or in reckless disregard of causing such fear, terror or inconvenience; or
(f) The person delivers, threatens to deliver, or causes the delivery of any substance the actor knows could be perceived as a biological or chemical substance, to another person with the purpose of causing fear or terror, or in reckless disregard of causing such fear or terror.
II. (a) Criminal threatening is a class B felony if the person:
(1) Violates the provisions of subparagraph I(e); or

Page 14:

(2) Uses a deadly weapon as defined in RSA 625:11, V in the violation of the provisions of subparagraph I(a), I(b), I(c), or I(d).
(b) All other criminal threatening is a misdemeanor.
III. (a) As used in this section, "property" has the same meaning as in RSA 637:2, I; "property of another" has the same meaning as in RSA 637:2, IV.
(b) As used in this section, "terrorize" means to cause alarm, fright, or dread; the state of mind induced by the apprehension of hurt from some hostile or threatening event or manifestation.
IV. A person who responds to a threat which would be considered by a reasonable person as likely to cause serious bodily injury or death to the person or to another by displaying a firearm or other means of self-defense with the intent to warn away the person making the threat shall not have committed a criminal act under this section.
Source. 1971, 518:1. 1983, 338:1. 1994, 187:2. 1996, 92:1. 2002, 222:7. 2003, 69:1. 2010, 361:2, eff. Jan. 1, 2011.
Previous
 (d) The provisions of insurance policies, contracts, or other documents involved in the case, setting them out verbatim. If the provisions to be set out verbatim are lengthy, their pertinent text shall be annexed or appended to the petition. If any documents are annexed or appended to the
petition, then the petition shall contain a table of contents. If the provisions aggregate more than
5 pages, their text may be filed as a separate appendix, including a table of contents referring to numbered pages;

DHHS Child Support Contract, Insert here
MOU insert here:

 (e) A concise statement of the case containing the facts material to the consideration of the questions presented, with appropriate references to the appendix, if any;

Hillary C. May gave birth to our biological offspring T.O.C. dob of 4/26/11. In late 2012 Laconia NH Police Dept knocked on the door and read me a 5 page Domestic Violence Petition created and signed by Hillary C. May. I was removed

Page 15:

from the property and my family on 12.13.12. Early 2013, The 4th Circuit family Court entered orders for a civil order of protection based on a presumption and no actual objective evidence of harm or injury. I was never afforded a hearing to defend against the criminal threatening and criminal harassment findings. The Civil Order of Protection has been renewed 5 times to date. The current order of protection is active until 2030. A parenting plan and child support orders were implemented against me and without my agreed contracted signatures.

Concurrently NH Retired Supreme Court Justice and NH Chair of The Judiciary R. Lynn's recent antics " We don't need a powerful citizens grand jury because we have professional prosecutors"
https://www.facebook.com/reel/39666692510289901
The State of NH beleives the best interest of a child is to presume instead of having actual evidence of a crime or injured party. Grand Juries are here to safeguard Americans from overzealous prosecutors. Since 2013 none of my orders that I received has been co-signed by a justice of the assigned court to make binding court orders per NH RSA 493 A1a. All orders are Void Ab Initio.

I am unable to file into my parenting plan per the family court orders. I have been challenging the criminal statute protective order for 4 years now. No evidence of harm or potential harm has been submitted into the record into an article III court of law, or record to support criminal statute protective orders through civil litigation.

HIlary C. May has stopped all communication between myself and T.O.C. about 4 years ago, violating her own parenting plan, Hillary May was allowed to relocate to North Carolina 11 years ago with T.O.C. without a justices signature per NH RSA 493 A1a.
Hillary C. May has continued to plead she is in fear for her life as well for our biological offspring. She has continuously testified to financial and emotional injuries and emotional injuries to T.O.C. No action taken by the courts to correct the problems raised. This does not support the best interest of the children. No actual objective authenticated evidence has been submitted to substantiate any wrongdoing on my behalf, just presumptions as the state notes.

Discretionay appeal for Orig - Google Docs

Page 16:

On Feb 5th A DHHS Representative testified that the $1000.00 dollar extorted bail bond I had to pay on Jan 5th to get out of jail still has not been released to the mother. The Rep. asked the court to do so. This proves child support payments are not in the interest of the child, if it was, Ms. May would have received that $1000.00 the next day.

The NH State Police arrested me on March 4th, 2025. I was arrested again on July 2nd 2025. Currently trying to charge me with 4 "serious crimes" though circuit court. No actual victim or injured party or evidence of such an allegation has been submitted into a court of record or Law. The NH State Police have arrested me on a fraudulent arrest warrant. Stephanie J. Johnson who authored the warrant did not have an Oath on File. She has been fired, Michael Garner was recently let go as well for unknown issues at this time. This now brings into questions all their orders for judicial review.

Poison Tree Doctrine and Clean Hands Doctrine apply. The court has dirty hands in a poisonous tree.

The Cheshire County Sheriff's Dept. has arrested me twice through the MOU contract with the Judicial and Executive Branch's Circuit Court operations, which violate their Oath to Office. The Sheriff's primary duty is to make sure Constitutional duties are performed and to recognize when they are not, act to correct it, and not to volunteer to violate it. The Cheshire County Sheriff's Dept. failed to uphold their US Constitutional duties. This is called Treason to the US Constitution.

I have raised many Lawful questions that need to be addressed. It has been over 13 years without my biological offspring, and still to this date, not one of my orders have ever been properly signed as required under NH RSA 493 A1a.

The NH Supreme Court allows this to happen as they agreed to the executive branch paying the judicial branch to use referees who can't practice law to arrest and detain their citizens without Due Process of Law.

5/2/26, 3:59 PM
Case 1:26-cv-00226-SM-TSM    Document 12    Filed 05/04/26    Page 37 of 42
Discretionay appeal for Orig - Google Docs

Page 17:

(f) A concise statement specifying the stage of the proceedings in the trial court or administrative agency at which the questions sought to be reviewed were raised, the manner in which they were raised, and the way in which they were passed upon by the trial court or administrative agency;

**Case numbers 213 2025 CR 00431 and 213 2025 CR 00021.**
The prosecutor just motioned Cheshire Superior Court to join 213 2025 CR 00431 and 213 2025 CR 00021.
One (1) Breach of Bail, Two (2) Violations of protective orders and one (1) new charge of a "propensity to commit criminal conduct ". Four (4) total charges.
213 2025 CR 00431 was appealed from 8th Circuit Court case numbers 00076 and 1147. Cheshire Superior Court Conference for case 213 2025 CR 00431 is scheduled for March 4th, 2026.
Referee Ryan signed the 00776 Order on Aug 6th without a justices signature as required by NH RSA 493 A1a. Aug 25th Order Referee Ryan signed another order, found me guilty of violating a protective order without a justice's required signature, again. Three (3) orders in total he signed without a justices signature.

I hired Counsel to file a motion to reverse findings in 00776 and to represent me in case number 01147. I was also found guilty. Both cases are appealed by my counsel to Cheshire Superior Court, however biases have been previously seen by Cheshire Superior Judge Edwards, related to this case, and NH Supreme Court is the only court that can offer a proper and lawful remedy.
The MOU, the statutes used, the constitutional violations, taken along with the malicious prosecution from the State of NH, and over 13 years to date of active Criminal Statute Protective Orders issued without actual evidence, it's time for NH Supreme Court to order an immediate remedy for the actual best interest of the minor child in support of justice.

**Child Support case number 649 2025 CR 00255:** After Referee Forrest accepted an Affidavit of Truth, having me arrested twice, and denied access to evidence to defend twice, with no justices signatures, I filed an Extraordinary Writ of Mandamus in Cheshire Superior Court, however biases have been shown in all lower courts and NH Supreme Court is the only court that can offer a proper and lawful remedy.

Page 18:

To the best of my knowledge an overwhelming amount of these questions were denied in my previous pleadings.
**Judicial review is warranted and required under the best interest of the child and interest of justice.**

(g) A direct and concise argument amplifying the reasons relied upon for petitioning this court to exercise its original jurisdiction (see section 1 above) and setting forth why the relief sought is not available in any other court or cannot be had through other processes;

If rules of evidence do not apply, making all information unreliable and incomplete as defined, then a preponderance of evidence could not apply. When the burden of proof is shifted from the plaintiff to the defendant, it does not comply with due process. See Art. 15 NH Constitution (Rights of the Accused).

If it's truly and solely a presumption that allows the state to make the best interest of the children's determination (but evidence is required to make the presumption) and rules of evidence do not apply, (making evidence unreliable and incomplete) how could a corporate fiction ever make finding of fact with conclusions of law that are in the best interest of anyone ? (2011) NH Miller v Todd ? Doesn't this violate NH Constitution Art. 15 (Rights of the Accused) ?

Can an Article I inferior state court that was statutorily created by the NH Constitution, ignore NH Constitutional protections and statutory obligations as noted in Art 15 (Rights of the Accused) and NH RSA 493 A1a ?
The Justice assigned to the appeals, Anne Edwards has shown prior bias already in regards to the arrest associated with this case.

If Art III Sec 2 of The US Constitution gives the supreme court jurisdiction when the state is a party, please accept my Petition for the actual best interest of the child, interest of justice, and to prove I am not the one committing serious crimes with a propensity to commit criminal conduct.

**The NH Supreme Court perpetrated this catastrophic failure with the MOU.**

Page 19:

There can be no relief sought in the lower court as NH Supreme Court is responsible for the Executive Branch payments to allow judicial referees under NH RSA 490 F:15 to violate NH RSA 493 A1:a (all recommendations must get a justice to sign to make binding court orders) and enforce custody orders. This happens when Cheshire County Sheriff's Dept arrests and detain its citizens unconstitutionally without Due Process of Law.

Does an interdepartmental secret agreement, where the parties responsible can not be held legally liable and enjoy the freedoms to preserve immunity (against Trump v US 2024) really get to really enforce a court order on its citizens without a binding signed and agreed upon contract by all parties ?

Michael Garner noted that the burden of proof was shifted, it required no fair evidence, and James Carroll's Protective Orders noted no specifics to criminal threatening or criminal harassment findings. This was after 5 pages Domestic Vlolence Petition "had no threats or acts of violence" noted by James Carroll of 4th Circuit Family Court and somehow the hearings complied with due process.

Ms. May got sole custody because of the protective order without clear and convincing evidence or proof beyond a reasonable doubt. I have been asking for Judicial review of these administrative orders for many years, with no remedy. T.O.C. is almost 15 now, and I have spent 6 hours in the last 13 years with him. Eleven (11) years ago, NH Family Court allowed HIllary C May to relocate 700 miles away to North Carolina with T. O.C. Was this really judicially in the best interest of the minor child ?

 (h) The jurisdictional basis for the petition, citing the relevant statutes or cases;

https://constitution.congress.gov/browse/essay/artIII-S2-C2-1/ALDE_00013617/
ArtIII.S2.C2.1 Overview of Supreme Court Jurisdiction
Article III, Section 2, Clause 2:

Page 20:

In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction. In all the other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make.

Article III, Section 2, Clause 2 of the Constitution defines the Supreme Court's jurisdiction. The clause creates two types of Supreme Court jurisdiction that apply to different categories of
cases. First, the clause grants the Court original jurisdiction over Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party.[1] The constitutional grant of original jurisdiction over such cases means that they may be filed directly in the Supreme Court rather than reaching the Court on appeal from another court. The Supreme Court has held that its original jurisdiction flows directly from the Constitution and is therefore self-executing without further action by Congress.[2]

(i) A statement, if applicable, that every issue specifically raised has been presented to the trial court or administrative agency and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading;

Issues have been raised and preserved.

**There will never be proper pleadings with dirty hands in a poisonous tree.**

(j) A list of all parties of record and their counsel, the addresses of all parties and counsel, and the New Hampshire Bar identification numbers of counsel for the moving party;

Hillary May: 108 Ackley Court Cary, NC 27513

Tarbell and Brodich 45 Centre St Concord NH 03301

Page 21:

Duncan A. Edgar Esq # 266272 Asst AG, NHDOJ 1 Granite Place, Concord, NH 03301

Dennis J. Thiverge NH Bar # 5611 NH State Police Troop C 15 Ashbrook Ct. Keene, NH 03431

Kimberly A. Kossick #17341 CHeshire County Attorneys office 12 Court St, Keene, NH 03431

Thomas M. Rogers, Esq 267655 P.O.Box 222 Manchester, NH 03105

Randall Collier 26 Joslin Rd Surry, NH 03431

Transcripts will be needed

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Filed: May _____, 2026 — End of Inquiry