*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

Randall Collier
26 Joslin Rd
Surry, New Hampshire 03431
Phone: (603) 803-3648
Email: 042611t@gmail.com
*Sui Juris, Pro Se, All Rights Reserved*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RANDALL COLLIER,<br>    Plaintiff,<br>v.<br>STATE OF NEW HAMPSHIRE, ET AL.,<br>    Defendants. | **Case No. 1:26-cv-00226-SM-TSM** |

### ERRATA NOTICE
*Corrections to Supplemental Notice (Doc. No. 11)*
*and Notice of Supplemental Authority (Doc. No. 12)*

Plaintiff Randall Collier respectfully files this Errata Notice to correct factual errors identified in two previously filed documents: the Supplemental Notice in Support of Motion for Reconsideration (Doc. No. 11) and the Notice of Supplemental Authority in Support of Pending Amended Complaint (Doc. No. 12). Plaintiff identifies the corrections below in the interest of accuracy and to ensure the Court's record reflects the facts as they occurred.

**CORRECTION NO. 1**
*Applicable to: Notice of Supplemental Authority (Doc. No. 12), Introductory Paragraph*

As filed, the introductory paragraph reads:

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

> *"...to bring before the Court evidence and developments that occurred after the filing of the Amended Complaint on April 27, 2026..."*

The corrected language should read:

> *"...to bring before the Court evidence and developments that were not included in the Amended Complaint filed on April 27, 2026, which are directly material to the Court's preliminary screening..."*

The evidence referenced in the Notice of Supplemental Authority occurred prior to the filing of the Amended Complaint but was not included in that pleading. The correction accurately reflects that this evidence supplements the Amended Complaint's factual record rather than documenting post-filing developments.

## CORRECTION NO. 2
*Applicable to: Supplemental Notice (Doc. No. _11) and Notice of Supplemental Authority (Doc. No. 12)*

As filed, both documents state:

> *That NH Superior Court Executive Administrator Anne Edwards "granted immunity to the terminated oath-less Magistrate Johnson."*

The corrected statement should read:

> *NH Superior Court Executive Administrator Anne Edwards granted immunity to the NH State Police for the arrest of Plaintiff based on the warrant signed by Magistrate Stephanie Johnson, who did not have an oath of office on file as*

Page 2 of 4

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

*confirmed by the NH Secretary of State's email of June 16, 2025 (Exhibit A). Magistrate Johnson has since been terminated for misconduct. Rather than addressing the constitutional defect—a void warrant signed by an unauthorized individual—Executive Administrator Edwards shielded the enforcement apparatus that executed the void warrant.*

This correction applies to the following specific paragraphs:

**In the Supplemental Notice (Doc. No. _11):**
Paragraph 18, which should read: "Executive Administrator Anne Edwards, assigned to the criminal case, granted immunity to the NH State Police for the arrest of Plaintiff based on the void warrant signed by the terminated oath-less Magistrate Johnson."

Paragraph 23(l), which should read: "Executive Administrator Edwards grants immunity to the State Police for executing the void warrant, then disqualifies Plaintiff's chosen counsel without offering a conflict waiver."

**In the Notice of Supplemental Authority (Doc. No. 12):**
Paragraph 11, which should read: "NH Superior Court Executive Administrator Anne Edwards, assigned to Plaintiff's criminal cases arising from the void warrant, granted immunity to the NH State Police for the arrest of Plaintiff based on the warrant signed by the terminated oath-less Magistrate Johnson."

Paragraph 14(d) (Count IV mapping), which should read: "The coordinated actions—void warrant by oath-less magistrate, immunity to State Police by Edwards, disqualification of counsel, NH Supreme Court denial—constitute a conspiracy to deprive Plaintiff of equal protection and due process."

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

This correction strengthens rather than diminishes Plaintiff's claims. Executive Administrator Edwards did not merely protect the individual who signed the void warrant—she shielded the entire enforcement chain that executed it. The NH State Police arrested Plaintiff on a warrant signed by an individual who never held lawful authority to issue warrants. Rather than vacating the arrest or addressing the void warrant, Edwards granted immunity to the arresting officers, insulating the consequences of the constitutional violation from review. This broader immunity grant supports the conspiracy claim (Count IV, 42 U.S.C. § 1985) and the RICO pattern (Count V, 18 U.S.C. § 1962) more directly than the prior formulation.

No other changes are made to either document. All other facts, legal arguments, case citations, and requests for relief remain as filed.

/s/ RANDALL COLLIER   DATE: MAy 11ᵗʰ 2026

Randall Collier
*Sui Juris, Pro Se, All Rights Reserved*
26 Joslin Rd
Surry, New Hampshire 03431
Phone: (603) 803-3648
Email: 042611t@gmail.com