*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER,

   *Plaintiff,*

   v.

STATE OF NEW HAMPSHIRE, ET AL.,

   *Defendants.*

**Case No. 1:26-cv-00226-SM-TSM**

## PART 1: REQUEST FOR ENTRY OF DEFAULT

## AGAINST DEFENDANT HILLARY MAY (MERRITT)

*Pursuant to Fed. R. Civ. P. 55(a)*

TO THE CLERK OF COURT:

Plaintiff Randall Collier, appearing Sui Juris, Pro Se, respectfully requests that the

Clerk of Court enter default pursuant to Federal Rule of Civil Procedure 55(a)

against Defendant Hillary May (now Merritt) based on the following:

1. On April 27, 2026, Plaintiff filed his Amended Complaint in the above-captioned action, asserting six counts against multiple defendants including Defendant Hillary May (now Merritt).

2. Defendant Hillary May (Merritt) has been served three (3) separate times at her address: 108 Ackley Court, Cary, North Carolina 27513, as follows:

(a) First Service (Notice of Removal): Mailed March 27, 2026, by certified mail. USPS Tracking Number 9589071052701714862523 confirms delivery on April 6, 2026, at 6:25 PM, Cary, NC 27513, "Left with Individual." A printout of the USPS tracking confirmation is attached as Exhibit A.

(b) Second Service (Amended Complaint): Mailed April 27, 2026, by certified mail. USPS Tracking Number 70173040000056107423 confirms delivery on May 4, 2026, at 4:18 PM, Cary, NC 27513, "Left with Individual." A printout of the USPS tracking confirmation is attached as Exhibit B.

(c) Third Service (Motion for Reconsideration, Supplemental Notice, and Notice of Supplemental Authority): Mailed May 5, 2026, by certified mail with return receipt requested. The certified mail return receipt (green card) was signed by an agent on behalf of the Defendant and

returned to Plaintiff, confirming delivery. A copy of the green card is attached as Exhibit C.

3. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant was required to serve an answer or other responsive pleading within twenty-one (21) days after being served with the Amended Complaint. The Amended Complaint was delivered on May 4, 2026. Defendant's deadline to respond was May 25, 2026.

4. As of the date of this filing, May 27, 2026 — two days past the deadline and fifty-one days after Defendant first received notice of this federal action — Defendant Hillary May (Merritt) has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Specifically:

(a) Defendant has not filed an answer;

(b) Defendant has not filed a motion to dismiss;

(c) Defendant has not filed any other responsive pleading;

(d) Defendant has not entered an appearance;

(e) Defendant has not requested an extension of time to respond.

5. Defendant is not an infant, an incompetent person, or in the military service of the United States, and is not otherwise exempted from default under the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901–3959.

6. Plaintiff has verified through the Court's docket that no filing of any kind has been made by or on behalf of Defendant Hillary May (Merritt) in this action.

WHEREFORE, Plaintiff respectfully requests that the Clerk of Court enter default against Defendant Hillary May (Merritt) pursuant to Federal Rule of Civil Procedure 55(a), and that such entry of default be noted on the docket.

# PART 2: MOTION FOR DEFAULT JUDGMENT

## AGAINST DEFENDANT HILLARY MAY (MERRITT)

*Pursuant to Fed. R. Civ. P. 55(b)(2)*

NOW COMES the Plaintiff, Randall Collier, appearing Sui Juris, Pro Se, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(b)(2) for the entry of Default Judgment against Defendant Hillary May (now Merritt), upon the Clerk's entry of default under Rule 55(a), on the grounds set forth below.

## I. CLAIMS DEEMED ADMITTED

Upon entry of default, the well-pleaded allegations of the Amended Complaint are deemed admitted as to Defendant Hillary May (Merritt). The following facts are established:

1. On December 13, 2012, Defendant filed a Domestic Violence Petition based on allegations of "harassment," "abuse," and "threatening" that were directly contradicted by three Laconia Police reports dated November 18, November 23, and December 2, 2012, all of which found no threat, no violence, and no danger. The December 2 report concluded: "There will be no further police assistance with this request, an emergency order of protection was not required."

2. Through the baseless DV Petition, Defendant obtained a protective order from the NH 4th Circuit Family Division — a statutory court where, by Referee

Garner's own admission, "rules of evidence do not apply." The protective order has been continuously extended from 2013 to 2030 — seventeen years.

3. Sole custody of the minor child T.C. was awarded to Defendant "because of the Domestic Violence Protective Order" — a derivative determination based on the baseless protective order, not an independent best-interests analysis. Plaintiff has spent six hours with T.C. in thirteen years.

4. In February 2013, Defendant's attorney Tony Tarbell, through paralegal Debra Mayo, communicated to Plaintiff: "She will never agree to 50/50 custody with you" — before the custody determination was made — revealing a predetermined outcome that the court subsequently ratified, in a state where NH RSA 461-A:2 declares that "children do best when both parents have a stable and meaningful involvement in their lives."

5. Defendant ceased all telephone communication with Plaintiff approximately four years ago, in violation of her own parenting plan. Plaintiff's attempts to communicate with his son through email were then used by Defendant as the basis for criminal prosecution.

6. Defendant relocated with the minor child to North Carolina. The distance was subsequently weaponized by the court system to deny Plaintiff's modification requests.

7. Defendant provided a characterization of Plaintiff as a "sovereign citizen" to Trooper Paul Bergeron of the NH State Police, which was included without verification in a sworn probable cause affidavit and used to obtain a void arrest warrant signed by Magistrate Stephanie Johnson — who had no oath on file per the NH Secretary of State and was subsequently terminated for misconduct.

8. Defendant initiated the investigation that led to Plaintiff's arrest by contacting the NH State Police "at the direction of her attorney" (Transcript, July 24, 2025 Hearing, p. 21, lines 18-22), resulting in criminal charges based on emails sent by a father attempting to communicate with his child.

9. At the July 24, 2025 hearing, the State's own witness (Trooper Bergeron) admitted under oath that he did not witness any crime (Tr. 24:17), that there were no physical injuries reported by any party (Tr. 24:21-22), and that the investigation originated entirely from Defendant's report. The State's prosecutor admitted Plaintiff has no criminal record (Tr. 43:5-6).

## II. DAMAGES

10. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the following damages:

(a) Loss of the parent-child relationship for thirteen years (2012–2026), encompassing the entirety of T.C.'s childhood from age one to age fifteen, constituting deprivation of a fundamental liberty interest

recognized by the United States Supreme Court in Troxel v. Granville, 530 U.S. 57 (2000), and Stanley v. Illinois, 405 U.S. 645 (1972). Comparable jury verdicts include Hamp v. Herron (Colorado, $21.3 million for three years of separation) and Hogan v. Cherokee County ($4.6 million for thirteen months of separation);

(b) Severe emotional distress from the complete destruction of the father-son relationship based on baseless allegations contradicted by three independent police investigations;

(c) Criminal prosecution under five separate charges (449-2025-CR-00776, 449-2025-CR-01147, 449-2025-CR-01196, 213-2025-CR-00431, 213-2026-CR-00021), all arising from Defendant's reports to law enforcement and the void protective order;

(d) Arrest and detention under a void warrant signed by an oath-less magistrate since terminated for misconduct, based on a probable cause affidavit containing Defendant's unverified characterizations;

(e) Revocation of bail and imposition of $1,000 cash bail despite no criminal record and no evidence of dangerousness;

(f) Loss of driver's license directed by BCSS through DMV without a hearing.

(g) Economic harm including child support obligations, attorney fees, bail payments, and costs of litigation across nine separate proceedings at every level of the state and federal court system;

(h) Deprivation of Sixth Amendment right to counsel of choice when defense attorney Rogers was disqualified by Judge Edwards, leaving Plaintiff unrepresented in five active criminal charges;

(i) Loss of reputation and standing in the community through criminal prosecution, arrest, and protective order enforcement based entirely on baseless allegations.

## III. REQUEST FOR REFERRAL FOR CRIMINAL INVESTIGATION

11. Plaintiff respectfully requests that this Court refer the conduct of Defendant Hillary May (Merritt) to the United States Attorney for the District of New Hampshire for investigation of potential criminal violations, including but not limited to:

(a) Filing a false statement in a judicial proceeding — the December 13, 2012 DV Petition contained allegations directly contradicted by three contemporaneous police reports finding no threat, no violence, and no danger;

(b) Providing false information to law enforcement — Defendant provided the unverified "sovereign citizen" characterization to Trooper Bergeron that was included in a sworn probable cause affidavit, contributing to a void arrest warrant;

(c) Conspiracy to deprive Plaintiff of civil rights under 18 U.S.C. § 241 — Defendant acted in concert with state officials to deprive Plaintiff of his fundamental parental rights, liberty interests, and due process rights through the systematic misuse of the Title IV-D administrative apparatus;

(d) Obstruction of justice — Defendant's pattern of baseless allegations and false reports to law enforcement has been used to obstruct Plaintiff's attempts to access his child, pursue custody modification, and exercise his constitutional rights.

## IV. RELIEF REQUESTED

12. Plaintiff respectfully requests that this Court enter Default Judgment against Defendant Hillary May (Merritt) and grant the following relief:

(a) Compensatory damages in an amount to be determined by the Court or by a jury, accounting for thirteen years of deprivation of the fundamental right to parent, severe emotional distress, economic harm, criminal prosecution, loss of liberty, and the complete

destruction of the parent-child relationship during the entirety of T.C.'s childhood;

(b) Punitive damages in an amount sufficient to punish Defendant for the willful, malicious, and deliberate nature of the conduct — including filing a baseless DV petition contradicting three police reports, engineering a predetermined custody outcome, ceasing all communication in violation of her own parenting plan, providing false characterizations to law enforcement, and initiating criminal prosecution against a father for attempting to contact his child;

(c) Declaratory relief declaring that Defendant's conduct constituted a violation of Plaintiff's constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution;

(d) Injunctive relief ordering the immediate modification of the custody arrangement to provide Plaintiff with shared parenting time with his son T.C., consistent with NH RSA 461-A:2 and the fundamental liberty interest recognized in Troxel v. Granville;

(e) Injunctive relief vacating the protective order issued by the NH 4th Circuit Family Division on February 4, 2013, and all extensions

thereof through 2030, as the product of a baseless petition contradicted by three police investigations;

(f) An order dismissing all criminal charges against Plaintiff that arose from the void warrant and the baseless protective order, as fruit of the poisonous tree;

(g) Referral of Defendant's conduct to the United States Attorney for the District of New Hampshire for investigation of potential criminal violations under 18 U.S.C. §§ 241, 1001, and 1621;

(h) Costs of litigation; and

(i) Such other and further relief as this Court deems just and proper.

## V. HEARING REQUEST

13. Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff respectfully requests that the Court schedule a hearing to determine the amount of damages. Plaintiff is prepared to present testimony and documentary evidence in support of his damages claim, including but not limited to: the three police reports, the DV Petition, the Tarbell/Mayo email, the Secretary of State email, the probable cause affidavit, the hearing transcripts, the Rogers Motion, and thirteen years of documented systematic deprivation.

Respectfully submitted,

/s/ RANDALL COLLIER      DATE: May 28, 2026

Randall Collier

*Sui Juris, Pro Se*

*United States Navy Veteran*

26 Joslin Rd

Surry, New Hampshire 03431

Phone: (603) 803-2648

Email: 042611t@gmail.com

## VERIFICATION

I, Randall Collier, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the

foregoing statements are true and correct to the best of my knowledge, information, and belief.

This verification is based on personal knowledge.

/s/ RANDALL COLLIER    DATE: May 28, 2026

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

# CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I certify that this filing complies with the privacy requirements of Fed. R. Civ. P. 5.2 and does not contain any unredacted Social Security numbers, taxpayer identification numbers, birth dates (other than year), names of minor children (referred to by initials only), or financial account numbers.

/s/ RANDALL COLLIER    DATE: May 28, 2026

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2026, the foregoing REQUEST FOR ENTRY OF

DEFAULT AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HILLARY

MAY (MERRITT) was filed with the Clerk of Court and served by first-class United States Mail,

postage prepaid, upon the following:


Hillary May (Merritt)

108 Ackley Court

Cary, NC 27513


All other parties of record via first-class mail as applicable.

/s/ RANDALL COLLIER     DATE: May 28, 2026

# PROPOSED ORDER NO. 1

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

Collier v. State of New Hampshire, et al.

### Case No. 1:26-cv-00226-SM-TSM

## CLERK'S ENTRY OF DEFAULT

### AGAINST DEFENDANT HILLARY MAY (MERRITT)

Upon application of Plaintiff Randall Collier, and it appearing to the Clerk that Defendant Hillary May (Merritt) was duly served with the Amended Complaint, as confirmed by USPS Tracking Number 70173040000056107423 showing delivery on May 4, 2026, at Cary, NC 27513, and that more than twenty-one (21) days have elapsed since service, and that said Defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure:

IT IS HEREBY ORDERED that the default of Defendant Hillary May (Merritt) is entered on the docket of this case pursuant to Federal Rule of Civil Procedure 55(a).

DATE: _____

_____

Clerk of Court

United States District Court

District of New Hampshire

# PROPOSED ORDER NO. 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Collier v. State of New Hampshire, et al.

**Case No. 1:26-cv-00226-SM-TSM**

## ORDER GRANTING DEFAULT JUDGMENT
### AGAINST DEFENDANT HILLARY MAY (MERRITT)

Upon consideration of Plaintiff's Motion for Default Judgment, the Clerk's Entry of Default, and the record before the Court, and the Court having found that the well-pleaded allegations of the Amended Complaint are deemed admitted upon default:

IT IS HEREBY ORDERED:

1. Default Judgment is ENTERED against Defendant Hillary May (Merritt) on all counts of the Amended Complaint;

2. Plaintiff is awarded compensatory damages in the amount of $_____;

3. Plaintiff is awarded punitive damages in the amount of $_____;

4. The protective order issued by the NH 4th Circuit Family Division on February 4, 2013, and all extensions thereof through 2030, is hereby VACATED as the product of a baseless petition;

5. The custody arrangement for the minor child T.C. is hereby MODIFIED to provide Plaintiff with shared parenting time consistent with NH RSA 461-A:2 and the fundamental liberty interest recognized in Troxel v. Granville, 530 U.S. 57 (2000);

6. All criminal charges against Plaintiff arising from the void warrant and baseless protective order (Case Nos. 449-2025-CR-00776, 449-2025-CR-01147, 449-2025-CR-01196, 213-2025-CR-00431, 213-2026-CR-00021) are hereby DISMISSED as fruit of the poisonous tree;

7. The conduct of Defendant Hillary May (Merritt) is hereby REFERRED to the United States Attorney for the District of New Hampshire for investigation of potential criminal violations under 18 U.S.C. §§ 241, 1001, and 1621;

8. Plaintiff is awarded costs of litigation;

9. Such other and further relief as this Court deems just and proper.


**SO ORDERED.**


DATE: _____


_____

Hon. Steven J. McAuliffe

United States District Judge

District of New Hampshire

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

# EXHIBIT A

## USPS Tracking Confirmation — First Service

### Notice of Removal

Tracking Number: 9589071052701714862523

Mailed: March 27, 2026, from Keene, NH 03431

Delivered: April 6, 2026, 6:25 PM

Location: Cary, NC 27513 — "Left with Individual"

# USPS Tracking®

FAQs >

Tracking Number:                                                    Remove ✕

## 9589071052701714862523

Copy          Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the address at 6:25 pm on April 6, 2026 in CARY, NC 27513.

---

## Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered

### Delivered, Left with Individual

CARY, NC 27513
April 6, 2026 6:25 PM

**See All Tracking History**

## What Do USPS Tracking Statuses Mean?

---

**Text & Email Updates**                                              ⌄

---

**USPS Tracking Plus®**                                               ⌄

---

**Product Information**                                               ⌄

---

See Less ⌃

---

Track Another Package

Enter tracking or barcode numbers

# EXHIBIT B

## USPS Tracking Confirmation — Second Service

### Amended Complaint

Tracking Number: 70173040000056107423

Mailed: April 27, 2026, from Keene, NH 03431

Delivered: May 4, 2026, 4:18 PM

Location: Cary, NC 27513 — "Left with Individual"

Case 1:26-cv-00226-SM-TSM    Document 17    Filed 06/04/26    Page 24 of 27

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70173040000056107423

Copy        Add to Informed Delivery

### Latest Update

Your item was delivered to an individual at the address at 4:18 pm on May 4, 2026 in CARY, NC 27513.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, Left with Individual**

CARY, NC 27513
May 4, 2026 4:18 PM

**See All Tracking History**

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**                                              ⌄

**USPS Tracking Plus®**                                               ⌄

**Product Information**                                               ⌄

Feedback

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# EXHIBIT C

Certified Mail Return Receipt (Green Card) — Third Service

Motion for Reconsideration, Supplemental Notice,

and Notice of Supplemental Authority

Mailed: May 5, 2026, from Keene, NH 03431

Delivered to: Hillary Merritt (May)

108 Ackley Court, Cary, NC 27513

Signed by: Agent on behalf of Defendant



**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hillory Merritt May
108 Ackley Ct
Cary, NC
27513

9590 9402 0035 6058 9637 04

2. Article Number (Transfer from service label)

9589 0710 5270 3850 5208 24

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail
- ☐ Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**USPS TRACKING #**



9590 9402 0035 6058 9637 04

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

R Collier
86 Joslin Rd
Surry NH
03431

Retail

U.S. POSTAGE PAID
FCM LG ENV
KEENE, NH 03431
MAY 28, 2026

UNITED STATES
POSTAL SERVICE®

03301

RDC 99

$3.00

S2324K500105-22

FROM:

R Collier
26 JOSLIN Rd
Surry NH
03431

TO:

NH District Court
Clerk of Court
55 Pleasant Street.
Concord NH
03301