**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER,

*Plaintiff,*

v.

STATE OF NEW HAMPSHIRE, ET AL.,

*Defendants.*

**Case No. 1:26-cv-00226-SM-TSM**

# MOTION TO COMPEL CLERK'S ENTRY OF DEFAULT

## AGAINST TEN NON-RESPONDING DEFENDANTS

*Pursuant to Fed. R. Civ. P. 55(a) and 28 U.S.C. § 1654*

NOW COMES Plaintiff Randall Collier, appearing Sui Juris, Pro Se, and respectfully moves this Court to direct the Clerk of Court to enter default pursuant to Federal Rule of Civil Procedure 55(a) against the ten non-responding Defendants identified below. The Clerk has failed to perform this ministerial duty

despite two separate filings and a telephone inquiry over a combined period of eighty (80) days.

## I. PROCEDURAL HISTORY OF DEFAULT REQUESTS

1. On or about May 29, 2026, Plaintiff filed a Request for Entry of Default and Motion for Default Judgment against Defendant Hillary May (Merritt). The filing included proof of service by USPS Tracking Number 70173040000056107423 confirming delivery on May 4, 2026. The 21-day deadline expired May 25, 2026. As of the date of this Motion, the Clerk has not entered default. This request has been pending for approximately eighty (80) days.

2. On or about July 30, 2026, Plaintiff filed a Demand for Entry of Default against Defendant Hillary May (Merritt), noting that the original request had been pending for over sixty days without action. As of the date of this Motion, the Clerk has not entered default. This demand has been pending for approximately eighteen (18) days.

3. On or about July 30, 2026, Plaintiff filed a Request for Entry of Default Against Multiple Non-Responding Defendants, identifying nine additional Defendants who were served with the Amended Complaint and failed to respond within the applicable deadlines. As of the date of this Motion, the Clerk has not entered default against any of them. This request has been pending for approximately eighteen (18) days.

4. On August 10, 2026, at approximately 9:40 AM, Plaintiff telephoned the Clerk's Office to inquire about the status of the pending default requests. Plaintiff was told to "be patient" and that he was "not the only one" in the court. Plaintiff left a voicemail message for the case manager. As of the date of this Motion, seven (7) days later, the case manager has not returned the call and no action has been taken.

## II. ENTRY OF DEFAULT IS A MINISTERIAL ACT

5. Entry of default under Federal Rule of Civil Procedure 55(a) is a ministerial act, not a discretionary judicial function. The Rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The word "must" is mandatory. The Clerk's role is limited to confirming three facts:

(a) The Defendant was properly served;

(b) The deadline to respond has passed; and

(c) No response has been filed.

6. All three conditions are met for every Defendant listed below. Plaintiff has provided certified mail return receipts (green cards) and USPS tracking confirmations for each Defendant. Plaintiff verified through the Court's PACER docket on July 27, 2026, and again on August 10, 2026, that no Defendant has filed

any response. The Clerk has everything required to enter default and has not done so.

**III. THE TEN NON-RESPONDING DEFENDANTS**

7. The following Defendants have been served, have failed to respond, and are entitled to entry of default under Rule 55(a):

(a) Hillary May (Merritt) — Served May 4, 2026 (USPS tracking confirms delivery). 21-day deadline: May 25, 2026. Days past deadline as of this filing: EIGHTY-FOUR (84). Original default request filed May 29, 2026. Demand filed July 30, 2026. TWO filings. ZERO action by the Clerk.

(b) Referee Ryan — Served May 6, 2026, at 33 Winter Street, Keene, NH (green card signed by Molly, Keene District Court). 21-day deadline: May 27, 2026. Days past deadline: EIGHTY-TWO (82).

(c) Anne Edwards, Superior Court Executive Administrator — Served May 6, 2026, at 12 Court Street, Keene, NH (green card signed by agent, Bridgewood). 21-day deadline: May 27, 2026. Days past deadline: EIGHTY-TWO (82).

(d) Referee Michael Garner — Served May 7, 2026, at 26 Academy Street, Laconia, NH (green card signed by Robert Maxshell). 21-day deadline: May 28, 2026. Days past deadline: EIGHTY-ONE (81).

(e) Referee Gordon — Served May 7, 2026, at 26 Academy Street, Laconia, NH (green card signed by agent). 21-day deadline: May 28, 2026. Days past deadline: EIGHTY-ONE (81).

(f) Referee Laura Lombardi — Served May 7, 2026, at 26 Academy Street, Laconia, NH (green card signed by agent). 21-day deadline: May 28, 2026. Days past deadline: EIGHTY-ONE (81).

(g) Referee James Carroll — Served May 8, 2026, at 26 Academy Street, Laconia, NH (green card signed by Mike S). 21-day deadline: May 29, 2026. Days past deadline: EIGHTY (80).

(h) Todd Shanks, Cheshire County Sheriff — Served May 14, 2026, at 12 Court Street, Keene, NH (green card signed by Conor Brown, addressee). 21-day deadline: June 4, 2026. Days past deadline: SEVENTY-FOUR (74).

(i) Duncan Edgar, New Hampshire Attorney General — First served April 3, 2026 (green card signed by R. Ames, NH DOJ). Additionally served April 8, 2026 (S. Hutton) and May 7, 2026 (A. Combs). 60-day

deadline from first service: June 2, 2026. Days past deadline: SEVENTY-SIX (76). Three separate mailings, three confirmed deliveries, ZERO responses.

(j) Bureau of Child Support Services (BCSS) / NH DHHS — First served May 4, 2026 (green card signed by Nicole Forgess). Additionally served May 6, 2026 (Raquel Rodrigues). 60-day deadline: July 3, 2026. Days past deadline: FORTY-FIVE (45). BCSS has sent Plaintiff NINE separate mailings during the pendency of this action (postmarked March 20, May 13, May 19, May 26, July 7, July 17, July 30, August 14, and one undated) but has filed ZERO responses in this Court.

**IV. PREJUDICE TO PLAINTIFF**

8. The Clerk's failure to perform this ministerial act prejudices Plaintiff in multiple ways:

(a) Plaintiff cannot proceed to the Motion for Default Judgment stage under Fed. R. Civ. P. 55(b) until default is entered under Rule 55(a). The Clerk's inaction blocks the next procedural step;

(b) Plaintiff was incarcerated for fifty-five (55) days (May 29 through approximately July 23, 2026) and was unable to follow up on his

default filings during that period. Plaintiff files this Motion at the earliest reasonable opportunity following his release;

(c) Plaintiff has an active appeal before the First Circuit (No. 26-1564) and has filed a Motion to Expedite noting the pattern of non-engagement at the District Court level. The Clerk's failure to act on ministerial duties is part of that pattern;

(d) Every day that default is not entered, the non-responding Defendants benefit from their own refusal to participate in this action.

## V. RELIEF REQUESTED

9. Plaintiff respectfully requests that this Court:

(a) Direct the Clerk of Court to enter default pursuant to Fed. R. Civ. P. 55(a) against all ten Defendants identified above within seven (7) days of this Order;

(b) If the Clerk identifies any deficiency in Plaintiff's filings that prevents entry of default, direct the Clerk to notify Plaintiff in writing of the specific deficiency so that it may be corrected;

(c) Note for the record that the Clerk's Office has failed to act on ministerial default requests for up to eighty (80) days, has told Plaintiff to "be

patient," and has not returned a voicemail left for the case manager on August 10, 2026;

(d) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ RANDALL COLLIER DATE: August 17th, 2026

Randall Collier

*Sui Juris, Pro Se*

*United States Navy Veteran*

26 Joslin Rd

Surry, New Hampshire 03431

Phone: (603) 803-2648

Email: 042611t@gmail.com

# VERIFICATION

I called the Clerk's Office on August 10, 2026, at approximately 9:40 AM and was told to "be patient." I left a voicemail for the case manager that has not been returned. On August 17, 2026, I spoke with NHDC staff member "Meg" who confirmed that no Defendant has filed any response in this action. This verification is based on personal knowledge.

/s/ RANDALL COLLIER DATE: August 17th, 2026

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I certify that this filing complies with the privacy requirements of Fed. R. Civ. P. 5.2.

/s/ RANDALL COLLIER DATE: August 17th, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, the foregoing Motion to Compel Clerk's Entry of Default was filed with the Court via CM/ECF. As no Defendant has entered an appearance or filed a responsive pleading in this action, and Requests for Entry of Default have been filed against all Defendants pursuant to Fed. R. Civ. P. 55(a), no service upon Defendants is required under Fed. R. Civ. P. 5(a)(2).



/s/ RANDALL COLLIER    DATE: August 17th, 2026

# PROPOSED ORDER

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

Collier v. State of New Hampshire, et al.

**Case No. 1:26-cv-00226-SM-TSM**

## ORDER DIRECTING CLERK'S ENTRY OF DEFAULT

Upon consideration of Plaintiff's Motion to Compel Clerk's Entry of Default, and the Court finding that the requirements of Fed. R. Civ. P. 55(a) have been satisfied as to each Defendant identified in the Motion, and that the Clerk's Office has not acted on the pending Requests for Entry of Default despite filings dating back to May 29, 2026:

IT IS HEREBY ORDERED:

1. The Clerk of Court shall enter default pursuant to Fed. R. Civ. P. 55(a) against the following Defendants within seven (7) days of this Order:

(a) Hillary May (Merritt)

(b) Referee Ryan

(c) Anne Edwards

(d) Referee Michael Garner

(e) Referee Gordon

(f) Referee Laura Lombardi

(g) Referee James Carroll

(h) Todd Shanks, Cheshire County Sheriff

(i) Duncan Edgar, NH Attorney General

(j) BCSS / NH DHHS

2. If the Clerk identifies any deficiency in Plaintiff's filings that prevents entry of default as to any Defendant, the Clerk shall notify Plaintiff in writing within seven (7) days, specifying the deficiency.

**SO ORDERED.**

DATE: ____________________

________________________________

Hon. Steven J. McAuliffe

United States District Judge

District of New Hampshire