UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Randall Collier

v. Civil No. 26-cv-226-SM-TSM

NH, State of

**ORDER**

Pro se plaintiff Randall Collier, after filing a notice of interlocutory appeal, has filed two requests for entry of default. (Doc. Nos. 17 and 18). For the reasons stated below, I decline to enter default as to any defendant.

## I. PROCEDURAL HISTORY

The plaintiff filed the case-initiating document in this matter on March 26, 2026. (Doc. No. 1). The court granted the plaintiff's request to proceed without prepaying fees or costs, for the purpose of waiving the filing fee, by endorsed order dated March 31, 2026. Pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.3(d)(2), a magistrate judge conducted a preliminary review of the plaintiff's filing. (Doc. No. 5 at 1). On April 23, the magistrate judge entered a report and recommendation. (Doc. No. 5). The magistrate judge also entered an order granting the plaintiff thirty days to file an amended complaint pursuant to Local Rule 4.3(d). (Doc. No. 6). The magistrate judge advised the plaintiff that the court "may subject that Amended Complaint to preliminary review, as appropriate, considering all the bases for dismissal allowed under 28 U.S.C.

§ 1915(3), LR 4.3(d), and other authorities." Id. The plaintiff timely filed an amended complaint on April 27, 2026. (Doc. No. 9). On May 13, the plaintiff filed a notice of interlocutory appeal (Doc No. 14) as to the district court's order approving the report and recommendation (Doc. No. 10).

The plaintiff's next step was to file requests for entry of default that are the subject of this order. (Doc. Nos. 17 and 18).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) dictates that the clerk must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Under the circumstances present here, a defendant is not required to act until after service with the summons and complaint. Fed. R. Civ. P. 12(a)(1). A summons must be signed by the clerk and bear the court's seal. Fed. R. Civ. P. 4(a)(1).

While the plaintiff avers that he has served various parties with the amended complaint by mailing it to them, this court has not yet issued a summons for service; therefore, no summons can have been served. Sues v. Quashie, No. 25-CV-11927-AK, 2025 WL 2379673, at *1 (D. Mass. Aug. 15, 2025)(denying motion for default judgment because "[s]ummons have not issued, making proper service impossible.") Because no summons has been

served, no defendant is required to take any action. Thus, there is no basis for the undersigned Clerk of Court to enter default.

After conducting preliminary review, the magistrate judge may direct service of process as to one or more defendants pursuant to Federal Rule of Civil Procedure 4(c)(3). If the court directs service, it will issue an order with further instructions for the plaintiff, which may include filing forms of summons for issuance by the clerk.

## III. CONCLUSION

In conclusion, I deny the plaintiff's requests for entry of default. (Doc. No. 17 and 18).

SO ORDERED.

Dated: August 17, 2026

Tracy A. Uhrin
Clerk of Court

cc: Randall Currier, pro se