**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER,

*Plaintiff,*

v.

STATE OF NEW HAMPSHIRE, ET AL.,

*Defendants.*

**Case No. 1:26-cv-00226-SM-TSM**

# MOTION TO SCREEN AMENDED COMPLAINT AND ISSUE SUMMONS

*Pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 4(c)(3)*

NOW COMES Plaintiff Randall Collier, appearing Sui Juris, Pro Se, and respectfully moves this Court to complete its preliminary screening of the Amended Complaint (Doc. No. 9) filed on April 27, 2026, and, if the Amended Complaint survives screening, to direct the Clerk of Court to issue summons under Fed. R. Civ. P. 4(c)(3) for service on all named Defendants.

## I. THE AMENDED COMPLAINT HAS NOT BEEN SCREENED IN 113 DAYS

1. Plaintiff filed Amended Complaint on April 27, 2026 (Doc. No. 9), asserting six counts: (I) Deprivation of Due Process under 42 U.S.C. § 1983; (II) Deprivation of Seventh Amendment Right to Jury Trial; (III) Deprivation of First Amendment Right to Petition; (IV) Conspiracy under 42 U.S.C. § 1985(3); (V) RICO under 18 U.S.C. § 1962; and (VI) Structural Challenge to the Title IV-D Scheme.

2. The Magistrate Judge, in her April 23, 2026 order (Doc. No. 6), granted Plaintiff thirty days to file the Amended Complaint and advised that the court "may subject that Amended Complaint to preliminary review, as appropriate, considering all the bases for dismissal allowed under 28 U.S.C. § 1915(3), LR 4.3(d), and other authorities."

3. As of the date of this Motion, August 18, 2026, one hundred and thirteen (113) days have elapsed since the Amended Complaint was filed. The Court has not conducted a preliminary review. The Court has not issued an R&R on the Amended Complaint. The Court has not issued summons. The Court has not directed service. The Amended Complaint sits unscreened.

4. By contrast, the Court screened Plaintiff's original complaint (Doc. No. 1, filed March 26, 2026) and issued the Magistrate Judge's R&R (Doc. No. 5) within

twenty-eight (28) days. The Court was capable of screening within weeks. The Amended Complaint has been waiting for months.

## II. THE COURT'S INACTION CREATED A CIRCULAR TRAP

5. On August 17, 2026, the Clerk of Court denied Plaintiff's Requests for Entry of Default (Doc. Nos. 17 and 18) on the ground that "this court has not yet issued a summons for service; therefore, no summons can have been served" (Doc. No. 22). The Clerk cited Fed. R. Civ. P. 12(a)(1) and 4(a)(1) and Sues v. Quashie, No. 25-CV-11927-AK (D. Mass. 2025).

6. The Clerk's denial, while procedurally noted, reveals a circular trap created by the Court's own inaction:

(a) Step 1: The Court has not screened the Amended Complaint, so no determination has been made regarding service;

(b) Step 2: Because the Court has not directed service, no summons has been issued;

(c) Step 3: Because no summons has been issued, Plaintiff cannot perfect service;

(d) Step 4: Because service has not been perfected, no Defendant is required to respond;

(e) Step 5: Because no Defendant is required to respond, Plaintiff cannot obtain a default;

(f) Step 6: The case cannot proceed at all until the Court acts — and the Court has not acted in 113 days.

7. The result is that Plaintiff's Amended Complaint — containing six properly pleaded counts, supported by certified mail return receipts, USPS tracking confirmations, hearing transcripts, Secretary of State correspondence, and the Interagency Memorandum of Understanding — sits in procedural limbo because the Court has not performed the screening it said it would perform.

## III. PATTERN OF PROCEDURAL OBSTRUCTION BY THE CLERK'S OFFICE

8. The Clerk's August 17, 2026 denial of default is not an isolated incident. It is part of a documented pattern of procedural obstruction by the Clerk's Office that has repeatedly blocked Plaintiff's access to the federal courts:

(a) On June 12, 2026, in the related habeas case (No. 1:26-cv-00448-SE-AJ), Clerk Tracy A. Uhrin rejected a Next Friend habeas petition filed by Plaintiff's sister, Roxanne Elaine Durfey, under 28 U.S.C. § 2242. The Clerk cited Federal Rule of Civil Procedure 11 as the basis for rejection, stating that "you are not a party to this case." This was legally incorrect. Section 2242 specifically authorizes habeas petitions

signed by "someone acting in his behalf" — the Next Friend doctrine confirmed by the Supreme Court in Whitmore v. Arkansas, 495 U.S. 149 (1990). The Clerk applied a general procedural rule (Rule 11) instead of the controlling federal habeas statute (§ 2242);

(b) On August 17, 2026, the same Clerk denied Plaintiff's Requests for Entry of Default by applying Fed. R. Civ. P. 4(a)(1) and 12(a)(1) — rules that place the burden on the PLAINTIFF to serve a court-issued summons — when the Court itself has not performed the screening necessary to trigger the issuance of summons under § 1915(e)(2) and Rule 4(c)(3). The Clerk applied procedural rules to deny relief that was unavailable because of the Court's own inaction;

(c) In both instances, the Clerk used procedural technicalities to block Plaintiff's filings while the underlying cause of the procedural deficiency was the Court's own failure to act. In the habeas case, the Court's failure to accept the Next Friend filing prevented Plaintiff from obtaining habeas relief while incarcerated. In this case, the Court's failure to screen the Amended Complaint prevents the case from proceeding at all.

9. This pattern has been reported to the United States Court of Appeals for the First Circuit in Plaintiff's Second Notice of Supplemental Authority under Fed. R. App.

P. 28(j), filed in Case No. 26-1564, documenting the institutional pattern of non-engagement at the District Court level.

## IV. PREJUDICE TO PLAINTIFF

10. During the 113 days the Amended Complaint has sat unscreened:

(a) Plaintiff was arrested on May 29, 2026, and held on a no-bond hold for fifty-five (55) days. Plaintiff was denied a hearing before a justice within thirty-six (36) hours as required, further denying him prompt judicial review of the lawfulness of his detention — consistent with the pattern of denying Plaintiff access to courts and judicial officers at every level of the system;

(b) The State added a retroactive speeding charge three months after the arrest;

(c) A child support Show Cause hearing was conducted on August 6, 2026, with a state attorney appearing with the Title IV-D Memorandum of Understanding;

(d) Two additional hearings are scheduled — September 3 (child support) and September 28 (criminal);

(e) BCSS, a named Defendant, has sent Plaintiff NINE separate mailings but has filed no response in this Court;

(f) The Clerk denied default on the basis that no summons has issued — a condition caused entirely by the Court's own delay in screening;

(g) Plaintiff has an active First Circuit appeal (No. 26-1564) and has filed a Motion to Expedite, citing the pattern of non-engagement at the District Court level.

## V. THE COURT'S OBLIGATION UNDER § 1915(e)(2)

11. Under 28 U.S.C. § 1915(e)(2), the Court is required to screen IFP complaints and dismiss those that are frivolous, fail to state a claim, or seek monetary relief from immune defendants. This screening obligation is mandatory — the statute says the court "shall dismiss" qualifying complaints. The corollary is that complaints that survive screening must be allowed to proceed, including through issuance of summons and direction of service.

12. If the Court determines that the Amended Complaint survives screening, it must direct service under Fed. R. Civ. P. 4(c)(3), which provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." For IFP plaintiffs, the court typically directs the marshal to serve process at no cost to the plaintiff.

13. The Amended Complaint has been pending for 113 days without screening. Plaintiff respectfully submits that 113 days is not consistent with the Court's obligation to screen IFP complaints promptly. Simmons v. Abruzzo, 49 F.3d 83 (2d

Cir. 1995). The Court screened the original complaint within 28 days. The Amended Complaint deserves the same attention.

**VI. RELIEF REQUESTED**

14. Plaintiff respectfully requests that this Court:

(a) Complete the preliminary screening of the Amended Complaint (Doc. No. 9) under 28 U.S.C. § 1915(e)(2) within thirty (30) days of this Motion;

(b) If the Amended Complaint survives screening in whole or in part, direct the Clerk of Court to issue summons under Fed. R. Civ. P. 4(a)(1) for all Defendants as to whom the Complaint survives;

(c) Direct service of process by the United States Marshal under Fed. R. Civ. P. 4(c)(3) at no cost to Plaintiff, consistent with Plaintiff's IFP status;

(d) Note for the record the 113-day delay in screening and the pattern of procedural obstruction by the Clerk's Office documented in Section III above;

(e) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ RANDALL COLLIER DATE: August 18th, 2026

Randall Collier

*Sui Juris, Pro Se*

*United States Navy Veteran*

26 Joslin Rd

Surry, New Hampshire 03431

Phone: (603) 803-2648

Email: 042611t@gmail.com

## VERIFICATION

I, Randall Collier, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief. The Amended Complaint was filed on April 27, 2026. The Clerk denied default on August 17, 2026, citing the absence of court-issued summons. No screening of the Amended Complaint has occurred in 113 days. This verification is based on personal knowledge and the Court's own docket.

/s/ RANDALL COLLIER DATE: August 18th, 2026

# CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I certify that this filing complies with the privacy requirements of Fed. R. Civ. P. 5.2.

/s/ RANDALL COLLIER DATE: August 18th, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, the foregoing Motion to Screen Amended Complaint and Issue Summons was filed with the Court via CM/ECF. As no summons has been issued and no Defendant has entered an appearance, no service upon Defendants is required at this time.

/s/ RANDALL COLLIER DATE: August 18th, 2026

# PROPOSED ORDER

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

Collier v. State of New Hampshire, et al.

**Case No. 1:26-cv-00226-SM-TSM**

## ORDER ON MOTION TO SCREEN AND ISSUE SUMMONS

Upon consideration of Plaintiff's Motion to Screen Amended Complaint and Issue Summons, and the Court finding that the Amended Complaint (Doc. No. 9) has been pending without preliminary screening since April 27, 2026:

IT IS HEREBY ORDERED:

1. The Magistrate Judge shall conduct preliminary screening of the Amended Complaint under 28 U.S.C. § 1915(e)(2) within thirty (30) days of this Order;

2. If the Amended Complaint survives screening in whole or in part, the Clerk shall issue summons under Fed. R. Civ. P. 4(a)(1) for each Defendant as to whom the Complaint survives;

3. Service of process shall be effected by the United States Marshal under Fed. R. Civ. P. 4(c)(3), consistent with Plaintiff's IFP status;

4. Such other and further relief as this Court deems just and proper.

**SO ORDERED.**

DATE: ____________________

________________________________

Hon. Steven J. McAuliffe

United States District Judge

District of New Hampshire