**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER,

*Plaintiff,*

v.

STATE OF NEW HAMPSHIRE, ET AL.,

*Defendants.*

**Case No. 1:26-cv-00226-SM-TSM**

# SECOND MOTION FOR JUDICIAL NOTICE

## OF DEFENDANT BCSS'S SELECTIVE ENGAGEMENT, STATE COURT ADMISSIONS, AND CONCEALMENT OF TITLE IV-D FINANCIAL STRUCTURE

*Pursuant to Fed. R. Evid. 201*

NOW COMES Plaintiff Randall Collier, appearing Sui Juris, Pro Se, and respectfully moves this Court pursuant to Federal Rule of Evidence 201 to take judicial notice of the following documents and facts, each of which demonstrates that Defendant Bureau of Child Support Services (BCSS) actively litigates in state court, responds to administrative records requests, communicates regularly with Plaintiff, monitors this Court's PACER docket, and conceals the Title IV-D financial structure through systematic denial of

fiduciary disclosure — while simultaneously refusing to respond to the federal Amended Complaint in this action for over 120 days.

**I. BCSS'S SELECTIVE ENGAGEMENT — THE PATTERN**

1. Defendant BCSS was served with the Amended Complaint on May 4, 2026 (green card signed by Nicole Forgess) and again on May 6, 2026 (Raquel Rodrigues). As of the date of this Motion, BCSS has not filed any response in this Court. The applicable response deadline passed on or about July 3, 2026 — over 120 days ago. A Request for Entry of Default has been filed.

2. During the same period in which BCSS has refused to respond to the federal Amended Complaint, BCSS has demonstrated the resources, counsel, and capacity to engage in litigation and correspondence through the following documented actions:

(a) On August 17, 2026, BCSS Chief Staff Attorney Susan N. Brisson, Esq. filed an eight-page Response in the state child support proceeding (Case No. 649-2025-DM-00255, Keene Family Division) responding to Plaintiff's Objection to Show Cause, Objection to Structural Conflict of Interest, Motion to Terminate Wage Garnishment, Motion for Declaratory Judgment, and Motion to Recuse Without Prejudice;

(b) On August 14, 2026, Brisson responded in writing to Plaintiff's RSA 91-A Right-to-Know request, acknowledging that the requested records "do fall under 91-A" — within six (6) days of receipt;

(c) On January 13, 2026, Brisson filed a Response to Plaintiff's earlier Motion to Dismiss in the same state court proceeding;

(d) BCSS has sent Plaintiff NINE separate mailings during 2026 (postmarked March 20, May 13, May 19, May 26, July 7, July 17, July 30, August 14, and one undated);

(e) BCSS agent Justine Guay contacted Plaintiff by telephone on multiple occasions regarding records requests and identity verification;

(f) At Brisson's direction, BCSS conducted a department-wide email search (marked "IMPORTANCE: HIGH") on January 30, 2025, asking all staff and CIU to search for emails containing Plaintiff's case number, name, and the names of the obligee and dependent child.

3. BCSS has the staff, the counsel, the resources, and the institutional capacity to litigate, correspond, and search records. Its failure to respond to the federal Amended Complaint is not an inability — it is a deliberate choice.

**II. BCSS MONITORS THIS COURT'S PACER DOCKET**

4. In its August 17, 2026 state court Response, Brisson stated at paragraph 36: "Upon information and belief, according to PACER, the Respondent has filed a federal case in the District of New Hampshire listing several defendants (including the BCSS). It does not appear that the Respondent has complied with Federal Court Rules concerning Service of Process."

5. This admission is extraordinary. BCSS's own attorney acknowledges that BCSS has accessed this Court's PACER system, reviewed Plaintiff's federal docket, identified BCSS as a named defendant, and formed a legal opinion about service of process — yet has NOT filed any response, any motion, or any appearance in this Court. BCSS is monitoring this federal case while deliberately choosing not to participate in it.

6. Brisson's assertion that Plaintiff "has not complied with Federal Court Rules concerning Service of Process" is contradicted by the certified mail return receipts on file with this Court showing delivery to BCSS on May 4, 2026 (Nicole Forgess) and May 6, 2026 (Raquel Rodrigues). The Clerk's August 17, 2026 Order (Doc. No. 22) identified the absence of court-issued summons as the procedural issue — not deficient mailing.

Plaintiff's Motion to Screen Amended Complaint and Issue Summons (Doc. No. 23) addresses this issue and is pending before this Court.

**III. BCSS'S STATE COURT ADMISSIONS**

7. In its state court filings, BCSS has made the following admissions that are directly relevant to the claims in this federal action:

(a) January 13, 2026 Response: "The Respondent's obligation to pay support is NOT based on any agreement or contract." This admission confirms that child support enforcement in Plaintiff's case lacks a contractual foundation — supporting Plaintiff's Amended Complaint allegation that the Title IV-D scheme imposes obligations without consent;

(b) January 13, 2026 Response: "BCSS counsel represent the State of New Hampshire and do not represent any individual party in this matter, or any Court action." This admission confirms the State is the real party in interest — not the custodial parent or the child — supporting Plaintiff's allegation that child support enforcement is a state revenue function;

(c) January 13, 2026 Response: BCSS is "not in possession" of any signed child support contract between the parties. Ten unsigned contracts in Plaintiff's possession confirm no party consent;

(d) August 17, 2026 Response, paragraph 12: "The Federal government reimburses the state 66% of allowable expenses of child support activities." This confirms the federal financial incentive structure at the heart of Plaintiff's structural challenge under Tumey v. Ohio, 273 U.S. 510 (1927);

(e) August 17, 2026 Response, paragraph 20: "In federal fiscal year 2025, 95% of BCSS cases were classified as formerly received assistance or never received assistance and only 5% were currently receiving assistance." This

confirms that the overwhelming majority of cases — including Plaintiff's — are processed for federal revenue, not welfare cost recovery;

(f) August 17, 2026 Response, paragraph 14: Federal financial participation is available for "the costs of the expedited processes that are accomplished through" the June 11, 2024 MOU. This confirms the MOU is the funding mechanism;

(g) August 17, 2026 Response, paragraph 26: "The Show Cause Hearings in this matter are scheduled in front of Family Division Judges. They are not referees." This assertion contradicts the MOU's own language, RSA 490-F:15, and General Counsel Kregan's legislative testimony that "Circuit Courts were made by statute."

**IV. DUAL DENIAL OF FIDUCIARY DISCLOSURE**

8. Two state court judicial officers have independently denied Plaintiff's requests for fiduciary disclosure of the Title IV-D financial structure:

(a) Judge Justin S. Hersh denied fiduciary disclosure in the child support proceeding (Case No. 649-2025-DM-00255), citing NH Family Court Rule 1.25;

(b) Judge Hersh transferred the criminal fiduciary disclosure request to Judge Tessier, who independently denied it in the criminal proceeding (Case No. 449-2026-CR-01046).

9. Two separate judicial officers independently denied the same constitutional right in two separate proceedings arising from the same Title IV-D enforcement structure. This pattern suggests institutional policy of concealment rather than individual judicial judgment.

10. In United States v. Holzer, 816 F.2d 304 (7th Cir. 1987), a Cook County Circuit Court judge was convicted of mail fraud (18 U.S.C. § 1341), extortion under the Hobbs Act (18

U.S.C. § 1951), and RICO (18 U.S.C. § 1962) for concealing financial interests from litigants appearing before him. The court held that citizens and litigants have the right to have court business conducted "free from corruption, collusion, bias, partiality, dishonesty, breach of duty, conflict of interest, extortion, bribery." Judge Holzer was sentenced to 18 years in federal prison. The systematic concealment of the Title IV-D financial structure through denial of fiduciary disclosure is the same type of concealment that resulted in Judge Holzer's conviction.

**V. THE DOJ AGREES**

11. The U.S. Department of Justice, in its Dear Colleague Letter dated April 20, 2023, established that state court fines and fees systems "cannot create conflicts of interest" and that courts' obligations "extend to activities carried out by court staff and private contractors." The Title IV-D MOU creates precisely the conflict of interest the DOJ warns against, and the denial of fiduciary disclosure conceals it.

**VI. THE RSA 91-A RECORDS ARE BEING WITHHELD**

12. On August 14, 2026, Brisson acknowledged that the Title IV-D financial records Plaintiff requested "do fall under 91-A" but unilaterally extended the production deadline to December 1, 2026 — over 100 days beyond the five-business-day deadline of RSA 91-A:4, IV. BCSS acknowledged the records are public, acknowledged they exist, and is withholding them for three months while simultaneously litigating against Plaintiff in state court and monitoring this federal case on PACER.

**VII. RELEVANCE TO PENDING CLAIMS**

13. The documents and facts identified above are directly relevant to Plaintiff's pending Amended Complaint, which asserts six counts including the Structural Challenge to the Title IV-D Scheme (Count VI), RICO (Count V), and Due Process violations (Counts I-III). BCSS's own admissions — made in state court while refusing to respond in federal

court — confirm the structural conflict, the revenue-driven enforcement, the absence of contractual consent, and the concealment of financial interests.

## VIII. RELIEF REQUESTED

14. Plaintiff respectfully requests that this Court:

(a) Take judicial notice of BCSS's August 17, 2026 state court Response and the admissions contained therein;

(b) Take judicial notice of BCSS's August 14, 2026 RSA 91-A response acknowledging the records are public while withholding them until December 1, 2026;

(c) Take judicial notice of the nine BCSS mailings to Plaintiff during 2026 and the PACER monitoring admission;

(d) Take judicial notice of the dual denial of fiduciary disclosure by Judge Hersh and Judge Tessier;

(e) Take judicial notice of United States v. Holzer, 816 F.2d 304 (7th Cir. 1987), establishing that concealment of judicial financial interests constitutes federal crimes under the same statutes alleged in Plaintiff's RICO claim;

(f) Take judicial notice of the DOJ Dear Colleague Letter dated April 20, 2023;

(g) Note for the record that BCSS has demonstrated the resources, counsel, and capacity to litigate in state court, respond to records requests, send nine letters, and monitor PACER — while refusing to file any response to the federal Amended Complaint in over 120 days;

(h) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,



/s/ RANDALL COLLIER DATE: August 29, 2026
*Randall Collier, Sui Juris, Pro Se*
*United States Navy Veteran*
26 Joslin Rd, Surry, NH 03431
Phone: (603) 803-2648 | Email: 042611t@gmail.com

# VERIFICATION

I, Randall Collier, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct. BCSS filed a state court response on August 17, 2026 while not responding to the federal Amended Complaint. BCSS responded to RSA 91-A within six days while withholding records until December 1. BCSS admitted monitoring PACER in paragraph 36 of its state court response. Nine BCSS mailings are in my possession. Two state court judicial officers denied fiduciary disclosure in separate proceedings. This verification is based on personal knowledge and the public record.

/s/ RANDALL COLLIER DATE: August 29, 2026

# CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I certify that this filing complies with Fed. R. Civ. P. 5.2.

/s/ RANDALL COLLIER DATE: August 29, 2026

## CERTIFICATE OF SERVICE

I certify that on the date indicated, this Motion was filed via CM/ECF. As no Defendant has entered an appearance, and Requests for Entry of Default have been filed, no service upon Defendants is required under Fed. R. Civ. P. 5(a)(2). The Court has not yet screened the Amended Complaint or issued summons.

/s/ RANDALL COLLIER DATE: August 29, 2026