**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER,

*Plaintiff,*

v.

STATE OF NEW HAMPSHIRE, ET AL.,

*Defendants.*

**Case No. 1:26-cv-00226-SM-TSM**

# NOTICE OF MISSED SCREENING DEADLINE AND REQUEST FOR IMMEDIATE ACTION

Plaintiff Randall Collier, appearing Pro Se, respectfully notifies this Court of the following:

1. Plaintiff filed a Motion to Screen Amended Complaint and Issue Summons on August 18, 2026 (Docket No. 23). The Court's CM/ECF system set a follow-up date of September 1, 2026.

2. As of the date of this Notice, September 8, 2026, no ruling has been issued on the Motion to Screen. The Amended Complaint (Docket No. 9), filed on April 27, 2026, has been pending for one hundred thirty-four (134) days without screening.

3. On September 2, 2026, Plaintiff contacted the Clerk's Office and spoke with staff member Julian, who confirmed that no ruling had been issued on the Motion to Screen.

4. During the 134 days this Court has held the Amended Complaint without screening, Defendant BCSS has demonstrated the resources and capacity to engage in litigation elsewhere:

(a) BCSS filed an eight-page Response in state court on August 17, 2026 (documented in Plaintiff's Second Motion for Judicial Notice, Docket No. 24);

(b) BCSS filed an Objection to Plaintiff's subpoena motions on August 31, 2026;

(c) BCSS responded to Plaintiff's RSA 91-A Right-to-Know request within six days on August 14, 2026;

(d) BCSS sent Plaintiff ten separate mailings during 2026;

(e) BCSS admitted at paragraph 36 of its August 17 state court response that it has accessed this Court's PACER system and reviewed Plaintiff's federal docket — yet has not filed any response in this Court.

5. The U.S. Treasury has intercepted $3,269.00 in federal tax refunds from Plaintiff through the Treasury Offset Program ($1,680.00 on August 28, 2026 and $1,589.00 on September 4, 2026) and applied it to child support arrears payable to BCSS — a named Defendant in this action. BCSS actively collects from Plaintiff through federal mechanisms while refusing to respond to the federal complaint that challenges the constitutionality of the collection system.

6. Ten Defendants have not responded to the Amended Complaint. Requests for Entry of Default have been filed (Docket Nos. 17 and 18). The Clerk denied defaults for lack of court-issued summons (Docket No. 22) — summons that cannot issue until the Court screens the complaint. The Court's own inaction in screening prevents the issuance of summons, which prevents the entry of defaults. This circular procedural barrier has persisted for 134 days.

7. Plaintiff's appeal of this Court's prior orders is pending before the First Circuit Court of Appeals (No. 26-1564). The continued non-screening of the Amended Complaint is directly relevant to the issues on appeal, including whether the district court has engaged with the merits of Plaintiff's structural challenge to the Title IV-D enforcement scheme.

8. Plaintiff respectfully requests that this Court:

(a) Screen the Amended Complaint immediately pursuant to 28 U.S.C. § 1915(e)(2);

(b) If the complaint survives screening, issue summons to all Defendants;

(c) Enter defaults against all Defendants who have failed to respond within the time prescribed by Federal Rule of Civil Procedure 12(a);

(d) Rule on the pending Second Motion for Judicial Notice (Docket No. 24).

Respectfully submitted,

/s/ RANDALL COLLIER DATE: September 8, 2026

*Randall Collier, Pro Se*
*United States Navy Veteran*
26 Joslin Rd, Surry, NH 03431
(603) 803-2648 | 042611t@gmail.com

## CERTIFICATE OF SERVICE

I certify that this Notice was filed via CM/ECF on September 8, 2026. As no Defendant has entered an appearance, no service upon Defendants is required under Fed. R. Civ. P. 5(a)(2).

/s/ RANDALL COLLIER