**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER,
*Plaintiff,*
v.
STATE OF NEW HAMPSHIRE, et al.,
*Defendants.*

**Case No. 1:26-cv-00226-SM-TSM**

# THIRD MOTION FOR JUDICIAL NOTICE

*Pursuant to Fed. R. Evid. 201*

Plaintiff Randall Collier, appearing In Propria Persona, respectfully moves this Court to take judicial notice of the following developments since the filing of the Amended Complaint, pursuant to Federal Rule of Evidence 201(b)(2):

## I. FIRST CIRCUIT DEFAULT ORDER — September 11, 2026

1. On September 11, 2026, the United States Court of Appeals for the First Circuit entered an Order in Appeal No. 26-1564 (Document 00118506782) finding that "Appellee State of New Hampshire failed to file a brief and therefore will not be heard at oral argument except by permission of the court." Fed. R. App. P. 31(c).

2. The Order lists EVERY defendant by name: the State of New Hampshire, Michael Garner, James M. Carroll, Gordon; Laura Lombardi; NH Circuit Court, 4th CIrcuit Family, Division, 8th Circuit Family and District Division, the NH Superior Court Cheshire County, Tessier, Ryan, Johnson, Forrest, Hillary May, Priscilla Dudek, Mark LaBelle, BCSS, NH Dept of Health and Human Services, and John/Jane Does 1-20. NH Attorney General John M. Formella was personally CC'd.

3. The State's structural defense of the Title IV-D enforcement scheme is now UNOPPOSED before the First Circuit. Plaintiff's Amended Complaint pending before this Court challenges the same enforcement structure that the State has DEFAULTED on defending at the appellate level.

## II. CHIEF JUSTICE MACDONALD RESIGNED — September 15, 2026

4. On September 15, 2026, the New Hampshire Supreme Court entered an Order in JD-2026-0004 accepting the resignation of Chief Justice Gordon J. MacDonald after the Judicial Conduct Committee found that he admitted to violating three canons of the Code of Judicial Conduct (JC-2025-0079-C).

5. All three violations involved the improper removal and reappointment of Dianne Martin as Director of the Administrative Office of the Courts (AOC). The AOC is the judicial branch party to the Interagency MOU between DHHS/BCSS and the AOC — the same MOU that Plaintiff challenges as the governing instrument of the Title IV-D enforcement structure. The AOC is also the target of Plaintiff's pending subpoena duces tecum in the state child support proceeding.

6. The Chief Justice who supervised the Family Division, the referees, and the MOU that Plaintiff challenges has resigned for improperly manipulating the leadership of the very office that administers the Title IV-D enforcement structure. The state judicial system cannot provide meaningful review of Plaintiff's structural claims.

**III. 1000-PAGE BCSS PRODUCTION — September 10-14, 2026**

7. BCSS produced approximately 1000 pages of records. Analysis reveals critical findings from the agency's own internal emails and documents:

(a) On January 27-29, 2026, BCSS organized a formal 30-minute Microsoft Teams meeting involving seven staff members, Subject: "R. Collier." Documents were printed, redacted, and placed on the Chief Staff Attorney's desk;

(b) On February 2, 2026, BCSS Director Karen Hebert began distributing Plaintiff's correspondence to the entire team on a weekly basis, stating: "I am reviewing the content however to monitor the emotion and any threatening behavior." Chief Staff Attorney Brisson responded: "He seems to be particularly focused on the issues right now" — later calling the same arguments "obfuscation" in her August 17, 2026 court filing;

(c) On February 9, 2026, Brisson — an executive branch attorney — decided which JUDICIAL venue would hear the case, stating: "there is no reason to keep it in Laconia since Mom is out of State. Even though it's possible he will object to it just because he can";

(d) On July 29, 2026, Child Support Officer Guay asked Brisson: "Have you checked Pacer for an update on his case with the Federal Court?" Brisson responded: "Nothing new to report" — confirming routine PACER monitoring as admitted in Brisson's August 17, 2026 response at paragraph 36;

(e) On July 31, 2026, Guay alerted Brisson that Plaintiff had provided BCSS with his "Request for Entry of Default" from the United States District Court;

(f) On August 3, 2026, Brisson's sole response to learning of Plaintiff's federal default request was: "Did he get out?" — the Chief Staff Attorney's concern was not the federal constitutional challenge but whether Plaintiff was still incarcerated;

(g) On August 4, 2026, the BCSS Legal Unit's Sara O'Sullivan called Plaintiff's objection filing an "interesting read";

(h) DCSS Form 616 directing license revocation was signed by BCSS Supervisor Justine Guay on May 15, 2026 — not a judge — and listed "Laconia Family Division" as the court when the case was in Keene;

(i) The production contains over a dozen unsigned child support contracts — z^ro bearing both biological mother and fathers signatures — consistent with Brisson's January 13, 2026 admission that the obligation is "NOT based on any agreement or contract";

(j) The court's own case summary (Case No. 649-2025-DM-00255) shows Total Charges: $0.00 and Balance Due: $0.00 as of January 29, 2026;

(k) The production contained a letter addressed to "Mr. Hassell" — a different individual's confidential RSA 91-A response placed in Plaintiff's file — a confidentiality breach by the agency that invokes confidentiality to withhold records;

(l) At least sixteen (16) BCSS employees were involved in Plaintiff's case, including staff from the Central Information Unit at BCSS headquarters in Concord.

**IV. FEDERAL AGENCY INQUIRIES — September 15-17, 2026**

8. On September 15, 2026, Plaintiff filed a complaint with the Administration for Children and Families (ACF), Region 1, requesting review of BCSS's compliance with the Title IV-D State Plan and 45 CFR 302-305. A 30-day response is expected.

9. On September 17, 2026, the Office of Child Support Enforcement (OCSE) confirmed receipt of Plaintiff's inquiry (INQ00054579) and stated: "We'll contact the state(s) involved to get information about your case." OCSE is the federal office that approves State Plans and monitors Title IV-D compliance. The federal agencies that fund and oversee the Title IV-D program are now reviewing the same enforcement structure that this Court's Amended Complaint challenges.

**V. PARALLEL FEDERAL ACTION — September 11, 2026**

10. On September 11, 2026, Dana Albrecht filed Albrecht v. NH Supreme Court, Senior Associate Justice, Case No. 1:26-cv-00738 (D.N.H.), a § 1983 civil rights action against twenty-four defendants including Anne M. Edwards (also named in this action), Robert J. Lynn, the NH Judicial Branch General Counsel, and multiple justices specially assigned to the MacDonald disciplinary matter. A separate Notice of Related Case is being filed concurrently.

**VI. RELEVANCE TO THIS CASE**

11. This Court's Amended Complaint has been pending for over 144 days without screening. During that time:

(a) The State DEFAULTED at the First Circuit — the structural challenge is now unopposed at the federal appellate level;

(b) The Chief Justice RESIGNED over ethics violations involving the AOC — the office that administers the MOU Plaintiff challenges;

(c) BCSS's own production revealed institutional surveillance, PACER monitoring, incarceration tracking, and a case summary showing $0.00 balance due;

(d) Two federal agencies are now investigating the same Title IV-D program;

(e) A second § 1983 action has been filed against the NH judicial system by a separate plaintiff with overlapping defendants.

12. Plaintiff respectfully submits that these developments warrant immediate screening of the Amended Complaint and issuance of summons to all named defendants, who have now DEFAULTED at the appellate level while the district court complaint remains unscreened.

Respectfully submitted,

RANDALL COLLIER DATE: September 20th, 2026
*Randall Collier, In Propria Persona*
*United States Navy Veteran*
26 Joslin Rd, Surry, NH 03431
(603) 803-2648 | 042611t@gmail.com

## CERTIFICATE OF SERVICE

As the Amended Complaint has not been screened and no summons has issued, no defendant has appeared in this action. Plaintiff will serve this Motion on all defendants upon screening and issuance of summons.

/s/ RANDALL COLLIER